MICHAEL L. McLAUGHLIN, PRO PER
Name
ACOMS # 166227
Prison number
WILDWOOD PRETRIAL FACILITY
Place of Confinement
5 CHUGACH AVE., BLDG # 5
Mailing address
KENAI, ALASKA          99611-7098
City, State, Zip
907.260.7200    FAX 907.260.7208
Telephone

RECEIVED

MAR 23 2018

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MICHAEL L. McLAUGHLIN,
Plaintiff's name

        Plaintiff;

vs

Case No. # _____

SHANNON S. McCLOUD, JAMES M. MILBURN, DONALD K. CARLOW,

ROBERT D. HIBSHMAN, JOHN K. BODICK, MATTHIAS C. CICOTTE,

DARIN A. MEDINA, DAVID H. CLEVELAND, MATTHEW ZEEK, CURTIS J.

BROWN, ROY L. SMITH, BRIAN D JOHNSON, BYRON J. KINCAID,

JONATHAN C. BARCUS    GARY HAMES, AND AMY FENSKE

        Defendant(s).

PRISONER'S
COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

**A. JURISDICTION**

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3).

**B. PARTIES**

1. Plaintiff; This complaint alleges that the civil rights of MICHAEL L.

MCLAUGHLIN, PRO PER who presently resides at WILDWOOD PRETRIAL FACILITY

5 CHUGACH AVE, BLDG # 5      KENAI, ALASKA      99611-7098

were violated by the actions of the individual(s) named below.

- 1 -

**B. PARTIES**

1. The plaintiff is _MICHAEL L MCLAUGHLIN, PRO PER_ who presently resides at _5 CHUGACH AVE, BLDG #5      KENAI, ALASKA    99611_ .

**2. DEFENDANTS**

Defendant No. # 1 _SHANNON S. MCCLOUD_ is a citizen of _% WWCC 10 CHUGACH AVE, BLDG #10 KENAI, ALASKA 99611_ who works as a _FACILITY SUPERINTENDANT - WWCC_ for _ALASKA DEPT OF CORRECTIONS_ .

    XX _____ This defendant personally participated in causing my injury and I want money damages, and;

    XX _____ The policies or customs of this official government agency violates my rights and I seek injunctive relief.

Defendant No. # 2 _JAMES M. MILBURN_ is a citizen of _% WWCC 10 CHUGACH AVE, BLDG #5    KENAI, ALASKA 99611_ who works as a _FACILITY ASSISTANT SUPERINTENDANT_ for _ALASKA DEPT OF CORRECTIONS_ .

    XX _____ This defendant personally participated in causing my injury and I want money damages, and:

    XX _____ The policies and customs of this official government agency violate my rights and I seek injunctive relief.

Defendant No. # 3 _DONALD K. CARLON_ is a citizen of _% WWPT 5 CHUGACH AVE, BLDG #5   KENAI, ALASKA    99611_ who works as a _FACILITY ASSISTANT SUPERINTENDANT_ for _ALASKA DEPT OF CORRECTIONS_ .

    XX _____ This defendant personally participated in causing my injury and I want money damages, and;

    XX _____ The policies or customs of this official government agency violates my rights and I seek injunctive relief.

**B. Parties**

1. The Plaintiff is ___MICHAEL L McLAUGHLIN, PRO PER___, who presently

(Print Name)

resides at ___WWSPT   5 CULOACH AVE, BLDG #5  KENM, AK  99611___.

(Address)

2. Defendants:

Defendant No. 4, ___ROBERT D. HIPSHMAN___, is a

(Name)

citizen of ___KENM, ALASKA___ (___WILDWOOD CORRECTIONAL CENTER___) who works as a

(City/State)

___SUPERINTENDANT - WWCC (RETIRED)___ for ___ALASKA DEPT OF CORRECTIONS___.

(Job Title, if applicable)                            (Employer/agency, if applicable)

Defendant No. 5, ___JOHN K BODICK (ABA # 8411098)___, is a

(Name)

citizen of ___1031 W. 4TH AVE, STE #200  ANCHORAGE, AK 99501___ who works as a

(City/State)

___CORRECTIONS ATTORNEY - A60___ for ___DEPARTMENT OF LAW  (SOA)___.

(Job Title, if applicable)                            (Employer/agency, if applicable)

Defendant No. 6, ___MATTHIAS CICOTTE (ABA# 0811065)___, is a

(Name)

citizen of ___RM 450 DIAMOND COURT HOUSE  JUNEAU AK 99801___, who works as a

(City/State)

___CORRECTIONS ATTORNEY - A60___ for ___DEPARTMENT OF LAW  (SOA)___.

(Job Title, if applicable)                            (Employer/agency, if applicable)

Defendant No. 7, ___DARIN A. MEDINA___, is a

(Name)

citizen of ___10 CULOACH AVE, BLDG #10  KENM, ALASKA 99611___, who works as a

(City/State)

___FACILITY LIEUTENANT - WWCC___ for ___ALASKA DEPT OF CORRECTIONS___.

(Job Title, if applicable)                            (Employer/agency, if applicable)

Defendant No. 8, ___DAVID W. CLEVELAND___, is a

(Name)

citizen of ___10 CULOACH AVE, BLDG #10  KENM, ALASKA 99611___, who works as a

(City/State)

___FACILITY STANDARDS SARGENT___ for ___ALASKA DEPT OF CORRECTIONS___.

(Job Title, if applicable)                            (Employer/agency, if applicable)

**C. Causes of Action** (Briefly describe the **facts** you consider important to each claim.
State what happened **clearly** and **briefly**, in your **own words**. DO NOT cite legal authority
or argument. Be certain to describe exactly what each defendant, **by name**, did to support
each claim for relief.)

2(b)                                    COMPLAINT

**B. Parties**

1. The Plaintiff is ___MICHAEL L. MºLAUGHLIN, PRO PER___, who presently
(Print Name)
resides at ___WWPF   5 CHUGACH AVE., BLDG #5   KENAI, AK   99611___.
(Address)

2. Defendants:

Defendant No. 9, ___MATTHEW ZEEK___, is a
(Name)
citizen of _10 CHUGACH AVE, BLDG #10   KENAI, ALASKA   99611_, who works as a
(City/State)
___FACILITY STANDARDS SARGEANT___ for ___ALASKA DEPT OF CORRECTIONS___.
(Job Title, if applicable)                    (Employer/agency, if applicable)

Defendant No. 10, ___CURTIS J BROWN___, is a
(Name)
citizen of _10 CHUGACH AVE., BLDG #10   KENAI, ALASKA 79611_, who works as a
(City/State)
___FACILITY SECURITY SARGEANT___ for ___ALASKA DEPT OF CORRECTIONS___.
(Job Title, if applicable)                    (Employer/agency, if applicable)

Defendant No. 11, ___ROY L SMITH___, is a
(Name)
citizen of _10 CHUGACH AVE, BLDG #10   KENAI, ALASKA   99611_, who works as a
(City/State)
___FACILITY SHIFT SARGEANT - WWCC___ for ___ALASKA DEPT OF CORRECTIONS___.
(Job Title, if applicable)                    (Employer/agency, if applicable)

Defendant No. 12, ___BRIAN D. JOHNSON___, is a
(Name)
citizen of _5 CHUGACH AVE, BLDG #5   KENAI, ALASKA 99611_, who works as a
(City/State)
___FACILITY SHIFT SARGEANT - WWPF___ for ___ALASKA DEPT OF CORRECTIONS___.
(Job Title, if applicable)                    (Employer/agency, if applicable)

Defendant No. 13, ___BYRON J. KINCAID___, is a
(Name)
citizen of _10 CHUGACH AVE, BLDG #10   KENAI, ALASKA   99611_, who works as a
(City/State)
___FACILITY SHIFT SARGEANT - WWCC___ for ___ALASKA DEPT OF CORRECTION___.
(Job Title, if applicable)                    (Employer/agency, if applicable)

**C. Causes of Action** (Briefly describe the **facts** you consider important to each claim.
State what happened **clearly** and **briefly**, in your **own words**. DO NOT cite legal authority
or argument. Be certain to describe exactly what each defendant, **by name**, did to support
each claim for relief.)

2 (c)                                                          COMPLAINT

**B. Parties**

1. The Plaintiff is _MICHAEL L MCLAUGHLIN, PRO PER_, who presently
                          (Print Name)
resides at _WWPT 5 CHURCH AVE, BLDG #5 KENAI, ALASKA 99611_.
                             (Address)

2. Defendants:

Defendant No.14 _JONATHAN C BARCUS_, is a
                             (Name)
citizen of _10 CHURCH AVE, BLDG #10_ _KENAI, ALASKA 99611_, who works as a
                        (City/State)
_FACILITY SHIFT SARGENT - WWCC_ for _ALASKA DEPT OF CORRECTIONS_.
  (Job Title, if applicable)                        (Employer/agency, if applicable)

Defendant No.15 _GARY HAMES_, is a
                             (Name)
citizen of _5 CHURCH AVE, BLDG #5_ _KENAI, ALASKA 99611_who works as a
                        (City/State)
_FACILITY OPERATION OFFICER -WWPT_ for _ALASKA DEPT OF CORRECTIONS_.
  (Job Title, if applicable)                        (Employer/agency, if applicable)

Defendant No.16 _AMY FENSKE_, is a
                             (Name)
citizen of _120 TRADING BAY DR, STE #200_ _KENAI, ALASKA 99611_, who works as a
                        (City/State)
_ASSISTANT DISTRICT ATTORNEY_ for _ALASKA DEPT OF LAW (KDAO)_.
  (Job Title, if applicable)                        (Employer/agency, if applicable)
                     (City and State)

Defendant No. 4, _____, is a
                             (Name)
citizen of_____, who works as a
                     (City/State)
_____ for _____.
  (Job Title, if applicable)                        (Employer/agency, if applicable)

Defendant No. 5, _____, is a
                             (Name)
citizen of_____, who works as a
                     (City/State)
_____ for _____.
  (Job Title, if applicable)                        (Employer/agency, if applicable)

**C. Causes of Action** (Briefly describe the **facts** you consider important to each claim.
State what happened **clearly** and **briefly**, in your **own words**. DO NOT cite legal authority
or argument. Be certain to describe exactly what each defendant, **by name**, did to support
each claim for relief.)

**2(d)**

COMPLAINT

<u>Claim 1</u>: On or about **MARCH** OF 2016 TO THE PRESENT TIME, my civil right to
(Date)

<u>INTERFERENCE WITH COURT ACCESS AND RIGHTS OF SELF-REPRESENTATION</u>
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom
from cruel and unusual punishment, etc. List only one violation.)

was violated by <u>ALL NAMED DEFENDANT(S) — PLAINTIFF ALLEGES "CONSPIRACY TO..."</u>
(Name of the specific Defendant who violated this right)

<u>Supporting Facts</u> (Briefly describe facts you consider important to Claim 1. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

IN BRINGING THIS FIRST CAUSE OF ACTION THE PLAINTIFF ALLEGES AN ONGOING CONSPIRACY AMOUNG ALL THE NAMED DEFENDANTS (AND OTHERS) WHICH IS DIRECTED AT DISCOURAGING, DISPARAGING OR INTERFERRING WITH THE EXCERCISE OF RIGHTS TO COURT ACCESS GENERALLY AND THE RIGHTS OF SELF-REPRESENTATION IN CRIMINAL MATTERS SPECIFICALLY. THAT IN THE FURTHERANCE OF THIS CONSPIRACY THESE DEFENDANT HAVE ADOPTED A PERVASIVE AND UNWRITTEN SET OF POLICIES, PRACTICES AND CUSTOMS — SOME OF WHICH THEY HAVE BEEN EMPLOYING FOR YEARS — WHICH VIOLATE STATE STATUTORY LAW, OFFICIAL ALASKA DEPARTMENT OF CORRECTIONS RULES, REGULATIONS AND POLICIES, AND THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER PROVISION OF THE FIRST, SIXTH AND FOURTEENTH AMENDMENTS (EQUAL PROTECTION) OF THE UNITED STATES CONSTITUTION.

THAT ASIDE FROM THE UNCONSTITUTIONAL NATURE OF THE CONDUCT ITSELF, THESE DEFENDANT (EITHER WHILE ACTING SINGULARLY OR IN CONCERT WITH OTHER CORRECTIONS OFFICIALS, LOCAL STATE PROSECUTORS, OR ATTORNEYS WITH THE ALASKA DEPARTMENT OF LAW) HAVE CAUSED ACTUAL HARM TO THE PLAINTIFF'S LEGAL POSITION IN A PENDING CRIMINAL ACTION IN WHICH HE CURRENTLY REPRESENTS HIMSELF AS IS HIS CONSTITUTIONAL RIGHT UNDER CLEARLY ESTABLISHED FEDERAL LAW, FARETTA v CALIFORNIA, 422 U.S 806, 822 (1975); McKASKLE v WIGGINS, 465 U.S 168, 174 & 177 (1984)

THE PLAINTIFF'S EVIDENCE AS TO BOTH CAUSATION AND CULPABILITY IS BOTH CLEAR AND CONVINCING WHERE HE HAS BEEN FORCED TO SEEK PROTECTION FROM THE STATE TRIAL COURT IN THE PAST. (EXHIBIT A) INDEED, THE PLEADING DEPICTED INCLUDES EVIDENCE OF FLAGRENTLY

Prisoner § 1983 - 3
PS01, Nov. 2013

3 (a)

Case 3:18-cv-00085-SLG   Document 1   Filed 03/23/18   Page 6 of 30

Claim 1: On or about  March 2016 to PRESENT, ong  (CONTINUED FROM 3(a))
(Date or Period of Time)                         (Supporting facts)
INTENTIONAL MISCONDUCT SUCH AS SGT ROY SMITH ATTEMPTING TO IMPERSONATE
A JUDICIAL OFFICIAL SO AS TO INTERFERE WITH McLAUGHLIN'S ABILITY TO
COMMUNICATE WITH DEFENSE WITNESSES (EXHIBITS B), TO BEING PHYSICALLY
ASSAULTED BY FOUR (4) JUDICIAL SERVICES OFFICERS BECAUSE HE WOULD NOT
RELINQUISH HIS LEGAL PAPERS ON THE WAY TO A COURT HEARING. IN THIS
THEY WERE ATTEMPTING TO DISCOURAGE OTHERS FROM DOING WHAT McLAUGHLIN
HAD BEEN GRANTED LEAVE OF THE STATE COURTS TO DO.

IN THAT INSTANCE, DEPARTMENT OF CORRECTIONS OFFICIALS (SGT
BRIAN JOHNSON) ALSO ACTED NEGLIGENTLY AS WELL WHERE CORRECTIONS
OFFICIALS HAVE A DUTY TO PROTECT THOSE PLACED IN THEIR CARE FROM
HARMFUL MISCONDUCT OF OTHERS WHILE IN THEIR CUSTODY, SGT BRIAN
JOHNSON WAS THE SHIFT SUPERVISOR ON THE DAY THE ASSAULT HAD
OCCURRED BUT OTHER NAMED SHIFT SARGENTS ARE ALSO LIABLE
HERE WHERE McLAUGHLIN'S CONFLICT WITH JUDICIAL SERVICES ENDURED
FOR A COUPLE MONTH IN EARLY 2016.

AS TO THE NAMED DEFENDANTS SPECIFICALLY, THE STATE COURT
HEARING ONE OF THE PLAINTIFF'S CRIMINAL CASES, MADE FURTHER
APPROPRIATE INQUIRY, AND BECAUSE THE GOVERNMENT AGENCIES
IN ISSUE REFUSED TO RESPOND IN THE FACE OF OVERWHELMING
DOCUMENTARY AND TESTIMONIAL EVIDENCE, (EXHIBIT C), THE STATE
COURT FOUND THAT McLAUGHLIN'S SIXTH AMENDMENT RIGHTS OF

3 (b)                                          COMPLAINT

<u>Claim 1</u>: On or about _March 2016 to present..._ (CONTINUED FROM 3(b))

(Date of Period of Time) (Supporting facts)

SELF REPRESENTATION WERE IN NEED OF PROTECTION AND ISSUED A PROTECTIVE ORDER REGARDING THE OPERATIVE RIGHTS. (EXHIBIT D) ACCORDINGLY, THE GOVERNMENT IS NOW COLLATERALLY ESTOPPED FROM ARGUING CERTAIN ASPECTS OF THESE MATTERS WHERE THE JUDICIAL FILDINGS IMPLY A CERTAIN MINIMUM THRESHHOLD OF UNCONSTITUTIONAL BEHAVIOR UNDER ALASKA LAW, AS O9.19,040.

THE DENIAL OF ACCESS TO STATUTORY LEGAL MATERIALS (EXHIBIT E & E-2/SRGT ZEEK & SRGT CLEVELAND), THE INTERCEPTION AND DISPOSAL OF MAIL ADDRESSED TO PROSPECTIVE DEFENSE WITNESSES (EXHIBIT F/SRGT BROWN), WITHHOLDING DELIVERY OF LEGAL MAIL PAST FILING DEADLINES (EXHIBIT G/SRGT SMITH)(EXHIBIT H/SRGT CLEVELAND), INTERFERENCE WITH JUDICIALLY PRE-ARRANGED SERVICE OF SUBPOENAS SEEKING THE APPEARANCE OF GOVERNMENT WITNESSES BEFORE THE TRIAL COURT (EXHIBIT I/SRGT SMITH), AND THE UNLAWFUL SUSPENSION OF PHONE PRIVILEGES AT A CRITICAL STAGE (EXHIBITS J1-4/BROWN, MEDINA, MILBURN, MCCLOUD) ARE JUST A FEW OF THE ILLICIT PLOYS USED BY THE CORRECTIONS DEFENDANTS TO INTERFERE WITH THE PLAINTIFF'S RIGHTS OF SELF-REPRESENTATION THEREBY GIVING AID TO DEFENDANT FENSKE IN HER EFFORT TO PROSECUTE McLAUGHLIN CRIMINALLY, UPON INFORMATION AND BELIEF, STATE CORRECTIONS OFFICIALS HAVE NO LEGITIMATE OR INDEPENDELT SELF-INTEREST WHICH WOULD BE ADVANCED BY ENGAGING IN SUCH FLAGRELT AND AGGRESSIVE FORMS OF MISCONDUCT.

3(c)                    COMPLAINT

<u>Claim 1</u>: On or about <u>MARCH 2016 to PRESENT</u>, (CONTINUED FROM 3(c))
(Date or Period of Time)          (Supporting facts)
IN FACT MOST, IF NOT ALL, OF THIS MISCONDUCT VIOLATES BOTH
STATE LAW AND OFFICIAL DOC POLICY, BUT McLAUGHLIN STRONGEST
ARGUMENTS AS TO ADMINISTRATIVE PROCEDURAL VIOLATIONS REST WITH
THE UNITED STATES CONSTITUTION AS WELL. FIRST OF ALL, PRISONERS
HAVE A FIRST AMENDMENT RIGHT TO COURT ACCESS AND POLICIES
(ALL BE THE UNWRITTEN), PRACTICES OR CUSTOMS WHICH UNJUSTIFIABLY
OBSTRUCT SUCH ACCESS ARE INVALID, LEEDS v WATSON, 630 F2d 674,
676 (9TH Cir 1980); BOUNDS v SMITH, 430 U.S 817, 828 (1977), PRISONERS
ALSO HAVE A RIGHT TO FILE GRIEVANCES OR OTHERWISE CHALLENGE THE
CONDITIONS OF THEIR CONFINEMENT AND BE FREE FROM RETALIATION FOR
DOING SO, 26: BRODHEIM v Coy, 584 F3d 1262, 1269 (9TH Cir 2009).
    ADDITIONALLY, A "FARETTA DEFENDANT" SUCH AS IS THE PLAINTIFF
HAVE ADDITIONAL RIGHTS SUCH AS; (1) PHONE ACCESS SUBJECT TO
REASONABLE (eg: THOSE PRESCRIBED BY OFFICIAL DOC POLICY) SECURITY
LIMITATIONS. eg KEENAN v HALL, 83 F3d 1083, 1092 (9TH Cir 1996),
THE RIGHT TO ACCESS LAW BOOKS, WITNESSES AND THE OTHER TOOLS
WHICH ARE TRADITIONALLY NEEDED TO PREPARE A DEFENSE, TAYLOR v
LIST, 880 F2d 1040, 1047 (9TH Cir 1989); UNITED STATES v SARNO, 73
F3d 1470, 1491 (9TH Cir 1995); 22 AAC 05.540(a), AND (3) THE RIGHT
TO PREPARE AND PRESENT HIS DEFENSE IN HIS OWN WAY, McKASKLE v
WIGGINS, 465 U.S 168, 174 & 177 n. 8 (1984), CORRECTIONS OFFICIALS
HAVE NO LEGITIMATE INTEREST IN DENYING OR INTERFERING
WITH THE EXERCISE OF THIS RIGHT IN ANY WAY.
                        3(d)                    COMPLAINT

<u>Claim 1</u>: On or about MARCH 2016 TO PRESENT......, (CONTINUED FROM 3(d))
(Date or Period of Time)    (Supporting facts)

IN FACT, OFFICIAL DOC POLICY PROVIDES ALL OF THESE RIGHTS AND MORE TO ALASKA'S STATE PRISOLERS, THUS THERE IS ALSO NO LEGITIMATE NEED OR REASON FOR FACILITY ADMINISTRATORS TO AMEND OR DETRACT FROM THEM, MATHIS V SAUSER, 942 P2d 1117, 1121 (ALASKA 1997) (REGULATIONS WHICH IMPINGE ON INMATES CONSTITUTIONAL RIGHTS ARE ONLY VALID IF THEY ARE REASONABLY RELATED TO A LEGITIMATE PENALOGICAL INTERESTS). HELPING LOCAL PROSECUTORS DISCOURAGE SELF-REPRESENTATION OR RETALIATING AGAINST PRO SE CRIMINAL DEFENDANT FOR PAST SUCCESSES PROBABLY DO NOT FALL WITHIN THE GAMBIT OF "LEGITIMATE PENALOGICAL INTERESTS." MOREOVER, OFFICIAL DOC POLICY REQUIRES ALL NEW REGULATIONS TO BE VETTED BY THE DIRECTOR OF INSTITUTIONS, DOC POLICY 809.01 VI.B.1, AND THE POWER OF REPEAL RESTS SOLELY WITH THE COMMISSIONER OF CORRECTIONS, DOC POLICY 103.01 VI.1.

AS TO THE LATEST SCHEME DEVISED TO UNDERMINE McLAUGHLIN'S EFFORTS AT SELF ADVOCACY, THE INSTANT ALLEGATIONS, IT WOULD APPEAR THAT THESE SAME OFFICIALS HAVE IMPLICATED THEIR ATTORNEYS AS WELL. (EXHIBIT K/CICOTTE) (EXHIBIT L/BODICK). ACCORDINGLY, THIS MAY HAVE WITNESS-ADVOCATE RULE IMPLICATIONS AND WOULD STRIP THE DEFENDANTS OF ATTORNEY-CLIENT PRIVILEGE AS WELL, MUNN V BRISTOL BAY HOUSING ATHY., 777 P2d 188, 195 (ALASKA 1989) (A CLAIM OF ATTORNEY CLIENT PRIVILEGED CAN BE DEFEATED BY A PRIMA FACIE SHOWING THAT THE RELATIONSHIP IS BEING USED TO PERPETRATE CRIME, FRAUD OR OTHER DISHONEST CONDUCT).

3(e)                                                    COMPLAINT

<u>Claim 1:</u> On or about <u>MARCH 2016 TO PRESENT...</u> <u>(CONTINUED FROM 3(E))</u>
(Date or Period of Time)                    (Supporting facts)
<u>NOT ONLY DO THESE ACTS</u> OF OFFICIAL MISCONDUCT ARISING FROM THE
CONSULTATION OF COUNSEL WORK TO VACATE ANY LEGITIMATE CLAIM OF
PRIVILEGE, THE CONDUCT ALSO LEAVES CORRECTIONS COUNSEL LIABLE AS A
CO-CONSPIRATOR IN THE CONDUCT ALLEGED WHERE IT IS CLEAR FROM THE
LANGUAGE OF THESE SIGNATURE BEARING DOCUMENTS THAT THERE
HAS BEEN A "MEETING OF THE MINDS" PERTAINING TO A SPECIFIC COURSE
OF <u>ILLICIT ACTION</u>, UNITED STEELWORKS OF AMERICA v DODGE PHELPS CORP,
865 F2d 1539, 1540-41 (9TH CIR 1989). NOR MAY CORRECTIONS COUNSEL
NOR LOCAL PROSECUTOR ANY FENSKE FIND PROTECTION IN THE COMMON LAW
DOCTRINE OF ABSOLUTE IMMUNITY FOR SUCH ILLICIT ACTIONS AS THE
"REACHING" INTO A CORRECTIONAL FACILITY TO RETALIATE FOR, OR TO
INTERFERE WITH, THE EXCERCISE OF CONSTITUTIONAL RIGHTS WHICH
ARE WHOLLY UNRELATED IN ANY LEGITIMATE WAY TO THE JUDICIAL
PHASE OF A CRIMINAL PROCEEDING, eg KPL v MOORE, 384 F3d
1105, 1111 (9TH CIR 2004).

WHAT IS CERTAIN IS THE FACT THAT UPON THE ADVICE OF COUNSEL,
FACILITY STANDARDS SARGENT CLEVELAND HAS GONE ON TO ENGAGE IN CONDUCT
WHICH: (1) RESULTED IN McLAUGHLIN HAVING BEEN TIME BARRED FROM
PURSUING THE STAFF MISCONDUCT GRIEVANCE AGAINST HIS SUPERIORS
CONCERNING THE UNAUTHORIZED PHONE SUSPENSION MATTER IN WW17-66
(EXHIBITS M & J), AND (2) RESULTED IN A LEAK OF MY CONFIDENTIAL
"WORK PRODUCT" INFORMATION TO OTHERS (EXHIBIT N) WHICH,

3(f)

COMPLAINT

<u>Claim 1</u>: On or about MARCH 2016 TO PRESENT ....., (CONTINUED FROM 3⑥)
(Date or Period of Time)        (Supporting facts)
IN TURN THEN RESULTED IN A DIRECT, IMMEDIATE, AND RATHER
ADVERSE CONSEQUENCE EMERGING IN THE SIBLING CRIMINAL CASE.
(EXHIBIT O) (NOTE THE PROXIMITY OF THE DATES INDICATED)

   IN THIS INSTANCE, THE LEAKED INFORMATION WAS NOT THE ONLY
CONTRIBUTING FACTOR, THESE SAME OFFICIALS RELIED UPON A "...SPIRIT
OF THE LAW..." DEFENSE (EXHIBIT E-1) TO JUSTIFY DENYING ACCESS
TO MEDICAL ETHICS TEXTS WHICH HAVE BEEN ADOPTED AS STATE STATUTORY
LAW (EXHIBIT E-2) WHICH CONFLICTS WITH THE MANDATORY LANGUAGE OF
22 AAC OS, 840(Q) AND HAD A DIRECT EFFECT UPON M$^C$LAUGHLIN'S
ABILITY TO FILE HIS SUPPLEMENTAL BRIEF, (EXHIBIT O-1). ADVANCED
A PSEUDO-AUTHORITY TO ENACT "LAW" (EXHIBIT J-4) FOR THE PURPOSES
OF JUSTIFYING THE ILLICIT SUSPENSION OF PHONE PRIVILEGES AT A CRITICAL
STAGE IMPEDING ACCESS TO OUTSIDE ASSISTANCE OR CENTRAL PENINSULA
HOSPITAL (CPH) (EXHIBIT J-2) WHO PLAYS A PIVOTAL ROLE IN THIS LITIGATION.
(EXHIBIT O-2) THERE WAS ALSO THE MATTER OF SGT SMITH RETRIEVING
M$^C$LAUGHLIN'S SUBPOENAS FOR CPH WITNESSES AFTER ANOTHER SHIFT
SUPERVISOR HAD ALREADY SENT THEM OUT OF THE FACILITY AS PER THE
JUDGE'S DIRECTIVES (EXHIBIT I), THIS BEING THE SECOND TIME SGT
SMITH ATTEMPTED TO USURP JUDICIAL AUTHORITY, (EXHIBIT B & I)

   TO ESTABLISH A VIOLATION OF A RIGHT TO COURT ACCESS CLAIM THE
PRISONER NEED ONLY ALLEGE FACTS SUFFICIENT TO SHOW THAT: (1) A
NON-FRIVOLOUS ATTACK ON HIS CHARGES, SENTENCE, CONVICTION OR
CONDITIONS OF CONFINEMENT HAS BEEN FRUSTRATED OR IMPEDED,

3(9)                                    COMPLAINT

Claim 1: On or about March 2016 to present..., (CONTINUED FROM 3(g))
AND (2) THAT HE HAS SUFFERED ACTUAL HARM AS A RESULT, LEWIS
V. CASEY 518 U.S 343, 353-55 (1996), ACCORDINGLY, EVEN IF McLAUGHLIN
IS SUCCESSFUL IN HIS CURRENT ATTEMPTS TO SEEK RECONSIDERATION, THE
ADDITIONAL TIME SPENT IN CUSTODY DOING SO REPRESENTS SIGNIFICANT HARM.

As to the REPEATED ATTACKS UPON McLAUGHLIN's SIXTH AMENDMENT
RIGHT OF SELF-REPRESENTATION, THE UNITED STATES SUPREME COURT
IN McCASKLE HELD THAT THE RIGHTS OF SELF-REPRESENTATION ARE
EITHER HONORED OR THEY ARE NOT, THAT DENIAL OF THE RIGHT DEFIES
HARMLESS ERROR ANALYSIS, Mc KASKLE 465 U.S ⑤ 177 n. 8 (1984)
JUST BECAUSE LOCAL PROSECUTORS HAVE ATTEMPTED TO CONCEAL
THERE ACTIONS BY ACTING THROUGH A SURROGATE, AND USING THEIR
ILLICIT RELATIONSHIP WITH CORRECTIONS OFFICIALS TO RETALIATE AGAINST
McLAUGHLIN OR IMPEDE EXCERCISE OF THE RIGHT ITSELF, DOES NOT
MAKE THE CONDUCT ANY LESS OF AN INTERFERENCE WITH THE
RIGHT ITSELF. IT IS UPON THE FOREGOING FACTS THAT YOUR
PLAINTIFF BRINGS A CLAIM OF INTERFERENCE WITH HIS FIRST AND
SIXTH AMENDMENT RIGHTS AS THEY ARE AFFORDED AND SECURED
BY THE UNITED STATES CONSTITUTION.

COMPLAINT

<u>Claim 2</u>: On or about <u>EARLY 2016 TO THE PRESENT TIME</u>, my civil right to
                        (Date)

RETALIATION / DENY EQUAL PROTECTION CONCERNING EXERCISE OF CONSTITUTIONAL RIGHTS
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom
from cruel and unusual punishment, etc. List **only one** violation.)

was violated by <u>ALL NAMED DEFENDANTS - PLAINTIFF ALLEGES CONSPIRACY TO ...</u>
(Name of the specific Defendant who violated this right)

<u>Supporting Facts</u> (Briefly describe facts you consider important to Claim 2. State what
happened briefly and clearly, in your own words. Do not cite legal authority or argument.
Describe exactly what each defendant, by name, did to violate the right alleged in Claim 2.):

McLAUGHLINS SECOND CAUSE OF ACTION PERTAINS TO THE RETALIATORY
CONDUCT ASSOCIATED WITH HIS HAVING EXERCISED CONSTITUTIONAL RIGHTS AND/OR
ASSISTING OTHERS IN DOING SO. AS ALREADY SHOWN THE SCOPE OF PLAINTIFF'S
RIGHTS TO COURT ACCESS, SELF REPRESENTATION, AND ASSOCIATION WITH OTHER
PRISONERS IN THE EXERCISE OF THESE RIGHTS HAS BEEN A LONG STANDING
DEBATE BETWEEN HE (EXHIBIT A) AND THE WILDWOOD JAIL STAFF SINCE THEY
DECIDED TO START PROHIBITING SUCH PRACTICES IN 2007 (EXHIBIT AA) AFTER THEY
HAD PREVIOUSLY ALLOWED FREE ASSOCIATION AND PRACTICE FOR YEARS,

PRIOR TO LATE 2007 THE "TOKEN" PRACTICES WERE FREELY PERMITTED
BY WILDWOOD CORRECTIONS OFFICIALS WHERE THE CORRUPT NATURE OF THE OVERALL
POWER STRUCTURE LET THEM LARGELY IN EFFECTUAL ANYWAY. SUPPORT FOR THIS
ALLEGATION CAN BE FOUND IN THE FACT THAT TWO LOCAL PROSECUTORS WERE REMOVED
FROM OFFICE WITH A SPAN OF ONE YEAR IN 2008-2009 DURING THE INFANCY
OF THE DISPUTE BETWEEN THE WILDWOOD DEFENDANTS AND PLAINTIFF McLAUGHLIN
WHO IS ARGUABLY MORE COMPETENT IN THE FIELD OF JAILHOUSE LAW THAN
HIS LOCAL PREDECESSORS.

THE EVIDENCE WILL SHOW THAT WHEN PRISONERS STARTED BECOMING MORE
PROFICIENT AT OVERCOMING THE PROCEDURAL OBSTACLES TYPICALLY PLACED BEFORE
THEM, STARTED FILING ATTORNEY MISCONDUCT GRIEVANCES AGAINST THE LOCAL
PROSECUTORS, PRISON OFFICIALS AND LOCAL PROSECUTORS JOINED FORCES TO BEGIN
A CAMPAIGN OF RETALIATION AND OPPRESSION (EXHIBIT AA, BB) WHICH CONTINUES
TO THIS DAY (EXHIBIT CC)(CLEVELAND) THESE EFFORTS BEING DIRECTED PRIMARILY
AT THOSE LIKE THE PLAINTIFF WHO WERE MOST SUCCESSFUL IN THESE ACTIVITIES
OR STARTED TEACHING OTHERS TO BE MORE PROFICIENT AT
ADVANCING THEIR CLAIMS

Claim 2: On or about <u>EARLY 2016 TO THE PRESENT,</u> ( CONTINUED FROM 4(a) )
                        (Date or Period of Time)                    (Supporting facts)
THE EVIDENCE WILL ALSO SHOW THAT MOST OF THE WRONGFUL CONDUCT
ATTRIBUTABLE TO THE NAMED DEFENDANTS IS NOT ONLY WHOLLY INCONSISTENT
WITH STATE LAW AND OFFICIAL DOC POLICY (eg: EXHIBIT CC-1 & EXHIBITS I),
BUT IS ALSO CLEARLY INCONSISTENT WITH FUNDAMENTAL PRINCIPLES OF CLEARLY
ESTABLISHED PRISONERS RIGHTS LAW (EXHIBIT DD); JOHNSON v AVERY,
393 U.S 483, 489 (1969) (BANNING JAILHOUSE LAWYERS EFFECTIVELY PREVENTS
PRISONERS WHO ARE UNABLE THEMSELVES WITH REASONABLE ACCURACY TO PREPARE
PETITIONS OR TO CHALLENGE THE LEGALITY OF THEIR CONFINEMENT) BOUNDS v SMITH,
430 U.S 817, 828 (1977) (THE FUNDAMENTAL RIGHT OF ACCESS REQUIRES PRISON
AUTHORITIES TO ASSIST INMATES IN PREPARING MEANINGFUL LEGAL PAPERS BY
PROVIDING PRISONERS WITH ADEQUATE LAW LIBRARIES OR ADEQUATE ASSISTANCE
FROM PRISONERS TRAINED IN THE LAW).

PLAINTIFF AVERS THERE TO BE AN ABUNDANCE OF INFORMATION, DIRECT
EVIDENCE CONSISTING OF SIGNATURE BEARING DOCUMENTS ACCESSIBLE TO THE
PLAINTIFF AS BEING PART OF HIS PRISONER FILE, WHICH CLEARLY IMPLICATE
RANKING FACILITY POLICY MAKERS SHANNON McCLOUD, JAMES MILANI, DAVID
CARLOW AND FORMER SUPERINTENDANT ROBERT HIBPSHMAN IN THE CONSPIRACY
ALLEGED. SIGNATURE BEARING DOCUMENTS UNAMBIGUOUSLY IMPLICATING
THESE OFFICIALS DIRECTLY IN THE ROUTINE USE OF UNWRITTEN POLICIES,
PRACTICES AND CUSTOMS TO DISCOURAGE, PREVENT, OR SIMPLY PUNISH FOR
PRISONER PLAINTIFF ENGAGING IN THE EXERCISE OF CONSTITUTIONAL RIGHTS
ASSOCIATED WITH COURT ACCESS IN ITS VARIOUS FORMS.

4(b)                                    COMPLAINT

<u>Claim 2</u>: On or about <u>EARLY 2016 TO PRESENT</u>, (<u>CONTINUED FROM 4(b)</u>)
(Date or Period of Time)                              (Supporting facts)

MCLAUGHLIN DOES NOT ALLEGE THIS TO BE A STATEWIDE ISSUE
WHERE MOST OF THE UNWRITTEN POLICES AND PRACTICES ROUTINELY
IMPLEMENTED BY THE WILDWOOD DEFENDANTS ARE IN DIRECT CONFLICT
WITH OFFICIAL DOC POLICY, STATE LAW, AND CLEARLY ESTABLISHED CASE
LAW OF THE NINTH CIRCUIT AND UNITED STATES SUPREME COURT. IN FACT,
BECAUSE HE HAS BEEN A PRISON LAW LIBRARIAN IN THREE OTHER STATE
FACILITIES THE PLAINTIFF HAS DIRECT PERSONAL KNOWLEDGE CONCERNING
THE SHARP CONTRAST BETWEEN POLICY AND PRACTICES AT WILDWOOD AND
OTHER PRISONS IN THE STATE, A FACT WHICH BOLSTERS THE PLAINTIFF
EQUAL PROTECTION CLAIM, LEWIS V CASEY 518 U.S 434, 467-68 (1996)
(THOMAS J., CONCUR)(RIGHTS ARTICULATED IN BOUNDS ARE AN ASPECT OF
THE EQUAL PROTECTION GAURANTEE)(CITATIONS OMITTED)

CLEAR EXAMPLES OF THIS MISCONDUCT INCLUDE THE UNAUTHORIZED PHONE
SUSPENSION (EXHIBITS J) WHICH SEEM TO BE A NEW FAVORED SOURCE
OF TORMENT AND RETALIATION (EXHIBITS EE), OR THE FACT THAT,
EVEN WHERE THE WILDWOOD PRETRIAL FACILITY HAS NO LAW LIBRARIAN OF
ITS OWN AND THE LAW LIBRARIANS IN THE SENTENCED FACILITY ARE CHOSEN
EXPRESSLY FOR THEIR IGNORANCE OF LAW AND COURT PROCEDURE, THE
MERE ACT OF ASSOCIATION BETWEEN PRISONERS FOR THE PURPOSE
OF PREPARING COURT FILINGS IS GROUNDS FOR RETALIATORY DISCIPLINE.
(EXHIBITS CC & FF) THREATS AND INTIMIDATION FOR THE WEEK, "HOLE"
TIME FOR THOSE WITH MORE RESOLVE WHO REFUSE TO BE BULLIED
(EXHIBIT CC-4) (CLEVELAND, HAMES, KINCAID)

$- 4(c) -$                                    COMPLAINT

Claim 2: On or about EARLY 2016 TO PRESENT , ( CONTINUED FROM 4(c) )
(Date or Period of Time)            (Supporting facts)
PLAINTIFF ALLEGATIONS OF CONSPIRACY AND COLLUSION BETWEEN THE
WILDWOOD DEFENDANTS AND LOCAL PROSECUTORS AS BEING A LONG STANDING
PRACTICE IS ALSO WELL DOCUMENTED. (EXHIBIT BB) IN FACT, WHERE
DEFENDANT FENSKE IS CONCERNED THE LINK BETWEEN THE LOCAL
PROSECUTORS OFFICE AND CORRECTIONS OFFICIALS IS NEPOTISTIC AND
FOUNDED IN A BLOOD RELATION (EXHIBIT GG) CIRCUMSTANTIAL EVIDENCE
PERTAINING TO KNOWLEDGE, INTENT AND CULPABILITY EXISTS AS WELL.

IN THIS INSTANCE, CULPABILITY MAKE BE INFERRED WHERE, WHEN
THE CONDUCT (NEPOTISM) DEPICTED IN "EXHIBIT GG" WAS CHALLENGED BY
McLAUGHLIN IN HIS CRIMINAL CASE WITH THE ASSERTION THAT HE WAS
"... BEING TAG-TEAMED BY THE HUSBAND AND WIFE TEAM OF FENSKE
AND FENSKE ..." AND THAT THIS ILLICIT RELATIONSHIP ALLOWED DEFENDANT
FENSKE ACCESS TO McLAUGHLIN'S CONFIDENTIAL PRISONER RECORDS FOR
RETALIATORY PURPOSES (eg + EXHIBIT BB) CORRECTIONS OFFICIALS IMMEDIATELY
RE-ASSIGNED THE CASE TO ANOTHER PROBATION OFFICER (EXHIBIT HH)

IN THIS INSTANCE AK RULES OF CRM PROC 32.1(a)(2) UNAMBIGUOUSLY
DELEGATE THE DUTY OF PRE-SENTENCE INVESTIGATIONS TO CORRECTIONS
OFFICIALS ACTING AS AN INVESTIGATIVE OFFICER OF THE COURT. (eg EXHIBIT GG)
A GOVERNMENTAL FUNCTION WHEREIN :(1) EVEN THE TIME, MANNER, AND
SCOPE OF THE DISCLOSURE OF CONFIDENTIAL PRISONER INFORMATION TO THE
PROSECUTION (RULE 32.1(b)(3)) AND (2) THE PROSECUTORS ROLE AS AN ADVOCATE
IN THE UNDERLYING CRIMINAL PROCEEDING ARE CLEARLY SET FORTH
WITHIN THE BODY OF THIS PROCEDURAL RULE, CRIMINAL RULE 32.1(c).

                                        $-4(d)-$                    COMPLAINT

Claim 2: On or about ___Early 2016 to present___, (Continued from 4(d))
(Date or Period of Time)                    (Supporting facts)

Plaintiff alleges that where these clearly delineated lines are crossed Defendant Fenske no longer acts as an advocate in a judicial proceeding thus the doctrine of absolute immunity no longer applies, eg KRL v Moore 384 F3d 1105, 1111 (9th Cir 2004) (Absolute immunity does not extend to investigative activities that are traditionally associated with other branches of law enforcement)

Additional circumstantial evidence of these improprieties and the conspiracy alleged can be found within the record of the still pending criminal proceeding as well where, when McLaughlin advanced a colorable discovery demand (Exhibit II) concerning the source and substance of the state's sentencing allegations (eg: Exhibit BB) the court ordered a response, (Exhibit JJ-2), and Defendant Fenske is now attempting to withdraw the allegations and dodge further inquiry into the matter, (Exhibit KK) These are not the only allegations of vindictive and retaliatory conduct which have arisen in the case either, (Exhibit LL-2, 45)

Not only is the trial court now entertaining a post-trial claim of vindictive prosecution, the Alaska Supreme Court is currently being asked to review other aspects of this prosecutorial misconduct (involving head prosecutor Scot Leaders) and a Kenai grand jury as well, McLaughlin v State, File No# S-16965. Accordingly, there are aspects of the criminal case that may soon be ripe for federal venues under 28 U.S.C § 2254 as well, and while

- 4(e) -                          COMPLAINT

Case 3:18-cv-00085-SLG   Document 1   Filed 03/23/18   Page 18 of 30

<u>Claim 2</u>: On or about ___EARLY 2016 TO PRESENT,,,___ (CONTINUED FROM 4(e))
                              (Date or Period of Time)          (Supporting facts)
MCLAUGHLIN DOES ACKNOWLEDGE THAT THE DOCTRINE OF ABSOLUTE
IMMUNITY MAY BAR SOME OF HIS VINDICTIVE PROSECUTION CLAIMS IN
THIS CONTEXT, NOTHING IN THE RULES OF EVIDENCE WOULD PROHIBIT
HIM FROM USING THE FACTS THEMSELVES TO DEMONSTRATE THE EXISTENCE
OF RETALIATORY INTENT.

HERE THE CIRCLES IN WHICH THE INFORMATION, DIRECTIVES, OR STRATEGY
TO ACT TRAVELS IS READILY APPARENT WHERE DEFENDANT'S CICOTTE, BODICK, &
FENSKE ALL PRACTICE FOR THE SAME LAW FIRM, ALASKA DEPARTMENT OF
LAW. THE ILLICIT NATURE OF THE CONDUCT IS DEMONSTRATED BY STATE
LAW WHERE 22 AAC 05, 095(a) GENERALLY PROHIBITS THE RELEASE OF A
PRISONERS DOC INFORMATION TO ANY OUTSIDE AGENT OR AUTHORITY AND
THIS SOMETIME HOLDS TRUE EVEN WHERE INFORMATION IS DEEMED
A PUBLIC RECORD IF THE CONVEYANCE IS ASSOCIATED WITH ONGOING
LITIGATION, AS 40.25, 122; 2 AAC 96.220. NEITHER DEFENDANT
BODICK OR DEFENDANT CICOTTE ENJOY PROSECUTORIAL IMMUNITY.

PLAINTIFF FURTHER ALLEGES THAT THE RETALIATION ASPECT OF HIS
CASE AND THE INTERFERENCE WITH COURT ACCESS CLAIMS ARE SUBSUMED
IN ONE ANOTHER SO AS TO BECOME ONE CONTINUOUS CONSPIRATORIAL
SET OF CONSTITUTIONAL VIOLATIONS DIRECTED AT EFFECTING BOTH AS
A RESULT. SPECIFIC **DEMONSTRATABLE** INSTANCES EXIST ALL
THROUGHOUT MCLAUGHLIN'S PRISONER AND COURT FILES AND INCLUDE
EVERYTHING FROM BEING ASSUALTED AND PUBLICALLY **OSTRACISED** BY

$-4(f)-$                                    COMPLAINT

Claim 2: On or about __EARLY 2016 TO PRESENT,,,__ ( __CONTINUED FROM 4(F)__ )
(Date or Period of Time)                                (Supporting facts)
JUDICIAL SERVICES STAFF FOR SEVERAL MONTHS IN EARLY 2016 ( EXHIBITS
MM 2-3) TO HAVING THREE RANKING CORRECTIONS OFFICIALS ( BARCUS,
JOHNSON AND ZEEK) RANSACK AND SEIZE PAPERS FROM THE PLAINTIFF'S
CONFIDENTIAL LEGAL FILES LESS THAN A WEEK AFTER BEING ORDERED
NOT TO DO SO BY A STATE SUPERIOR COURT JUDGE, ( EXHIBITS OO,
NN, MM-3 & D)

NOTHING IN STATE LAW, COURT RULES OR RULINGS, OR OFFICIAL
ALASKA DEPARTMENT OF CORRECTIONS POLICY EVEN REMOTELY
PURPORTS TO AUTHORIZE ANY OF THESE OPPRESSIVE, FLAGRENTLY
ILLICIT, AND RETALIATORY ACTS AND ACTIONS. IN FACT MUCH OF
STATE LAW UPON THE TOPIC PROHIBITS SUCH MISCONDUCT AND THE
PLAINTIFF WOULD ASSERT THAT IN THESE FACTS LIES A DENIAL OF
EQUAL PROTECTION UNDER THE LAW CLAIM IN ITS PUREST FORM,, q;
GRINOSKY V CITY OF CHICAGO, 695 F3d 743, 747 (7TH CIR 2012)
( TO STATE A SO-CALLED CLASS OF ONE EQUAL PROTECTION CLAIM A
PLAINTIFF MUST ALLEGE THAT HE WAS INTENTIONALLY TREATED DIFFERENTLY
FROM OTHERS SIMILARLY SITUATED AND THAT NO RATIONALE BASIS
EXISTS FOR THE GOVERNMENT TO HAVE DONE SO).

AS TO HIS RETALIATION CLAIM McLAUGHLIN MUST PLEAD FIVE
THINGS: (1) THAT HE WAS ENGAGED IN CONSTITUTIONALLY PROTECTED
CONDUCT, (2) THAT THE DEFENDANT TOOK ADVERSE ACTIONS

$-4(g)-$                                          COMPLAINT

Claim 2: On or about ___EARLY 2016 TO PRESENT___ (CONTINUED FROM 4(g))
                        (Date or Period of Time)                    (Supporting facts)
AGAINST THE PLAINTIFF, (3) THAT THERE WAS A CASUAL CONNECTION
BETWEEN THE ADVERSE ACTION AND THE PROTECTED CONDUCT, (4) THAT
THE ADVERSE ACTIONS WOULD DETER OR SILENCE A PERSON WHO IS
OF ORDINARY FIRMNESS, AND (5) THAT THE ADVERSE ACTIONS
DID NOT ADVANCE OR SERVE LEGITIMATE PENOLOGICAL GOALS OF
THE CORRECTIONAL INSTITUTION, WATISON v CARTER, 668 F.3d
1108, 1114 (9TH CIR 2012)

THE ADVERSE ACTION NEED NOT BE AN INDEPENDENT CONSTITUTIONAL
VIOLATION, AND EVEN THE MERE THREAT OF HARM CAN BE AN "ADVERSE
ACTION", PRATT v ROWLAND 65 F3d 802, 806 (9TH CIR 1995), ALSO A
PLAINTIFF WHO MAY DEEMED TO HAVE FAILED TO ALLEGE A "CHILLING
EFFECT" MAY STILL STATE A CLAIM IF, AS IS THE CASE HERE WITH THE
LOST COURT CLAIM, THE PLAINTIFF SUFFERED SOME OTHER HARM, eg'.
BRODHEIM v CRY 584 F3d 1262, 1269 (9TH CIR 2009). THE PLAINTIFF
REST HIS COUNT II CLAIMS NOT ONLY ON THE FOREGOING, BUT ALSO UPON
THE NUMEROUS OTHER INSTANCE OF SIMILAR CONDUCT WHICH WILL
BE REVEALED WHEN McLAUGHLIN'S PRISONER AND ACOMS FILES
ARE OPENED FOR JUDICIAL REVIEW. THESE ARE THE FACTS WHICH
SUPPORT COUNT II

_____

_____

-4(h)-

Claim **3**: On or about ___Early 2016 TO PRESENT___, my civil right to
                              (Date)

DUE PROCESS (PUNISHMENT BEFORE CONVICTION) INTENTIONAL INFLICTION/EMOTIONAL DISTRESS
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom
from cruel and unusual punishment, etc. List **only one** violation.)

was violated by ___ALL NAMED DEFENDANTS - PLAINTIFF ALLEGES "CONSPIRACY TO..."___
                    (Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 2. State what
happened briefly and clearly, in your own words. Do not cite legal authority or argument.
Describe exactly what each defendant, by name, did to violate the right alleged in Claim 2.):

PLAINTIFF'S FINAL CLAIM, A DUE PROCESS ALLEGATION, ALLEGES ILLICIT
PUNISHMENT PRIOR TO CONVICTION WHERE CLEARLY ESTABLISHED FEDERAL CASE
LAW HOLDS THAT IN ORDER TO IMPRISON A PERSON PRIOR TO TRIAL GOVERNMENT
OFFICIALS MUST COMPLY WITH CONSTITUTIONAL REQUIREMENTS AND APPLICABLE
STATUTORY PROVISIONS, BELL V WOLFISH, 441 US 520, 535 n. 15 (1979),
CITING: GERSTEIN V PUGH, 420 U.S 103, 114 (1975). THAT IT IS THE DUE
PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND NOT THE EIGHTH
AMENDMENT THAT GOVERNS TREATMENT OF PRETRIAL DETAINEES, WOLFISH,
441 U.S @ 536 & n. 16 (1979), AND IT IS THESE CONSTITUTIONAL PROVISIONS
WHICH MANDATE THAT A PRETRIAL DETAINEE MAY NOT BE PUNISHED PRIOR
TO AN ADJUDICATION OF GUILT IN ACCORDANCE WITH DUE PROCESS OF LAW,
WOLFISH, 441 U.S 536 & n. 17 (1979)

PLAINTIFFS UNDERLYING ALLEGATION, INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS, RESTS UPON THE COLLATERAL CONSEQUENCES AND CUMULATIVE EFFECT
OF THE WILDWOOD DEFENDANTS CONDUCT. AMOUNTING TO WHAT HAS BEEN BASICALLY
A PSYCHOLOGICAL "BEATING" OVER AN EXTENDED PERIOD OF TIME. THAT IN THE
LAST TWO YEARS ALONE, AND EVEN THOUGH THE PLAINTIFF MADE SEVERAL ATTEMPTS
TO REASON (EXHIBITS AAA, DD), FILED NUMEROUS ADMINISTRATIVE GRIEVANCES
(EXHIBITS BBB 1-5, J-3) AND SEEK JUDICIAL WRITS OF ASSISTANCE FROM
THE STATE COURTS (EXHIBIT LL, 00 & A), NOTHING BUT AN INCREASING
LEVEL OF AGGRESSIVE BEHAVIOR HAS RESULTED, (ey EXHIBIT CC) A
COURSE OF EVENTS WHICH HAVE, OVER TIME, HAD A NOTICABLE EFFECT
UPON MCLAUGHLIN'S PSYCHE AND MENTAL STATE OF MIND.

Prisoner § 1983 - D
PS01, Nov. 2013

Claim 3: On or about ___Early 2016 to present..., ___ (Continued from 5(a))
(Date or Period of Time)                              (Supporting facts)
   In each case, and no matter which official he dealt with,
Plaintiffs repeated quests for administrative remedy and relief
were disparaged (Exhibits CC 3-4, DD), side stepped (Exhibits E-1,
J-3 & BBB 4-5), or simply resulted in the Plaintiff being visited
with additional retaliatory measures directed at discouraging
him and other prisoners from excercising their constitutional
rights, (Exhibit NN, OO)  In this fact alone there exists
additional proof of a conspiratorial meeting of the minds
where similar methods and evasive tactics (Exhibits KK,
BBB-5, and J.3) are being employed by, not only different
officials, but officials from different agencies seeking the
same results.

   Intentional infliction of emotional distress claims can
indeed " ... arise from an abuse by the actor of a position ...[]...
which gives him actual or apparent authority over another over"
Restatement (Second) of tort § 46 cmt (e).  Here, the conduct
alleged above is, in the eyes of the law, a constitutionally
and morally reprehensible outrage to be sure.  However, it is
not as outrageous as allowing four (4) judicial service officers
to assault the Plaintiff in the very bowels of the local courthouse
for the sole purpose of wrestling Plaintiff's privileged legal
papers from his personal possession while he was on
the way to a court appearance.

                                                    - 5(b) -                      COMPLAINT

Case 3:18-cv-00085-SLG   Document 1   Filed 03/23/18   Page 23 of 30

Claim 3: On or about <u>EARLY 2016 TO PRESENT</u>, ( CONTINUED FROM 5(b) )
(Date or Period of Time)          (Supporting facts)

NOR IS THAT CONDUCT OUTRAGEOUS AS THEN ATTEMPTING TO JUSTIFY
THE BEHAVIOR BY FAULTING THE PLAINTIFF FOR THE EVENT AND PLACING
HIM ON "FOUR-POINT RESTRAINT/SINGLE TRANSPORT" STATUS FOR THE NEXT
SEVERAL MONTHS TO OSTRACISE HIM. AN ACT WHICH NOT ONLY GAVE OFFICIALS
A PRETEXT BY WHICH THEY MAY JUSTIFY THEIR TRUE INTENTIONS, BUT ALSO
SO AS TO DISCREDIT MᶜLAUGHLIN IN THE EYES OF THE REST OF THE JAIL
POPULATION BY LEADING THEM TO BELIEVE THE PLAINTIFF WAS BEING
SUBJECTED TO SUCH TREATMENT BECAUSE HE CONVERTED FROM PRISONER
RIGHTS ADVOCATE TO INFORMANT. OUTRAGEOUS CONDUCT TO BE SURE.

HOWEVER, THIS IS STILL NOT THE PINNACLE OF THIS EGREGIOUS AND
INTENTIONAL PATTERN OF MISCONDUCT, THE ATTEMPT BY CORRECTIONS OFFICIALS
AND LOCAL PROSECUTOR SCOT LEADERS ON AUGUST 28, 2017 TO HAVE THE
PLAINTIFF "RAT PACK" ASSAULTED WHILE BEING TRANSPORTED TO COURT FROM
WILDWOOD PRETRIAL IS A LITTLE CLOSER TO THE TOP. THIS WOULD NOT HAVE
BEEN THE FIRST INSTANCE OF WILDWOOD STAFF HAVING "MADE A MISTAKE"
WHEN TRANSPORTING KNOWN "SEPARATEE" PRISONERS (THOSE DOCUMENTED
BY PAST BEHAVIOR INDICATING THAT IT IS DANGEROUS TO TRANSPORT OR HOUSE
THE "SEPARATEES" TOGETHER) WHICH PLACED THEM IN THE SAME AREA
OF THE JAIL OR TRANSPORT VAN AND RESULTED IN A VIOLENT ALTERCATION
OR ASSAULT.

IN FACT, WILDWOOD STAFF USE KNOWN PRISONER RIVERALY ALL THE
TIME TO EFFECT RETALIATORY STAFF ACTIONS LEAVING IT A COMMON

$-5(c)-$                                   COMPLAINT

Claim 3: On or about ___EARLY 2016 TO PRESENT___ (CONTINUED FROM 5(c))
(Date or Period of Time)                    (Supporting facts)
PRACTICE AT WILDWOOD, McLAUGHLIN BEING ABLE TO DEMONSTRATE
THREE INSTANCES PERTAINING TO HIM ALONE WITHIN THE STATUTE OF
LIMITATIONS PERIOD ALONE. THERE IS ANOTHER IN THE SPRING OF 2014
WHICH INVOLVED AN ACTUAL ATTEMPT ON PLAINTIFF'S LIFE WHILE HE
WAS HOUSED IN THE SENTENCED PORTION OF THE FACILITY. THAT EVENT
BEARS WITH RELEVANCE TO THE AUGUST 28, 2017 EVENT WHERE ONE OF
THE RIVAL PRISONERS INVOLVED WAS THE ATTACKER IN THE INCIDENT
ON 2014. IN THIS INSTANCE, IT WAS HE AND TWO LOCAL PRISON
GANG MEMBERS WHICH, EVEN THOUGH NO ONE WAS PHYSICALLY
HARMED, (CAUSED) THE INCIDENT (WHICH) ITSELF DID NOT ESCAPE DOCUMENTATION
BY BOTH PRISON AND JUDICIAL SERVICE STAFF.

THE PLAINTIFF NOW ALLEGES THAT THE NAMED DEFENDANTS, ACTING
SINGULARLY OR IN CONCERT WHILE IN THE FURTHERANCE OF CONSPIRACY
TO VIOLATE (OR DEPRIVE McLAUGHLIN OF) HIS CONSTITUTIONAL RIGHTS,
HAVE WILLFULLY AND INTENTIONALLY, WITH A DELIBERATE INDIFFERENCE
TO THE PLAINTIFFS CIVIL RIGHTS **OR** PERSONAL SAFETY AND WELL BEING;

(1) ENGAGED IN A CONTINUED PATTERN OF OPPRESSIVE AND
OPPROBRIOUS CONDUCT SPECIFICALLY DIRECTED AT HARASSING, COERCING,
INTIMIDATING, THREATENING AND OTHERWISE OPPRESSING AND SUPPRESSING
HIS CONSTITUTIONALLY PROTECTED ACTIVITIES AND/OR RETALIATING FOR
HIS HAVING ENGAGED IN SUCH PROTECTED AND LAWFUL ACTIVITIES AS THEY
ARE ASSOCIATED WITH IS RIGHTS OF COURT ACCESS AND SPECIFICALLY
HIS SIXTH AMENDMENT RIGHT OF SELF REPRESENTATION,
                    $- 5(d) -$                    COMPLAINT

<u>Claim 3:</u> On or about EARLY 2016 TO PRESENT., (CONTINUED FROM 5(d))
(Date or Period of Time)

(2) THAT SUCH CONTINUOUS DELIBERATE OPPRESSION AND/OR
(Supporting facts)
RETALIATORY MISCONDUCT HAS CAUSED THE PLAINTIFF TO SUFFER A
CONSTANT MENTAL ANGUISH, WORRY, GRIEF, SHOCK, DISMAY AND
OTHER SUCH STRESSFUL, EXTREME AND UNPLEASANT MENTAL STATES,
AND WHICH;

(3) SUCH STRESSFUL EXTREME, CONSTANT AND UNPLEASANT MENTAL
STATES HAVE MANIFEST THEMSELVES SYMPTOMATICALLY IN SUCH FORMS
AS: LOSS OF SLEEP, A CONSTANT STATE OF ANXIETY, BOUTS OF EXTREME
DEPRESSION, MOOD SWINGS, AND VARIOUS FORMS OF COMPULSIVE AND
EXCESSIVE BEHAVIOR SUCH AS OVER EATING AND CHRONIC MASTERBATION.

RETRIBUTION AND THE DETERRANCE OF EXCERCISING RIGHTS WHICH
ARE AFFORDED AND SECURED BY THE CONSTITUTION ARE NOT LEGITIMATE
NON-PUNITIVE GOVERNMENT OBJECTIVES, BELL v WOLFISH 441 U.S 539 n.20
(1979) NOR IS CONSPIRING WITH LOCAL PROSECUTORS TO DETER WHOLE
PRISONER POPULATIONS TO REFRAIN FROM EXCERCISING THE RIGHTS OF
SELF-REPRESENTATION OR EVEN TAKING AN ACTIVE ROLE IN ONES OWN
DEFENSE. YET THAT IS EXACTLY WHAT HAS BEEN TRANSPIRING
AT THE WILDWOOD CORRECTIONAL COMPLEX IN KENAI FORTHE LAST
TEN OR FIFETEEN YEARS AT LEAST.

McLAUGHLIN RESERVES THE RIGHT TO AMEND HIS COMPLAINT
TO ADD DEFENDANTS AS THEIR NAMES AND PROOF OF THEIR ROLE
IN THE CONSPIRACY ALLEGED IS OBTAINED. THANK YOU & GOD BLESS
mmichael
3:20.18

**5(e)**

## D. Previous Lawsuits

1. Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment**? _____ Yes _X_ No

2. If your answer is "Yes," describe each lawsuit.

a. <u>Lawsuit 1</u>:

Plaintiff(s): _____ N/A _____ N/A

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

b. <u>Lawsuit 2</u>:

Plaintiff(s): _____

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

3. Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?

_X_ Yes _____ No      ONE - DO NOT REMEMBER DETAILS

If your answer is "Yes," describe each lawsuit on the next page.

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): _____

b. Name of federal court _DISTRICT COURT-ANC_ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised: _____

e. Approximate date case was filed: _2009-2010_ Date of final decision: _____

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): _____N/A_____ N/A

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised: _____

e. Approximate date case was filed: _____ Date of final decision: _____

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): _____N/A_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised: _____

e. Approximate date case was filed: _____ Date of final decision: _____

**4. Are you in imminent danger of serious physical injury?** _____ Yes _X_ No

If your answer is "Yes," please describe how you are in danger, without legal argument/authority: _____

_____

_____

_____

**F. REQUEST FOR RELIEF**

Plaintiff request that this court grant the following relief;

1. Ecomonic Damages in the amount of $3742 $\frac{23}{}$ AS OF 3·12·18 (ACCURING COPY FEES TO DOC) COST, FEES & ATTORNEY FEES-TBD

2. Non-economic Damages in the amount of $100,000 PER DEFENDANT/PER VIOLATION

3. Punitive Damages in the amount of TO BE DETERMINED BY A JURY AT TRIAL

4. An order requiring the defendant(s) to CEASE AND DESIST ALL UNCONSTITUTIONAL CONDUCT PROVEN AT TRIAL, UNDERGO RE-TRAINING UPON PRISONER RIGHTS ISSUES, BRING FACILITY STANDARDS AND PRACTICES INTO COMPLIANCE WITH STATE AND FEDERAL LAW, REPORT TO (AND PAY COST FOR) A SPECIAL MASTER APPOINTED BY THE COURT AND COMPLY WITH MASTERS DIRECTIONS,

5. A declaration that THE DEFENDANTS CONDUCT VIOLATES CONSTITUTIONAL LAW AND PRISONER RIGHTS, DENIES PRISONERS AND PRE-TRIAL DETAINEES HOUSED AT THE WILDWOOD CORRECTIONAL COMPLY DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AND QUALIFIES AS CRIMINAL CONDUCT UNDER FEDERAL LAW,

6. Other relief sought APPOINTMENT OF A SPECIAL MASTER TO OVERSEE DEFENDANTS COMPLIES WITH COURT DIRECTIVES DURING THE COURSE OF THESE PROCEEDING AND FOR ONE FULL YEAR AFTER TRIAL (AT DEFENDANTS EXPENSE) AND ANY OTHER RELIEF THIS COURT MAY DEEM JUST FAIR AND EQUITABLE.

Plaintiff demands a trial by jury.

## DECLARATION UNDER THE PENALTY OF PERJURY

The undersigned declares under the penalty of perjury that he is the plaintiff in the above action, that he has read the complaint, and that the information which is contained within the complaint is true and correct to the best of my knowledge.

SUBMITTED this the 20TH of March , 2018.

Michael L. McLaughlin
In Properia Persona
Plaintiff



MICHAEL K MCLAUGHLIN #166227
% WILDWOOD PRETRIAL FACILITY
5 CHUGACH AVE., BLDG # 5
KENAI, ALASKA    99611-7098

UNITED STATES
POSTAL SERVICE®

USPS TRACKING®

9114 9014 9645 1632 9697 73

USPS TRACKING #
9114 9014 9645 1632 9697 73
For Tracking or Inquiries go to USPS.com
or call 1-800-222-1811.

USPS TRACKING #
& CUSTOMER
RECEIPT LABEL (ROLL)

LA8400R Aug. 2013
7690-17-000-0669

THIS LETTER WAS WRITTEN
BY AN INMATE AT WILDWOOD
CORRECTIONAL CENTER

PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE®
For Domestic Use Only

Label 107R, July 2013

TRACKED
★ ★ ★ ★
INSURED
★

UNITED STATES DISTRICT COURT @ ANCH
% CLERK OF THE CIVIL COURT
222 WEST 7TH AVE., Rm # 4
ANCHORAGE, ALASKA    99513-7564

UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 007.250
0001163141    MAR 22 2018
MAILED FROM ZIP CODE 99611

ATTN: MADAM CLERK;
PLEASE INCLUDE A COPY OF BOTH SIDES
OF THE ENVELOPE FOR EVIDENTIARY PURPOSES.
PARCEL HAS BEEN FILED WITH TAMPER PROOF
SEALS DUE TO PRIOR INSTANCES OF MAIL TAMPERING.
                                    —McLaughlin 3-20-18

* 99513-7564 *