Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska      99611-7098

IN THE DISTRICT COURT FOR THE UNITED STATES

DISTRICT OF ALASKA AT ANCHORAGE ALASKA

MICHAEL L. McLAUGHLIN,                    )
                                          )
                 Plaintiff;               )
      vs                                  )
                                          )
SHANNON S. McCLOUD, et. al.,              )
                                          )
                 Defendant(s).            )
                                          )
_____ )   Docket No. # _____

E  X  H  I  B  I  T  S

C  L  A  I  M    N  U  M  B  E  R    O  N  E

Michael L. Mclaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska    99611-7098



FILED
IN OPEN COURT
Date    4-25-16
Clerk    AL

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                    )
                                    )
              Plaintiff;            )
                                    )
    vs                              )
                                    )
MICHAEL L. McLAUGHLIN,              )
                                    )
              Defendant.            )
                                    )
_____)    Case No. #  3KN-15-1864  Cr.,

## VRA CERTIFICATION

I CERTIFY that this document and its attachments does not contain; (1) the name of a victim of a sexual offense listed in A.S. 12.61.140, or (2) a residence or business address or telephone number of a victim of, or a witness to, any other offense unless it is the address used to identify the place of a crime or it is and address or telephone number in a transcript of a court proceeding, a disclosure of which was authorized by the court.

## DEFENSE MOTION SEEKING A DECLARATION OF RIGHTS AND THE SCOPE OF HIS SIXTH AMENDMENT RIGHT OF SELF-REPRESENTATION

COMES NOW the defendant, Michael L. McLaughlin, appearing In Properia Persona and by authority of Criminal Rule 42(a), to now seek a judicial statement and clarification as to the scope of his Sixth Amendment rights associated with a grant of self-representation.

This motion comes with due diligence, and upon this court's decision to enter into a hotly contested issue, with the issuance of "...ORDER CLARIFYING TEMPORARY ORDER FROM FEBRUARY 5, 2016..." (dated 4/14/16) at the ex parte request of a non-party which bears a certificate of distribution by teh clerk dated April 15, 2016. (See Exhibit A)

As a courtesy to the administrative entities embroiled in this dispute your defendant has noticed counsel for DOC (John K. Bodick) and the Department of Public Safety (John J. Novak) to give them an opportunity to respond as amicus curiae.

EXHIBIT A

Screen for VRA

**IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA**
**AT   KENAI**

☒ STATE OF ALASKA
☐

               Plaintiff,

vs.

MICHAEL MCLAUGHLIN

DOB: Redacted /65     Defendant.
DOV:

WPTF

FEB 0 5 2016

RECEIVED

**INMATE COPY**

CASE NO. 3KN 15-1866CR

**TEMPORARY ORDER**

ORIGINAL CHARGE: 001/MICS 2   002/MICS 4   003/VCOR 004/Conspiracy MICS 2

**CURRENT CHARGE:**

☐ Defendant is not in custody on this charge.

**INSTRUCTIONS TO JAIL**

☒ COMMITMENT. It is ordered that the above-named defendant be held in custody:
     ☒ pending action by this court or until bail is posted in the amount of
     10,000 Cash Appear, 10,000 Cash perf + CATTP
     ☐ pending receipt of formal judgment. Defendant was sentenced as follows:

☐ RELEASE. This is your authority to release the defendant

     ☐ Defendant to obey all court orders, and all federal, state, and local laws.
     ☐ Defendant to appear in court when ordered.
     ☐ If represented by an attorney, defendant to maintain contact with defendant's attorney.
     ☐ Defendant to notify defendant's attorney within 24 hours of any change in residence.
☒ TRANSPORTATION (as necessary).

☒ FINGERPRINT BEFORE RELEASE. ☒ OTHER INSTRUCTIONS. Please assist
W. Service legal owners on other inmates
04/14/16 Per Judge Murphy let the only documents that Mclaughlin conserve on other inmates are
                  **NEXT COURT APPEARANCE**

DATE: 2-26-16    TIME: 2:30    PLACE: Kenai SUPOCMAS.
☐ Arraignment    ☐ Sentencing    ☐ Pre-Indictment Hearing
☒ Omnibus Hearing    ☐ Bail Hearing    ☐ Representation Hearing
☐ Trial    ☐ Trial Call    ☐ Other:
Defendant ☐ is ☐ is not represented by counsel: ☐ Public Defender ☐
Defendant ☐ has ☐ has not had a bail review.

2-5-16
Date                    District/Superior Court Judge
                   Type/Print Name: Huguelet

I certify that on 2-5-16 a copy of this order was sent to: ☒ Jail ☐ Def/Atty. ☐ DA
☒ AST ☐ Local Police ☐              Clerk:

CR-200 (1/15)(st.5)
TEMPORARY ORDER
Crim. R. 4(c) and 5(a)(2)

EXHIBIT B-1

# Wildwood Correctional Complex

## Notice Regarding <u>Outgoing</u> Prisoner Mail

Name: __McLaughlin, Michael__ Facility: __WPTF__ Rm: __124__ Date: __04/14/16__

▶ Your mail is being returned to you for the following reason:

_____ Your return address <u>must read</u>: YOUR FULL NAME (no aliases, no initials, no "pet" or nicknames), YOUR PRISONER ID#, THE COMPLETE NAME OF THE INSTITUTION (no abbreviations) and correct facility address.

_____ Envelope not addressed/stamped according to USPS guidelines and/or artwork on envelope excessive.

_____ POSTAGE REQUIRED.

_____ INDIGENT POSTAGE NOT ALLOWED:

**INMATE COPY**

1. You are not indigent according to OTA on this date.
2. You have exceeded your indigent postage for the week.

_____ MAIL MUST BE SUBMITTED UNSEALED. Only legal or privileged mail may be submitted sealed. For legal or privileged mail, allow an Officer to verify that the ultimate intended recipient is the privileged addressee then it may be sealed and the Officer will initial across the seal.

_____ COURT ORDER PROHIBITS DIRECT OR INDIRECT CONTACT WITH_____

_____
(Initials only)

·After scanning and detecting one of the following, staff read your mail for content and is ·turning it to you:

_____ BANKING AND BUSINESS TRANSACTIONS require prior written approval of the Superintendent or designee.

_____ CONTENTS PROHIBITED (Subject to Disciplinary action and Property Seizure)

1. Contains plans or threats of physical harm or other criminal activity.
2. Contains contraband, plans for sending contraband into or out of the institution, or indicates other activities prohibited under 22 AAC 05.400, Prohibited Conduct For Prisoners.
3. Is written in code that the reader cannot understand.
4. Shows frontal nudity; includes either the exposed female breast and/or the genitalia of either gender.
5. Solicits gifts, money, credit or contractual purchases without the approval of the Superintendent or designee. You must make advance payment (including magazine subscriptions).
6. Contains information that, if communicated, would create a risk of mental or physical harm to a person.
7. Contains material that could reasonably be expected to aid an escape, or incite or encourage any form of violence.
8. The mail contains materials prohibited under 22 AAC 05.510b (obscene written materials, words, language, etc.).

[iscellaneous:

__ ASSESSMENT OF PRISONER'S INSTITUTIONAL ADJUSTMENT or REHABILITATION PROGRESS. (This letter has been mailed / not mailed. Per DOC P & P 810.03, a photocopy may be placed in your institutional file.)

__ OTHER A clarification from Judge Huguelet stated that the only document you may serve on other

ents: __inmates are subpoenas. See attached. T.O.__

Staff Signature: _____

l: Prisoner file (with photocopy of either prohibited material or section regarding adjustment or rehabilitation and/or Property Seizure)
: Prisoner
Staff – Mental Health, Probation, Security, Coups/name, Other (if applicable, copy of form and actual piece of mail to relevant staff)

Form 80 810 03 A (Rev. 01/11)

Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska        99611-7098

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                    )
                                    )
              Plaintiff;            )
                                    )
    vs                              )
                                    )
MICHAEL L. McLAUGHLIN,              )
                                    )
              Defendant.            )
                                    )
_____)

Filed in the Trial Court
State of Alaska Third District
at Kenai, Alaska

MAY 1 9 2016

Clerk of the Trial Courts

By_____
                    Deputy

Case No. #  3KN-15-1864 Cr.,

## VRA CERTIFICATION

I CERTIFY that this document and its attachments :does not contain; (1) the
name of a victim of a sexual offense listed in A.S. 12.61.140, or (2) a residence
or business address or telephone number of a victim of, or a witness to, any other
offense unless it is the address used to indentify the place of a crime or it is
an address or telephone number in a transcript of a court proceeding, a disclosure
of which was authorized by the court.

## DEFENSE REQUEST FOR AN UNOPPOSED RULING UPON THE
## ISSUE OF SIXTH AMENDMENTS RIGHTS OF SELF-REPRESENTATION

COMES NOW the defendant, Michael L. McLaughlin, appearing In Properia
Persona and by authority of Criminal Rule 42(a), to seek a ruling upon the issue
of governmental abuse pertaining to his Sixth Amendment rights. This request now
comes upon the passing of a deadline for reponse on or about May 5, 2016.

The defense now comes seeking an unopposed ruling upon his request for some
form of judicial remedy where McLaughlin's choice to represent himself has turned
him into a target for all manner of governmental oppression and relaliatory forms
of conduct. As recently evidence by his hand-written pleadings, little has changed
since the filing of the initial pleading.

The defense would acknowledge that some facets of this circumstance should be
addressed by and through the administrative grievance procedures within the local
jail. In fact, because this circumstance continues, he has also done just that by;

"Exhibit C"

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT KENAI

STATE OF ALASKA,                               )
                                               )
      Plaintiff,                           )
                                               )
vs.                                            )
                                               )
MICHAEL L. MCLAUGHLIN,                         )     Case No. 3KN-15-01864 CR
                                               )
      Defendant.                          )
                                               )
                                               )
_____)

# ORDER GRANTING DEFENDANT'S MOTIONS RELATING TO THE SCOPE OF HIS SIXTH AMENDMENT RIGHTS

In April and May, Defendant filed motions pertaining to the scope of his Sixth Amendment rights. Specifically, he argued that prison officials were impeding his ability to meaningfully represent himself by limiting his access to the law library, mishandling his legal paperwork, and preventing him from making necessary copies. At a motion hearing on July 21, 2016, the court ordered the prison to give Defendant four hours in the library each day, directed prison officials to treat all of Defendant's legal documents as confidential, and instructed prison officials to make copies for Defendant within 24-hours. As such, Defendant's motions are **GRANTED**.

Dated at Kenai, Alaska this $16^{\underline{t}}$ day of August, 2016.

CHARLES T. HUGUELET
SUPERIOR COURT JUDGE

I certify that a copy of the forgoing was ___ mailed to_____
✓placed in court box to _McLaughlin_
✓faxed to _WW PT_
✓scanned to ___DA_
_____   _8/18/16_
Judicial Assistant              Date

# PRISONER GRIEVANCE APPEAL STATEMENT

| PRINT NAME | INSTITUTION/MODULE | OBSCIS NUMBER | LOG NUMBER |
|---|---|---|---|
| McLaughlin, Michael | WCC | 166227 | WW 17-55 |

DATE OF APPEAL  4/29/17     I am appealing the Superintendent's determination for the following reasons:

IN BRINGING THIS APPEAL I WOULD FIRST RELY UPON ARGUMENTS BROUGHT IN MY INITIAL GRIEVANCE ADDING ONLY THAT 22 AAC 05.540 NOT ONLY REQUIRES DOC TO PROVIDE ACCESS TO SUCH MATERIALS FROM CENTRAL LAW LIBRARY BUT PROHIBIT DOC FROM "... IMPOSING RESTRICTIONS ON THE USE OF LAW LIBRARY MATERIALS. THIS APPEAL COMES AS TIMELY BY MUTUAL AGREEMENT WITH FACILITY STANDARDS STAFF WHO HAVE ALLOWED AN EXTENSION TO FACILITATE INFORMAL RESOLUTION.

MY REQUEST WAS INITIALLY FILED IN MID-AUGUST AND LITTLE PROGRESS HAS BEEN MADE TO PROVIDE ME WITH ANY OF THE ITEMS IN QUESTION. IN FACT, IT TOOK TWO MONTHS JUST TO GET A RESPONSE FROM CENTRAL LAW LIBRARY IN ANCHORAGE. IN THE INTEREST OF FAIRNESS I WOULD SAY THAT LIBRARIANS ARE NOT RESPONDING IN A LACK LUSTER SORT OF WAY. THIS IS UNACCEPTABLE GIVEN, NOT ONLY THE CONSTITUTIONAL RIGHTS OF PRISONERS, BUT ALSO BECAUSE WITHIN THE CONFIDENCE OF 2 AAC CHAP 96, 40.20.010-180 AND AND AO.15.123(C) MANIFEST STATE LAW WHICH LEAVES THE PRISON LAW LIBRARIES AS PART OF A STATEWIDE LAW LIBRARY SYSTEM.

THAT BEING SAID, I WOULD ALSO POINT OUT THAT THIS ENTIRE CIRCUMSTANCE ALSO IMPLICATES A CLEAR VIOLATION OF MY FIRST, FIFTH, SIXTH & FOURTEENTH AMENDMENT RIGHTS WHERE I ACT AS A PRO SE IN ALL LEGAL MATTERS I HAVE BEFORE THE COURTS, BOTH CRIMINAL AND CIVIL. THAT THE REQUESTED MATERIALS WERE, AND STILL ARE, NEEDED IN REGARDS TO MY CRIMINAL DEFENSE. AS PREVIOUSLY INDICATED, AT LEAST TWO PROTECTIVE ORDERS HAVE BEEN ISSUED AGAINST DOC ALREADY TO LITTLE AVAIL. EXPEDITED RELIEF IS REQUESTED.

FINALLY, I WOULD SUGGEST TO THE DIRECTOR THAT POLICY 814.02 AND THE DEPARTMENT RELATIONS WITH THE STATEWIDE CENTRAL LAW LIBRARY NEEDS TO BE UPDATED. YOUR

PRISONER'S SIGNATURE: CONSIDERATION IN THIS MATTER IS APPRECIATED. THANK YOU & GOD BLESS!  Michael M'Laughlin  11/29/17

I ACKNOWLEDGE RECEIPT OF THIS GRIEVANCE APPEAL STATEMENT AND HAVE LOGGED IT WITH THE APPROPRIATE INITIALLY FILED GRIEVANCE.

DATE FILED IN COMPLIANCE: 11/30/17 GRIEVANCE COORDINATOR'S SIGNATURE: J. Howland

DIRECTOR OF INSTITUION'S/MEDICAL ADVISORY COMMITEES DECISION:

A review of the material was completed. This appeal was received by this writer on 12/7/2017. Policy 814.02 applies. Mr. McLaughlin as requested large volumes of material. The facility has followed the spirit of the policy in attempting to provide all the materials requested that they can, they even reached out to the State Central Law Library (SCLL) for assistance and they have advised there is a limit to the number of requests that can be filled and they gave him some guidelines such as him making the priority list, not for the SCLL to assume his priorities, also that 25 pages a week were possible but beyond that he will need to pare down his blanket requests. The requested relief is not possible and the Facility Manager's decision is upheld. Jessica Mathews, Supt.

Distribution: Original to Prisoner Case File
Institutional Grievance Coordinator/Grievance & Compliance Administrator (Central Office)/Prisoner

Department of Corrections Form #808.03D
Rev. 07/95

Rec'd 12/26/17
③ 2:55 PM

APPEAL DUE: 11/08/2017

"EXHIBIT E-1"

Case 3:18-cv-00085-SLG   Document 1-1   Filed 03/23/18   Page 7 of 26

# Law Library Request Form

Institution Log # _____ Central Library Log # _____

Requested by (prisoner): __Michael L. McLaughlin__

Date cases were requested: _8/30/17_ Institution: __WWCC__

Purpose of Cases: __Ongoing Criminal Litigation__

**Check one**          **Compliance Supervisor/Librarian**

___ Expedite (2 working days)     Authorized by: _____

___ Priority (5 working days)     Authorized by: _____

___ Routine (10 working days)     Authorized by: _____

Note: If "Priority" or "Expedite" is checked, the prisoner may be required to produce evidence of involvement in ongoing civil or criminal litigation with actual deadlines to meet. If there is no deadline, then "Routine" is to be checked.

Determination made that cases are not in institution's law library: _____

                                               Signature

Request for copy of the following legal cases or materials:

1. CH 166 SLA 1978

2. CH 102 SLA 1980

3. CH 45 SLA 1982 { TEMPORARY & SPECIAL ACTS } { § 1 LEGISLATIVE INTENT }

4. CH 6 SLA 1984

5. CH 146 SLA 1986

6. REFERENCED IN 12 AAC 40 955

7. §§ (8) PRINCIPLES OF MEDICAL ETHICS OF THE AMA p XIV (2002-03 Ed) RE: CODE OF MEDICAL ETHICS

8. §§ (e) EMT CODE OF ETHICS OF NAT'L ASS'N EMTS (3RD Ed)

9. §§ (d) CODE OF ETHIC OF THE PHYSICIAN'S ASST PROFESSION OF THE ACADEMY OF PHYSICIANS ASSISTANCE (JUNE 2006 ED)

10. _____

Person filling request: _____ Date Sent to Institution: _____

Date cases were received by the institution: _____

Note which cases were not received and why: _____

_____

_____

Department of Corrections Form #814.02A
Rev. 8/02

"EXHIBIT E-2"

Case 3:18-cv-00085-SLG   Document 1-1   Filed 03/23/18   Page 8 of 26

# STATE OF ALASKA, DEPARTMENT OF CORRECTIONS
## NOTICE OF NON-ACCEPTABLE MAIL

Facility: <u>Wildwood Correctional Complex</u>    Housing Location: WCC    Date: 16 Aug 17

To Inmate:    Offender #:    Room #:

McLaughlin Michael 166227    322

The mail described here was received at this facility's mail room and has been determined to be non-acceptable in accordance with DOC Policy 810.03 for the reason or reason's indicated below:

☐ 1. The mail contains threats of physical harm, threats of criminal activity, threats' of blackmail or extortion.
☐ 2. Discussion of other inmates prohibited.
☐ 3. The mail contains contraband or concerns sending contraband into or out of the facility.
☐ 4. The mail depicts or describes procedures for construction or use of weapons, ammunition, bombs or incendiary devices.
☐ 5. The mail contains plans to escape, or depicts or describes blueprints or operational details of the institution or security devices.
☐ 6. The mail contains plans for activities in violation of facility rules, or criminal activity.
☐ 7. The mail is in code that is not understood by the reader.
☐ 8. The mail contains information which if communicated could create a risk of violence and /or physical harm to any person.
☐ 9. The mail contains obscene or sexually explicit material as defined by DOC Policy 810.03.
☐ 10. The mail contains a personal check. Amount / Check #:
☐ 11. The mail contains a money order or cash without proper identification of the sender or from a non-approved sender.
☐ 12. The mail contains loose postage stamps, stickers in or on the envelope or postage paid envelopes.
☐ 13. The mail contains laminated, non-paper material or homemade items, i.e. cards.
☐ 14. The mail contains magazine, book, or newspaper clippings or books, magazines or newspapers, which have been altered.
☐ 15. The mail contains items not ordered or processed through normal facility channels.
☐ 16. The mail contains perfume, lipstick, glitter, glue, marker, crayon, tape, batteries or unknown substance
☐ 17. The envelope or package does not display a proper return address as defined in policy and your handbook.
☐ 18. The mail contains banking or business transactions, solicits gifts, money, credit or contractual purchases without the prior written approval of the Superintendent.
☐ 19. Contains gang symbols, gestures and/or gang related material not allowed by the institution.
☐ 20. Court order prohibits direct or indirect contact with the sender or persons mentioned in the mail item.
☐ 21. The mail contains an item you are allowed to keep but must be stored in property i.e. SSN card or birth certificate
☒ 22. Indigent postage not allowed. You are not indigent in OTA on this date or you have exceeded your weekly quota.
☒ 23. Other: See comments below.

Comments: (Give a brief description of item unauthorized):

Sent to security

☐ This item has been returned to the sender.

☐ This item has been disposed of by staff.

☐ This item has been sent to property.

This item has been sent to property, you will have 30 days to disburse it at your expense or it will be disposed of. You can also put a cop-out into Facility Standards Sergeant to dispute this determination.

INMATE COPY

Staff Signature: 65

Exhibit F-1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI

Rec'd 12/6/17
② 5:42 PM

STATE OF ALASKA,

Plaintiff,

vs.

MICHAEL L. MCLAUGH

Defendant.

*WWPT — Please give to McLaughlin*

No. 3KN-15-01864 CR

## ORDER

Mr. McLaughlin has filed a *Request and Order for Leave to Offer a Late Filing* (with numerous attachments) but is unclear what he is seeking. Insofar as Mr. McLaughlin is requesting to file a confidential exhibit,[1] the Court directs him to Alaska Administrative Rule 37.6(d).[2] Insofar as he is asking the court to accept his late-filed *Request and Order for Modified . . . Service*, in that motion he appears to ask permission to serve the State a motion for reconsideration without a confidential exhibit. However, both the parties of the case and counsel of record can still access "confidential" filings,[3] and Mr. McLaughlin has cited not authority that would otherwise permit him to serve an incomplete motion on an opposing party. Finally, Mr. McLaughlin may be asking the court to accept a late-filed motion for reconsideration, but he has failed to comply with Criminal Rule 42(b) insofar as he has not provided a proposed order.[4] For these reasons, Mr. McLaughlin's *Request and Order* is **DENIED,** and the court is returning the attached exhibits.

Nevertheless, the court expects that Mr. McLaughlin will likely file a motion for reconsideration of the denial of his request for a new trial in the near future. Accordingly, to avoid unnecessary briefing, Mr. McLaughlin may file such a motion within __5__ days of the distribution of this *Order*, but he is reminded to request permission to submit confidential filings prior to their submission in the future.[5]

Dated in Kenai, Alaska, this 30th day of November, 2017.

CHARLES T. HUGUELET
SUPERIOR COURT JUDGE

I certify that a copy of the foregoing was
mailed to _____
☑ placed in court box to *WWPT-McLaughlin*
☐ faxed to _____
☑ scanned to DA _____
                                    12-1-17
Judicial Assistant Date

[1] Alaska R. Admin. 37.5(c)(4)
[2] Alaska R. Admin. 37.6.(d).
[3] Alaska R. Admin. 37.5(c)(4)(A)-(B).
[4] Alaska R. Crim. P. 42(b)(3).
[5] *See* Alaska R. Admin. 37.5(c)(4).

# In the Supreme Court of the State of Alaska

Michael L. McLaughlin,

            Petitioner,

    v.

State of Alaska,

            Respondent.

Trial Court Case # **3KN-15-01864CR**

Supreme Court No. **S-16965**

**Order**

Date of Order: **2/13/2018**

*[handwritten: Rec'd 2.14.18 @ 3:30 PM]*

On consideration of the Petitioner's 1/31/2018 Motion to Stay Trial Court Proceedings, and the Respondent's 2/12/2018 Opposition,

    IT IS ORDERED:

    The motion is DENIED.

    Entered at the direction of an individual justice.

Clerk of the Appellate Courts

*[signature: M. Montgomery]*

M. Montgomery, Chief Deputy Clerk

Distribution:

Eric Ringsmuth
Office of Criminal Appeals
1031 W. 4th Ave, Suite 200
Anchorage AK 99501

Michael McLaughlin
Wildwood Pretrial Facility
Chugach Avenue Building 5
Kenai AK 99611-7099

*[vertical text: EXHIBIT H]*

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

BACK 10/2/17 NW
REC OF (6) 9:45 NW
~milku

## REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL | Institution: **WCC** 123 | Room #: 322 | Date: 10/1/17 ~milku | ACOMS #: 146227 |
|---|---|---|---|---|

To: SHIFT SUPERVISOR Bug #10

Request: PLEASE SEE THAT THIS ENVELOPE IS TURNED OVER TO JUDICIAL SERVICES ASAP. AS PER JUDGE WELLS ORDER THEY HAVE BEEN DIRECTED TO ASSIST ME IN EFFECT SERVICE OF THESE DOCUMENTS. BECAUSE OF DELAYS CAUSE BY THE COURT CLERK THIS HAS NOW BECOME A TIME SENSITIVE ISSUE. YOUR PROMPT CONSIDERATION OF THIS MATTER WOULD BE SINCERELY APPRECIATED. I THANK YOU & GOD BLESS!

SINCERELY & RESPECTFULLY,

| Inmate Signature: Arnold T McLaughlin | Date: 10/2/17 ~milku |
|---|---|

Action Taken: SENT TO WPT TO BE TRANSFERRED TO J.S.

| Employee Signature: asa | Date: 10/1/17 |
|---|---|

Final Action Taken: I spoke w/ J.S. Officer McDonald. He advised me this morning (10/02/17) that JS would not be transporting any documents to court for you. Furthermore, he said that you were provided a list of "process servers" who you could contact that could facilitate the movement of documents that you desire. He said that they received no directives from the court to assist you in this matter.

| Employee Signature: Roy Smith | Date: 10/02/17 |
|---|---|

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

stribution: Original to Case Record
partment of Corrections, Form 808.11A
v.04/08

PLEASE ROUTE TO JUDICIAL SERVICES ASAP!

SPOKE WITH ASST SUP MILBURN AT 9:50 AM — EXPLAINED ABOUT JUDGE WELL/JS GRAVES OPEN COURT DISCUSSION. MILBURN ACCEPT ENVELOPE

EXHIBIT H

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: McLaughlin, Michael | Institution: WCC 123 | Room #: 322 | Date: 12/8/07 | ACOMS #: 166227 |
|---|---|---|---|---|

To: Asst Superintendent Muburn

Request: I am in receipt of your half baked response concerning my new phone restrictions. I would ask that you reconsider for several reasons: (1) Did it ever occur to you that someone may have stolen my PIN number? (2) Did it ever occur to you that the AAR's state that only a disciplinary committee may punish and deprivation of a right without a hearing denies due process (3) Just who is it that gets to determine which of my calls are legal? (4) That even the ones which are not legal are constitutionally protected under Alaska Law — community

Inmate Signature: [signature]    Date:

contact... I can probably come up with a half dozen more if you like. Here is how I see this and the other "difficulties" I have been having with staff that

Action Taken: appear to be directed at interfering with my efforts to secure my freedom. We've been down this road before and I haven't forgotten the way. I would simply at this point respectfully request that the DOC staff return to its traditional function of keyholder. We seem to get along best that way. You might consider this my final attempt at informal resolution. Happy Holidays & God Bless!

Employee Signature:    Date:

Final Action Taken: DOR's do not need a disciplinary determination, stop taunts, use pin for such.

Employee Signature: [signature]    Date: 12-8-7

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution:    Original to Case Record
Department of Corrections, Form 808.11A
Rev.04/08

"Exhibit J-1"

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL | Institution: WCC 123 | Room #: 322 | Date: 9/17/17 | ACOMS #: 166227 |

To: ASST SUP MILBURN

Request: THAT ARRANGEMENTS BE MADE FOR ME TO MAKE A PHONE CALL TO CENTRAL PENINSULA GENERAL HOSPITAL FOR THE PURPOSES OF OBTAINING INFORMATION ASSOCIATED WITH MY CRIMINAL DEFENSE IN CASE SOA v McLaughlin, 3KN-17-718 Ce. I HAVE ALREADY MADE THIS REQUEST OF THE FLOOR STAFF AND WAS INSTRUCTED TO USE THE REGULAR PRISONER PHONE SYSTEM FOR THAT PURPOSE. THIS RESPONSE GIVES RISE TO AT LEAST TWO PROBLEMS: (1) THE CPGH PHONE SYSTEM IS AUTOMATED AND WILL NOT ACCEPT A CALL FROM ANOTHER SUCH SYSTEM, AND (2) THE SECURUS SYSTEM NOW DEDUCTS INDIGENT PHONE CALLS FOR CALLS MADE TO SECONDARY PHONE LINES USED BY THE COURTHOUSE AND THE PUBLIC DEFENDER – CALLS WHICH ARE SUPPOSED TO BE PRIVILEGED, FREE OR BOTH. AS YOU MAY BE AWARE, IN THE COURSE OF CONDUCTING MY LEGAL AFFAIRS I HAVE BUSINESS WITH BOTH AGENCIES. THIS WOULD INCLUDE A TELEPHONIC BENCH TRIAL ON WEDNSDAY 9/20/17 @ 2:30 PM. THIS IS ANOTHER CALL I AM UNABLE TO MAKE BECAUSE THE COURTHOUSE CONFERENCE LINE BEGINS BY CALLING AN 800 NUMBER (1-800-768-2983 EXT 283-8501). AS YOU MAY RECALL, LAST YEAR JUDGE HUGUELET INSTRUCTED THE DEPARTMENT TO COOPERATE WITH ME IN MATTERS REASONABLY RELATED TO MY CRIMINAL DEFENSE – ORDERS DATED 7/6/16 & 7/21/16 WHICH ARE STILL VALID AN IN EFFECT AS THE CASE ITSELF REMAINS OPEN, SOA v McLaughlin 3KN-15-1864Ce. IN THIS REGARD, PLACEMENT IN BUILDING 10 HAS ADDRESSED MANY OF THE ISSUES RAISED BEFORE. HOWEVER, THE PHONE ISSUE NEEDS TO BE ADDRESSED AND IT HAS OCCURRED TO ME THAT IF IT IS POSSIBLE FOR THE FACILITY TO GIVE EVERY POLICE INFORMANT IN GP UNLIMITED INDIGENT PHONE CALLS SIMILAR ARRANGEMENTS CAN BE MADE ME, YOUR CONSIDERATION IN THIS MATTER WOULD SINCERELY BE APPRECIATED. THANK YOU AND GOD BLESS! SINCERELY & RESPECTFULLY, Michael J M'L 9/17/17

Inmate Signature: Michael J M'L

Date: 9/17/17

Final Action Taken: Talk to your PD.

Employee Signature:

Date: 9/19/17

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution: Original to Case Record
Department of Corrections, Form 808.11A
Rev.04/08

INMATE COPY

EXHIBIT J-2

| PRISONER NAME | OBSCIS # | ACOMS LOG # |
|---|---|---|
| **Mclaughlin, Michael** | **166227** | **WW 17-66** |

**INVESTIGATOR'S FINDINGS AND RECOMMENDATIONS:**

Grievant Mr. McLaughlin claims he should not have his phone restricted because there is no rule in the handbook or Policy stating specifically that he cannot trade or give his phone PIN to another offender. He also claims he received a legal calls only Individual Determination Restriction (IDR) that violates his rights.

Policy and Procedure 810.01 VII. Procedures A.1.b. States "**The Superintendent, based upon an individual determination that reasonable grounds exist to believe that the prisoner's telephone use threatens facility security, the safety of a person, the protection of the public, or otherwise constitutes telephone abuse:**"

Mr. McLaughlin states he represents himself, he also stated he has not requested any legal calls. When I spoke with Mr. McLaughlin he did clarify that he already has full access to the phones now. He requests clarification be added to the Handbook that informs offenders of what conducted is not allowed in regards to Offender Phone PINs. I recommend the Compliance Sergeant add a memorandum to the Handbook to clarify proper use and control of phone PINs, until the Handbooks are updated again.

INVESTIGATION: I met with grievant on    Jan 4th,      at   1040   Hours.

INVESTIGATOR'S SIGNATURE: _____    DATE: 1·4·18

**SUPERINTENDENT'S FINDINGS AND DETERMINATION:**

Phone pins are not to be traded. Your PIN has already been returned to you. grievance points are denied.

SUPERINTENDENT'S SIGNATURE: _____    DATE: 1/4/18

**PRISONER'S RESPONSE:**

    I AM SATISFIED WITH THIS RESPONSE.

**X**   I AM NOT SATISFIED WITH THIS RESPONSE.

     BUT **DO NOT** WISH TO APPEAL

     **X**   AND **DO INTEND** TO APPEAL TO THE Director of Institutions OR the Medical Advisory Committee

I UNDERSTAND THAT MY COMPLETED STATEMENT OF APPEAL FORM MUST BE SUBMITTED TO THE Facility Standards Officer **WITHIN TWO WORKING DAYS OF THIS DATE**.

PRISONER'S SIGNATURE: _____    DATE: 1·5·18

FORM DELIVERED TO PRISONER BY OFFICER    J. Howland    01-05-2018   1440

(PRINT NAME/SIGNATURE)     (DATE/TIME)

Distribution:   Original to Prisoner's Case/Medical File
           Prisoner
           Facility Standards Officer

Page 2 of 2

*Department of Corrections, Form 808.03C*
*Rev. 09/06*

Exhibit J-3

INMATE COPY



THE STATE
*of* ALASKA

GOVERNOR BILL WALKER

**Department of Corrections**

Division of Institutions
Wildwood Correctional Complex
10 Chugach Ave
Kenai, Alaska 99611
Main: 907.260.7200
Fax: 907.260.7208

## MEMORANDUM

TO:     All Prisoners

DATE: January 5, 2018

THRU:  Shannon McCloud, Superintendent

FROM:  David Cleveland, Facilities Standard Sergeant

SUBJECT: Securus Pin Numbers

---

Effective immediately, a prisoners' Securus pin number is private and considered confidential. Prisoners are not allowed to sell, trade, barter, give or in any way use their pin number other than for themselves. This directive is considered a direct order and any violations may result in disciplinary action. If you have any questions, please contact the Facility Standards Sergeant. This directive will be included in the version of the Prisoner handbook.

" Exhibit J-4 "

STATE OF ALASKA                           DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: | Institution: | Room #: | Date: | ACOMS #: |
|-------|-------------|---------|-------|----------|
| McLaughlin, Michael | **WPT** 128 | 114 | 2·1·18 | 166227 |

To: ASSISTANT SUPERINTENDANT CARLON

Request: I WOULD LIKE TO HAVE A WORD WITH YOU CONCERNING MY CURRENT "COPIES LIASON" FSO CLEVELAND WHERE I DO NOT BELIEVE HE IS UP TO THE TASK. LETS FORGET FOR A MOMENT THE HE KNOWS (OR PRETENDS) NOTHING ABOUT COURT RULES OR PROCEDURE, OR THE FACT THAT HE TENDS TO TAKE SET BACKS PERSONALLY—THE DEAL BREAKER HERE IS HIS WILLINGNESS TO DISCLOSE MY PRIVATE (22 AAC 05.095) AND CONFIDENTIAL (EVIDENCE RULE 503) PAPERWORK AND WORK PRODUCT TO OTHERS WHO HAVE LEAKED THIS INFORMATION. EVIDENCE OF THIS COMES IN THE FORM OF A COURT ORDER IN ONE OF MY CRIMINAL CASES THAT IS ALSO ASSOCIATED WITH CIVIL LITIGATION I AM ATTEMPTING TO PURSUE. HERE HE

| Inmate Signature: | Date: |
|-------------------|-------|
| [signature] | 2.1.18 |

RETAINED ON OF MY DOCUMENTS UNDER THE GUISE THAT HE WISHED TO FIND OUT IF I WAS "AUTHORIZED" TO COPY

Action Taken: A CIVIL SUMMONS FORM FOR FILING A LAWSUIT IN FEDERAL COURT AND SHARED OR LOST THIS DOCUMENT WHICH RESULTED IN THE INFORMATION BEING LEAKED, THIS IN TURN RESULTED IN AN ADVERSE ACTION BEING TAKEN IN ONE OF MY CRIMINAL CASES WITHIN DAYS OF THE LEAK. THE PROOF I HAVE IS, AS USUAL, PRETTY CONVINCING. IN ANY EVENT, WE NEED TO DISCUSS A SUBSTITUE BECAUSE FSO CLEVELAND IS CLEARLY NOT WORKING. YOUR CONSIDERATION IS APPRECIATED, THANK YOU & GOD BLESS!

| Employee Signature: | Date: |
|---------------------|-------|
| | |

Final Action Taken: On speaking to the F.S.S. I am enjoined that all actions are being cleared with the A.G. office.

| Employee Signature: | Date: |
|---------------------|-------|
| D Carlon | 2-2-18 |

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution:    Original to Case Record
*Department of Corrections, Form 808.11A*
*Rev.04/08*

HANDWRITTEN COPY! FILE

"EXHIBIT K"

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

## REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL L | Institution: **WPT** **128** | Room #: 114 | Date: 2·11·18 | ACOMS #: 166227 |
|---|---|---|---|---|

To: SUPERINTENDENT McCLOUD

Request: THAT YOU REVIEW THE PRACTICES AND UNWRITTEN POLICIES I AM CURRENTLY BEING SUBJECTED TO PERTAINING TO THE HANDLING OF MY LEGAL PAPERS, COPIES ACCESS, ACCESS TO LEGAL MATERIALS, AND MY RIGHTS OF SELF-REPRESENTATION OVERALL. SINCE I BEGAN ASCENDING THE CHAIN OF COMMAND UPON THIS TOPIC I HAVE BEEN DENIED ACCESS TO RESEARCH ~~INMATE COPY~~ DOC ADMITS THEY HAVE A DUTY TO PROVIDE TO PRISONERS [FSO Loc # WN 17-58], HAD MY PHONE ACCESS ~~ADDICT~~ INTERRUPTED IN A COMPLETE AND TOTAL ABSENCE OF RULES OR POLICIES AUTHORIZING THAT ACT OR PROHIBITING THE CONDUCT ALLEGED TO HAVE BEEN THE TRIGGERING EVENT [FSO Loc # WN 17-66], BEEN DISCIPLINED TWICE FOR ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT [IR # 14-14844 & 14428], AND NOW HAVE MY VERY OWN "COPIES COP" WHO HAS, ON AT LEAST THREE OCCASSIONS, DENIED MY COPIES

REQUESTS WHICH HAVE INTERFERED WITH

MY ACCESS TO THE FEDERAL COURTS OR THE FILING OF A STAFF MISCONDUCT GRIEVANCE CONCERNING,

| Inmate Signature: SINCERELY & RESPECTFULLY _mjmel_l_ | Date: 2·11·18 |
|---|---|

Action Taken: YOU GUESSED IT, CLEVELAND'S INTRUSIVE HANDLING OF MY LEGAL DOCUMENTS. (EXHIBIT A) LETS FORGET FOR THE MOMENT THAT I HAVE AN ACTIVE COURT ORDER PROTECTING MY SIXTH AMENDMENT RIGHTS (EXHIBIT B), OR THAT DOC ADMITS WRONGDOING OR MALFEASANCE PERTAINING TO THESE ILLICIT ACTIVITIES (FSO LOGS, ED.) INSTEAD, LETS FOCUS ON WHAT TRANSPIRED THE LAST TIME I HAD THIS DISCUSSION WITH FACILITY STAFF (CIRCA 2008-2009) SUPERINTENDENT McCLOUD, TIMES HAVE CHANGED AND WE ARE NOW IN A MORE ENLIGHTEN AGE. I AM AWARE OF THE FACT THAT YOUR POLICIES ARE GENERALLY DIRECTED AT KEEPING IN STEP WITH MORE MODERN VIEWS. IT IS UPON THIS PREMISE THAT I NOW ASK YOU, AS THE HIGHEST RANKING OFFICIAL AT

| Employee Signature: | Date: |
|---|---|

THIS FACILITY TO: (1) PULL FSO CLEVELAND OFF MY BACK WHERE HE HAS ABSOLUTELY NO IDEA WHAT HE CAN OR CAN NOT DO LEGALLY ANYWAY, (2) RETURN MY STATUS TO THAT OF OTHER PRISONERS SO THAT

Final Action Taken: I AM ABLE TO OBTAIN COPIES AND OTHER SERVICES THROUGH ANY ON DUTY S/S AS THIS LATEST "MICKEY POLICY" HAS ALREADY RESULTED IN THREE LATE FILINGS A TWO PROCEDURAL DEFAULTS TO DATE, AND (3) RETURN THE ATTACHED DOCUMENTS WITH YOUR RESPONSE SO THAT I HAVE A COMPLETE RECORD OF THIS TRANSACTION. YOU MAY ALSO CONSIDER THIS MY FINAL ATTEMPT AT INFORMAL RESOLUTION. YOUR CONSIDERATION IS APPRECIATED. THANK YOU AND GOD BLESS! —m+m 2·11·18

Mike —
This order applies to only that case, John Bodick told
s that. you cannot do illegal work for others, please
top. We, by policy, give you all we can. We are

| Employee Signature: | Date: |
|---|---|

~~Instructions: [Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to~~ by staff in a timely manner. keep p. prisoner.

ribution: Original to Case Record You must give us ample time to get artment of Corrections, Form 808.11 04/08 Your Copies as requested. S. McCCL&

EXHIBIT E

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

### REQUEST FOR INTERVIEW

| Name: | Institution: | Room #: | Date: | ACOMS #: |
|-------|--------------|---------|-------|----------|
| McLaughlin, Michael | WPT 128 | 114 | 2·8·16 | 166227 |

To: GRIEVANCE INVESTIGATOR - OFC HOWLAND

Request: PLEASE PROVIDE ME WITH A COPY OF THE GRIEVANCE FILED IN WW 17-66. THE COPY I WAS FIRST PROVIDED WAS SEIZED DURING A SEARCH OF MY CELL A FEW DAYS BACK AND I NEED THAT INFORMATION TO DRAFT MY LEVEL THREE APPEAL. THIS IS MY SECOND REQUEST WHERE IT WOULD APPEAR THAT I'VE FIRST ONE WAS ALSO EITHER INTERCEPTED OR SEIZED. YOUR CONSIDERATION IN THIS MATTER IS APPRECIATED. AN OTA ACCOMPANIES.... THANK YOU AND GOD BLESS!
SINCERELY & RESPECTFULLY

| Inmate Signature: | Date: |
|-------------------|-------|
| M McLfl | 2·8·16 |

Action Taken: I cannot approve this. I will forward your request to Sergeant Cleveland.

| Employee Signature: | Date: |
|---------------------|-------|
| J. Howland | 02/13/2018 |

Final Action Taken:

GRIEVANCES ARE NOT CONSIDERED LEGAL MATERIAL. HOWEVER, PLEASE SUBMIT A LEGAL COPIES REQUEST PROPERLY COMPLETED AND THE REQUEST WILL BE RE-EVALUATED.

| Employee Signature: | Date: |
|---------------------|-------|
| (S, ) | 2/15/18 |

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

"EXHIBIT M-1"

INMATE COPY

Case 3:18-cv-00085-SLG   Document 1-1   Filed 03/23/18   Page 19 of 26

STATE OF ALASKA                                   DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: | Institution: | | Room #: | Date: | ACOMS #: |
|-------|-------------|--|---------|-------|----------|
| McLaughlin, Michael | **WPT** | 128 | 114 | 2.19.08 | 166227 |

To: _FSO Cleveland_

Request: THAT YOU RECONSIDER YOUR UNINFORMED DECISION CONCERNING THE TWO
PREVIOUS REQUESTS I HAVE MADE FOR A REPLACEMENT COPY OF GRIEVANCE #WNIT-66
FOR THE FOLLOWING REASONS. FIRST, AS INDICATED I LOST THE COPY PROVIDED
TO ME DURING A SEARCH OF MY CELL WHICH MEANS MY NEED TO SEEK A REPLACEMENT
IS DUE TO STAFF ERROR. SECOND, ERROR OR NOT, I WAS NOT GIVEN A PROPERTY
SEIZURE REPORT FOR ANY OF THE PERSONAL ITEMS TAKEN FROM MY CELL THAT DAY.
THIRD, YOUR ASSESSMENT THAT A GRIEVANCE OR RFI ARE NOT LEGAL MATERIALS ONLY
PROVES THE TRUTH IN MY WORDS TO YOU CONCERNING THE LEGAL ADVISE YOU ARE
BEING GIVEN AND YOUR OWN

Inmate Signature: SINCERELY & RESPECTFULLY _m+mel bl_     Date: 2.19.18

SKILLS TO OVERSEE MY ACTIVITIES
IN THE LAW LIBRARY. HERE, I NEED GO NO FARTHER THAN TO POINT TO THE
Action Taken: PROVISIONS OF 28 U.S.C § 1997(e) WHICH REQUIRES PRISONERS SEEKING
TO SUE THEIR CAPTORS TO DEMONSTRATE THAT THEY HAVE EXHAUSTED ALL THEIR
ADMINISTRATIVE REMEDIES BY USING THE PRISONER GRIEVANCE PROCESS. CLEARLY
THAT WOULD ENTAIL PRODUCING DOCUMENTARY EVIDENCE (RFI AND GRIEVANCE FORMS)
WHICH ARE USED BY THE DEFENDANT AGENCY. SIR, I WOULD NOW ASK YOU ONE
FINAL TIME TO REPLACE WHAT WAS STOLEN FROM MY CELL SO I CAN FURTHER
PROCEED. YOUR CONSIDERATION IS APPRECIATED, THANK YOU AND GOD BLESS!

Employee Signature:                               Date:

Final Action Taken:
THE  MATERIALS  ARE  NOT  CONSIDERED
LEGAL  WITHIN  INSTITUTION, HOWEVER, DOCUMENTS
CAN BE  SUBPOENAED  + THEN  AT  THAT
TIME  BECAME  LEGAL  MATERIAL. AS TO THE
SEIZURE  OF  PAPERWORK, I  WAS NOT INFORMED
OF  THAT  NOR  HAVE  I  SEEN  A  LOST PROPERTY
FORM.

Employee Signature:                               Date:
                    (9.) )                         2-20-18

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to
by staff in a timely manner.

Distribution:    Original to Case Record
*Department of Corrections, Form 808.11A*
*Rev.04/08*

"EXHIBIT M-2"                                hwc! FILE

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

## REQUEST FOR INTERVIEW

| Name: | Institution: | Room #: | Date: | ACOMS #: |
|---|---|---|---|---|
| McLAUGHLIN, MICHAEL | WPT 128 | 117 | 1-20-18 | 160227 |

To: FSS CLEVELAND

Request: FYI THAT I HAVE BEEN MOVED TO BLDG #5. I BELIEVE YOU HAVE A COPIES REQUEST OF MINE. IN FACT, BUILDING #10 HAS ALL OF MY LEGAL STUFF AND I HAVE COURT ON MONDAY. YOUR PROMPT ATTENTION TO THIS MATTER WOULD BE APPRECIATED.

THANK YOU AND GOD BLESS!

SINCERELY & RESPECTFULLY,

| Inmate Signature: | Date: |
|---|---|
| M & McL | 1-20-18 |

Action Taken:

CONTACTED 1-21-18

| Employee Signature: | Date: |
|---|---|
| (91) | 1-21-18 |

Final

DOUBLE SIDE DOCUMENT
REMAIN DOUBLE SIDE
1 X 40 = 40

EXHIBIT N-1

_____ure: | Date:

____on being requested (i.e., interview, hearing, etc.). Requests are to be responded to

RECD ON 1-24-18 — ON 1-23-18 HAD DISCUSSION WITH FSO CLEVELAND CONCERNING HIS UNWILLINGNESS TO COPY MY DRAFT SUMMONS FOR THE LAWSUIT I AM DRAFTING AGAINST CDOC. AS OF THIS DATE CLEVELAND STILL HAVE MY DOCUMENT AND I DRAFTED THIS ____ ___ ___ ___ HAS ___ HE RESPOND IN WRITING. — MM 1-24-18

Case 3:18-cv-00085-SLG Document 1-1 Filed 03/23/18 Page 21 of 26

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL | Institution: WPT 128 | Room #: 114 | Date: 2.1.18 | ACOMS #: 166227 |

To: SRGT CLEVELAND - FSO

Request: I AM IN RECEIPT OF YOUR PROPERTY SEIZURE REPORT DATED 2.1.18 YET IT IS UNCLEAR TO ME WHAT IT IS THAT YOU HAVE SIEZED. I AM ASSUMING THAT THIS SIEZURE STEMS FROM THE DORM SHAKEDOWN YESTERDAY SO I AM RATHER INTERESTED TO LEARN PRECISELY IS WHAT YOU HAVE SIEZED. AS YOU MAY RECALL FROM OUT DISCUSSION TODAY - YOU STILL HAVE NOT RETURNED THE DOCUMENT YOU TOOK FROM ME THE WEEK OF 1.18.18 (A FEDERAL SUMMONS THAT WAS CAPTIONED "MICHAEL L McLAUGHLIN V CENTRAL PENINSULA GENERAL HOSPITAL") WHICH YOU TOLD ME YOU WERE GOING TO CHECK WITH THE ATTORNEY GENERAL CONCERNING WHETHER SUCH COPIES (STARTING A NEW FEDERAL LAWSUIT) WAS "AUTHORIZED". IT WOULD APPEAR THAT WHOMEVER YOU SHARED MY

| Inmate Signature: | | Date: |

Action Taken: PERSONAL PRISONER INFORMATION (22 AAC 05.095) LEAKED IT TO OUTSIDE SOURCES SO THAT IT IS NOT HAVING AND ADVERSE AFFECT ON MY CRIMINAL LITIGATION. YOU NEED TO RETURN MY PROPERTY, MAKE THE COPIES I REQUESTED, AND QUIT SHAREING MY CONFIDENTIAL INFORMATION WITH OTHERS OUTSIDE OF THIS FACILITY. YOU MAY CONSIDER THIS MY FINAL ATTEMPT AT AN INFORMAL RESOLUTION. YOUR CONSIDERATION IS APPYRECIATED. THANK YOU AND GOD BLESS.

| Employee Signature: | | Date: |

Final Action Taken:
PROPERTY SEIZURE FOR A WRITE-UP, OTHER PAPEXWORK RETURNED TODAY

| Employee Signature: (signed) (9 /) | | Date: 2-1-() |

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution: Original to Case Record
Department of Corrections, Form 808.11A
Rev.04/08

"EXHIBIT N-2"

HAND WRITTEN COPY
FIVE /DOC

Rec'd on 1/28/18
4:30 Distro

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

STATE OF ALASKA,                    )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        CASE NO. 3KN-17-718CR
                                    )
MICHAEL L. MCLAUGHLIN,              )
                                    )
            Defendant.              )
_____)

## ORDER DENYING MOTION TO SUPPRESS (FILED AS MOTION SEEKING LEAVE TO OFFER A SEALED FILING)

On August 25, 2017 Defendant McLaughlin, *pro per*, filed his *Defense Motion Seeking Leave to Offer a "Sealed" Filing*. The State filed its response on September 5, 2017. The court has interpreted this motion as a motion to suppress. Several hearings have been held regarding this motion. In the November 13, 2017 *Order on Pending Motions* the Court advised the parties that Defendant's *Motion Seeking Leave to Offer a "Sealed" Filing* has been interpreted by the Court to be a motion to suppress evidence relating to his blood draw and would be ruled on as such. At that time, the Court requested one final briefing from the parties on the issue of suppression. Defendant was given 20 days from the distribution of the *Order* to file any supplemental briefing or request another evidentiary hearing if he believed one was necessary. On December 20, 2017 the Court, at Defendant's request, granted him a 20 day extension in which to file his supplemental briefing. No such briefing has been filed and the motion to suppress is now ripe for consideration. For the following reasons the motion is **DENIED**.

**I.    Background**

" Exhibit O-1 "

On the night of June 24, 2017, dispatch received a call about an unconscious male behind the wheel of a vehicle. Nikiski Fire Department EMTs responded to assess the patient. They found two women administering CPR to Defendant. The EMTs ascertained Defendant was under the influence of drugs and administered Naloxone, after which Defendant regained consciousness. NFD requested the Troopers respond. Trooper Hershberger responded. En route he learned Defendant became difficult for the EMTs who transported him to CPH. Trooper Hershberger then responded to CPH. Upon his arrival at CPH, the Trooper learned Defendant was uncooperative and refusing to give his name. At some point, blood was drawn. Several search warrants issued. Defendant's blood later tested positive for illegal substances.

## II.    Law and Analysis

Defendant argues that EMTs disclosed his private medical information over the radio to Troopers who then responded. He also argues that the hospital conducted a non-consensual, warrantless blood draw. He further argues the trooper intruded into privacy by "barging into [his treatment area, demanding to be given access to information without a warrnt [sic] or probable cause"[1] and got the hospital staff to search his belongings. His reply further develops his argument. Based on these arguments, the Court has interpreted Defendant's motion to be a motion for the suppression of evidence relating to his blood draw.

### A.    The physician-patient privilege does not apply to criminal proceedings.

Defendant makes repeated references to the physician-patient privilege. From the pleadings, Defendant appears to argue that medical personal violated their professional responsibilities and Defendant's medical privacy by, among other things, informing the Trooper that they were going to draw Defendant's blood.

---

[1] "Defense Motion Seeking Leave to Offer a 'Sealed' Filing", 6.

" Exhibit O-2 "

This medical privacy argument is noted is a similar case, *Moberg v. Municipality of Anchorage*, 152 P.3d 1170 (Alaska App. 2007), but not directly addressed. In *Moberg*, the defendant's blood alcohol content after an accident was ascertained as a result of a search warrant for the defendant's medical records from the resulting hospital visit where hospital staff drew the defendant's blood. The defendant raised the argument that the search warrant affidavit could not include the information that the hospital had drawn his blood and planned to test it for alcohol content as it was part of his private medical records, a component of his treatment, and therefore, the medical staff could not disclose it to the police.[2] The Court of Appeals bypassed deciding this issue due to inadequate briefing; however the court did note two things: (1) the physician-patient privilege does not apply to criminal proceedings[3] and (2) even the broader attorney-client privilege usually does not protect "incidents of representation" such as the client's name, amount and payment of a fee, and that an attorney-client consultation occurred.[4] As the physician-patient privilege does not apply to criminal proceedings, the Court will not suppress evidence relating to the blood draw on this basis.

B. **In so much as Defendant relies on HIPAA to argue an intrusion into the privacy of his medical records, the exception found in 45 C.F.R. § 164.512(f)(6)(i) for law enforcement purposes applies.**

Additionally, Defendant appears to argue that some violation of the Health Insurance Portability and Accountability Act of 1996 requires suppression of the evidence relating to the blood draw. As the State has pointed out, the results of Defendant's blood draw were obtained pursuant to a warrant.

45 C.F.R. § 164.512(f)(6)(i) permits disclosure when reporting crime in emergencies. It provides that [a] covered health care provider providing emergency health care in response to a

---

[2] *Moberg*, 152 P.3d at 1180.
[3] *Id.* (citing Alaska Evidence Rule 504(d)(7)).
[4] *Id.* (citing *Moudy v. Superior Court*, 964 P.2d 469 (Alaska App. 1998)).

Exhibit O-3

medical emergency, other than such emergency on the premises of the covered health care provider, may disclose protected health information to a law enforcement official if such disclosure appears necessary to alert law enforcement to: (A) the commission and nature of a crime; (B) the location of such crime or of the victim(s) of such crime; and (C) the identity, description, and location of the perpetrator of such crime. Defendant's argued violations of HIPAA fall under this exception. Therefore, the Court will not suppress evidence relating to the blood draw on this basis.

## II.    Conclusion

For the foregoing reasons, the motion to suppress is **DENIED**.

Dated at Kenai, Alaska this $\underline{25}$ day of January, 2018.

Jennifer K. Wells
SUPERIOR COURT JUDGE

I certify that a copy of the forgoing was
✓ mailed to _Ault_
___ placed in court box to _____
___ faxed to _____
✓ scanned to _DA_
VB                        1-26-18
Judicial Assistant        Date

"Exhibit O-4"