Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska       99611-7098

IN THE DISTRICT COURT FOR THE UNITED STATES

DISTRICT OF ALASKA AT ANCHORAGE ALASKA

MICHAEL L. McLAUGHLIN,                    )
                                          )
                Plaintiff;                )
       vs                                 )
                                          )
SHANNON S. McCLOUD, et. al.,              )
                                          )
                Defendant(s).             )
                                          )
_____ )   Docket No. # _____

E X H I B I T S

C L A I M   N U M B E R   T W O

| 11/5/07 | Cleveland | Warned by me after d-board to not do legal work for other inmates. |
|---|---|---|

| 6/6/11 | Richard E. Dominick | Inmate McLaughlin was given a direct order by me not to be in possession of other inmates legal material outside of the Law Library and not to give legal assistance to other inmates without the approval of the Superintendent. |
|---|---|---|

| 3/30/15 | Hames | Warned for accepting legal paperwork through 1B from John Preston, which was Devin Davis'. McLaughlin denied he was trying to conduct legal work and was just using the phone. I locked him down for about 45mins. |
|---|---|---|

| 8/26/17 | French | Following a shakedown of Mclaughlin's room I found various legal materials from inmates Charles Brady, Donald Mcdonald, and Travis Mchone. I seized the legal materials and returned McLaughlins case law writings. I gave him a direct order to not complete or possess any other persons legal materials outside of the law library. He attempted to argue with me about issuing an unlawful order. I quoted policy 814.02 and restated that he cannot do these things outside of the law library. This conversation took place in the Shift office with SSgt Delgado and Ofc Kline present. Mclaughlin thanked me and left. |
|---|---|---|

WAS ALSO INFORMED THAT
SPOT BECAUSE CLEVELAND HAD DETERMINED TO
THAT A WITNESS AT THE HEARING NEEDED TO
BE A WITNESS AT THE No. # 18-14428
Re: IR Log No. # 18-14428
"CUT & PASTE" EXCERPT OF "
"CUMULATIVE OBSERVATIONS LOG
WAS TOLD OTHER MATERIAL WAS NOT
Rec'd ON RELEVANT TO THE WRITE-UP
2-21-18 ② (2 PAGES)
FROM OFFICER(S)
HAMES & SAVOY

" Exhibit AA "

# STATE OF ALASKA

### DEPARTMENT OF CORRECTIONS

*KENAI DISTRICT PROBATION/PAROLE OFFICE*

Sarah Palin, GOVERNOR

120 TRADING BAY RD., SUITE 290
KENAI, ALASKA 99611-9198
PHONE: (907) 283-3125
1-800-454-3125 FAX: (907) 283-4544

April 3, 2008

**RECEIVED**

APR -- 9 2008

KENAI PROBATION

The Honorable Margaret L. Murphy
Superior Court Judge
Homer Superior Court
3670 Lake Street
Homer, AK 99603

RE: Michael McLaughlin
3HO-S06-506 CR
Presentence Letter Update
Sentence Date: April 8, 2008

Your Honor:

This report will update the information in the Presentence Report completed on June 20, 2007, by Probation Officer Paul W. Scott in 3HO-S06-506 CR, Count I, Felony Driving Under the Influence and Count II, Felony Refusal to Submit to a Chemical Test.

Since the time of the defendants arrest for the present offense, he has been in the custody and care of the Department of Corrections (DOC) and housed at the Wildwood Pretrial Facility (WPT). During his time at WPT, Mr. McLaughlin has been found guilty of three infractions. Two infractions were for, "Refusing to obey a direct order of a staff member", and one infraction was for, "Extortion, blackmail, or protection, such as the demanding or receiving of favors or anything of value in return for protection against bodily harm, property loss, or under the threat of informing."

On October 29, 2007, at approximately 1430 hours, inmate Carlos Hartley was being released from WPT and was asked if he was carrying out any messages for other inmates. Inmate Hartley admitted to carrying a letter for the defendant. The letter was addressed to inmate Darrell Petersen's father and instructed him to place $150 into the defendants account.

On November 8, 2007, at approximately 1545 hours, the defendant was found to be in possession of legal material pertaining to six (6) inmates. He was previously ordered not to be in possession of other inmate's legal material.

Exhibit BB-1

Case 3:18-cv-00085-SLG   Document 1-2   Filed 03/23/18   Page 3 of 36

On November 29, 2007, at approximately 0909 hours, while Sgt Cleveland was conducting a shakedown of dormitory 2, the defendant was found to be in possession of another prisoner's legal material, in violation of a standing order not to possess such material.

Mr. McLaughlin's institutional behavior continues to demonstrate his incessant willingness to disregard the rules and to break the law without regard to any consequences that the Court or the Department of Corrections might impose; therefore there are no changes to this officer's original recommendation that Mr. McLaughlin be sentenced to the maximum amount of time allowed by law, ten (10) years flat time.

Respectfully Submitted,

Paul W. Scott
Adult Probation/Parole Officer I

APPROVED:

Ruben A. Foster
Adult Probation/Parole Officer III

Date: April 3, 2008

Original to Kenai Superior Court
cc:       Kenai District Attorney
          Kenai Public Defender Agency

Attachments: None

"EXHIBIT BB-2"

# STATE OF ALASKA

**Bill Walker**
**GOVERNOR**

## DEPARTMENT OF CORRECTIONS

### WILDWOOD CORRECTIONAL WCC

*10 CHUGACH AVENUE*
*KENAI, ALASKA 99611-7099*
*PHONE: (907) 260-7200*
*FAX: (907) 260-7208*

## MEMORANDUM

TO: McLaughlin, Michael
ACOMS: 166227

DATE: January 18, 2018

THRU: Shannon McCloud
Superintendent

FROM: David Cleveland
Facility Standards Sergeant

SUBJECT: Individual Determination
Restriction

---

Today the administration received two Request for Interview, that were written by you for another prisoner. One concerned a legal mailing and the other confidential mail. This is a violation of 814.02 (VI) (D) 1:

"A prisoner may receive assistance from another prisoner within the same facility only to use the law library, conduct legal research, or prepare legal pleadings. A prisoner has no right to assistance from a specific prisoner."

A prisoner is not allowed to write for another. This Individual Determination Restriction had been written to inform you that this behavior is not allowed. Any further behavior of this type may result in a violation of infraction C-19 and result in a write-up for you.

If a prisoner requires assistance in completing a Request for Interview. I will assign an educational tutor to assist the prisoner as per 808.11(VII) (A) 4.

Distribution: Prisoner
Lieutenant
Shift Supervisors (4)
FSS/FSO
Office Assistant II
Prisoner File

COPY

"Exhibit CC-1"

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT**

| NAME OF PRISONER: | OB#: | DOB: | CURRENT BLDG: | THIS IR: | 5 | DATE: | 2/1/18 |
| *McLaughlin, Michael* | 166227 | Redacted 1965 | Wildwood Pretrial Facility | | | TIME: | 0730 |

MARK COURSE OF ACTION: *(To be determined and entered by the Assistant Superintendent)*

| ☑ DISCIPLINARY | ☐ INFORMATION |
|---|---|

INFRACTION CITATION & TITLE: **22 AAC 05.400**    **C-19**

Refusing to obey a direct order of a staff member

F Clause ■

_Narrative:_

This morning there was a Request for Interview that had been placed into the Facility Standards Sergeant mailbox. The Request for Interview was from prisoner Matthew Scarito requesting to have two documents taken to the courthouse to be filed. Both documents are written by another prisoner. Both documents were signed by prisoner Scarito. It was determined that both documents were written by prisoner McLaughlin. This is based on the handwriting which I am very familiar with. I have had many interactions with prisoner McLaughlin and know his handwriting very well.

On January 18, 2018 prisoner McLaughlin received and Individual Determination Restriction for writing for other prisoners. This documentation is in clear violation of the Individual Determination Restriction. It states a violation may result in an infraction of rule C19.

The documentation was seized as evidence and Property Seizure and Evidence Record were initiated. Attached is a copy of the Individual Determination Restriction.

EOR

Exhibit (C-1"

| Copy of Report to Prisoner: | Reporting Staff: Sergeant David Cleveland |
|---|---|
| DATE:            TIME: | Signature:                          Date:2/1/18 |
| Disposition: | Chair Person or Resolution Officer: |
| | Member: |
| | Member: |

On matters referred to the Disciplinary Committee as a result of this report, see the Written Report of Disciplinary relative to this incident.

FINAL COPY TO PRISONER: DATE:_____ TIME:_____ STAFF SIGNATURE:_____

20-809.03 4/06 MB

**Page 1 of 1**



STATE OF ALASKA
DEPARTMENT OF CORRECTIONS

# Report of Disciplinary Decision:

**File #:** 18-14428

**Prisoner's Name:** Mclaughlin, Michael          **Offender #:** 166227          **DOB** <sup>Redacted</sup>1965

**Institution:** Wildwood Pretrial Facility

**Offense(s) Of Conviction:**

**Sentence:**

**Projected Release Date:**

**Date & Time Of Disciplinary Hearing:** March 7, 2018 @ 0850

**Rule Infraction(s):** C19

**Date Of Infraction:** 02/01/18

| Infraction: | ☐ Major | ☒ High Moderate | ☐ Low Moderate | ☐ Minor |
|---|---|---|---|---|
| **Committee Decision:** | ☐ Dismissed | ☒ Guilty | ☐ Not Guilty | ☐ Information |

**Committee Members:**

Chairperson: Ofc. Hames          Member:          Member:

**Summary of prisoner's statement:**     Prisoner Pled: ☐ Guilty          ☒ Not Guilty          ☐ No Plea

I deny committing the infraction, disobeying a direct order. I don't think I have to go any farther than to point to the contents of the report. If I understand the report the allegation is that I disobeyed the direct order given to me on January 18th. Now the IDR is included in the report and if you look closely at the IDR, *IDR is read into record by Mr. Mclaughlin* Just to give you some background information this involved a prisoner named Chris Gregory who we had been given permission for me to do this stuff and all of the sudden he revoked permission, why he did that is not a subject because we have narrowed the scope of this as to whether I violated a rule violation. If you read the IDR it talks about Request for Interview forms. It also says official department policy is that prisoners are allowed to help each other prepare leagal pleadings. Now lets look at the three pieces of evidence that were seized. Now the three pieces consists of an RFI that has nothing remotely on it resembling my hand writing. Then there are two documents that liberally construed could be considered legal documents. One fo them an official court form, with a different type of handwriting on it but it is signed by Mr. Scarito. The other one is a deficieny notice with some additional writing on it that is signed by Mr. Scarito, now them are both legal pleadings. My position is simply this that the order given to me IDR was not violated when I helped this guy fill out this paperwork. I am not denying the conduct all Iam saying is they told me not to write on anyones RFI's and  my handwriting is there nowhere. My handwriting is on the legal pleadings and the IDR,

Ofc Hames- Hang on, where does it say not to write on RFI's?

Mclaughlin- It says here in paragraph 1 and 4. The exact language of this particular direct order, exact allegation is that I wrote on an RFI, and that is not what occurred. I am not guilty, that simple. I think that's why Sgt. Brown though perhaps it would be good to have Sgt. Cleveland here, because anyone that takes a close look at this can see that the conduct alleged does not violate the IDR itself. The allegation isn't that I violated a zillion direct orders in the past and who was president in 2007, that's not what were talking about. They are talking about whether my conduct stepped outside the scope of that IDR and I am saying it clearly did not. The documentary evidence shows that.

Ofc Hames- Okay anything else? any other evidence?

*Exhibit CC-3*



Mclaughlin- I don't think so, most of the other stuff I was prepared to present today was um.. actually I do, ok this is I will read it into the record. Word for word out of Wildwood Pretrial Handbook, from 2017 pages 18-19. This is the rules concerning law library, interaction and association. *Reads into record the policy* Which puts the duty on the guy asking me for help to get permission, not me. As far as I know Mr. Scarito did not do that and as far as I know he was not written up. *Continues reading policy* I wasn't accused of possessing anything so we are back to what the IDR says. It was for me to the rules and if you look at the documents that are in the evidence I followed the rules to the letter, the order in the IDR, and the written facility policy and rules concerning such conduct. I don't see why I was written up.

Ofc hames- Any witnesses or staff members?

mlaughlin- No i don't believe so

Hames- ok off record

## Summary of witness testimony:
None requested at the hearing

## Summary of adjudication decision: (Including reasons, evidence considered and specific facts upon which finding is based.)
Guilty of C19 based on reports as written, evidence presented, and prisoner testimony.

## Summary of disposition decision: (Including reasons, factors considered and specific elements upon which disposition is based.)
10 days punitive segregation imposed to encourage Prisoner Mclaughlin to follow rules of the facility.

**Attachments:**    ☒ Yes (Identified below.)    ☐ No (Reason(s) why not below.)

## Evidence:
Incident Report, Evidence Record, RFI, Legal Paperwork, IDR

## Report of witness and / or evidence disallowed limited or not called:
All allowed

## The summary finding, including the prisoner's intention or waiver to appeal the Committee's decision:
After careful consideration of the prisoners testimony, evidence records including the IDR, and the reports Chairperson Ofc. Hames found it more likely than not that the prisoner did commit the infraction as listed on the report. The prisoner intends to appeal the decision.

**Prisoner intends to appeal:**    ☒ Yes    ☐ No

_____          _____
Prisoner Signature / Printed Name:                                                     Date / Time:

_____          _____
Officer Signature / Printed Name:                                                      Date / Time:

Exhibit CC-4

STATE OF ALASKA                                    DEPARTMENT OF CORRECTIONS

## REQUEST FOR INTERVIEW

| Name: | Institution: | Room #: | Date: | ACOMS #: |
|---|---|---|---|---|
| McLaughlin, Michael L | WPT 128 | 114 | 2·11·18 | 166227 |

To: Superintendent McCloud

Request: THAT YOU REVIEW THE PRACTICES AND UNWRITTEN POLICIES I AM CURRENTLY BEING SUBJECTED TO PERTAINING TO THE HANDLING OF MY LEGAL PAPERS, COPIES ACCESS, ACCESS TO LEGAL MATERIALS, AND MY RIGHTS OF SELF-REPRESENTATION OVERALL. SINCE I BEGAN ASCENDING THE CHAIN OF COMMAND UPON THIS TOPIC I HAVE BEEN DENIED ACCESS TO RESEARCH MATERIALS DOC ADMITS THEY HAVE A DUTY TO PROVIDE TO PRISONERS [FSO Loc # WN 17-53], HAD MY PHONE ACCESS ARBITRARILY INTERRUPTED IN A COMPLETE AND TOTAL ABSENCE OF RULES OR POLICIES AUTHORIZING THAT ACT OR PROHIBITING THE CONDUCT ALLEGED TO HAVE BEEN THE TRIGGERING EVENT [FSO Loc # WN 17-66], BEEN DISCIPLINED TWICE FOR ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT [IR # 14-14344 & 14428], AND NOW HAVE MY VERY OWN "COPIES COP" WHO HAS, ON AT LEAST THREE OCCASSIONS, DENIED MY COPIES

REQUESTS WHICH HAVE INTERFERED WITH
MY ACCESS TO THE FEDERAL COURTS OR THE FILING OF A STAFF MISCONDUCT GRIEVANCE CONCERNING,

Inmate Signature: Sincerely & Respectfully [signature]
Date: 2·11·18

Action Taken: YOU GUESSED IT, CLEVELAND'S INTRUSIVE HANDLING OF MY LEGAL DOCUMENTS. (EXHIBIT A) LET'S FORGET FOR THE MOMENT THAT I HAVE AN ACTIVE COURT ORDER PROTECTING MY SIXTH AMENDMENT RIGHTS (EXHIBIT B), OR THAT DOC ADMITS WRONGDOING OR MALFEASANCE PERTAINING TO THESE ILLICIT ACTIVITIES. (FSO LOGS, ID) INSTEAD, LET'S FOCUS ON WHAT TRANSPIRED THE LAST TIME I HAD THIS DISCUSSION WITH FACILITY STAFF (CIRCA 2008-2009) SUPERINTENDENT McCLOUD, TIMES HAVE CHANGED AND WE ARE NOW IN A MORE ENLIGHTEN AGE. I AM AWARE OF THE FACT THAT YOUR POLICIES ARE GENERALLY DIRECTED AT KEEPING IN STEP WITH MORE MODERN VIEWS. IT IS UPON THIS PREMISE THAT I NOW ASK YOU, AS THE HIGHEST RANKING OFFICIAL AT

Employee Signature:                                Date:

THIS FACILITY TO: (1) PULL FSO CLEVELAND OFF MY BACK WHERE HE HAS ABSOLUTELY NO IDEA WHAT HE CAN OR CAN NOT DO LEGALLY ANYWAY, (2) RETURN MY STATUS TO THAT OF OTHER PRISONERS SO THAT Final Action Taken: I AM ABLE TO OBTAIN COPIES AND OTHER SERVICES THROUGH ANY ON DUTY S/S AS THIS LATEST "MIKEY POLICY" HAS ALREADY RESULTED IN THREE LATE FILINGS A TWO PROCEDURAL DEFAULS TO DATE, AND (3) RETURN THE ATTACHED DOCUMENTS WITH YOUR RESPONSE SO THAT I HAVE A COMPLETE RECORD OF THIS TRANSACTION, YOU MAY ALSO CONSIDER THIS MY FINAL ATTEMPT AT INFORMAL RESOLUTION, YOUR CONSIDERATION IS APPRECIATED. THANK YOU AND GOD BLESS! —m·m 2·11·18

Mike —
This order applies to only that case, John Bodick told
is that. You cannot do legal work for others, please
stop. We, by policy, give you all we can. We are
not sure what else to do... Request elsewhere ...
You must give us ample time to get
your copies as requested. S. McCloud

Employee Signature:                                Date:

Instructions: [Request] must be specific and state the [action being requested (i.e. interview, hearing etc) / Requests are to be responded to]
by staff in a timely manner.

Distribution: Original to Case Record
Department of Corrections, Form 808.11B
Rev.04/08

Case 3:18-cv-00085-SLG   Document 1-2   Filed 03/23/18   Page 9 of 36

EXHIBIT DD

STATE OF ALASKA

DEP...TMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: McLaughlin, Michael | Institution: **WPT 128** | Room #: 114 | Date: 3.8.18 | ACOMS #: 166227 |
|---|---|---|---|---|

To: SECURITY

Request: IT HAS COME TO MY ATTENTION THAT MY MOMS PHONE NUMBER 770-549-8027 IS RESTRICTED. NOW I KNOW THAT THIS IS SOME SORT OF DIGITAL ERROR AND THAT NO ONE HERE AT THIS FACILITY WOULD DRAG MY MOM INTO THIS BULLSHIT LITTLE GAME WE PLAY DAY AFTER DAY, PLEASE SO TO IT THAT THIS MATTER IS PROMPTLY CORRECTED. YOUR PROMPT CONSIDERATION INTO THIS MATTER IS SINCERELY APPRECIATED

THANK YOU AND GOD BLESS!

SINCERELY & RESPECTFULLY

| Inmate Signature: M1M ... | Date: 3.8.18 |
|---|---|

Action Taken: WILL REMAIN BLOCKED. ON 2/23/18 YOU CALLED THIS NUMBER USING ANOTHER PRISONER'S PIN.

| Employee Signature: _____ 107 | Date: 3/9/18 |
|---|---|

Final Action Taken: _____

INMATE COPY

| Employee Signature: | Date: |
|---|---|

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution: Original to Case Record
*Department of Corrections, Form 808.11A*
*Rev.04/08*

"EXHIBIT EE-1"

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

18-14499

REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL | Institution: WPT 128 | Room #: 114 | Date: 3·10·18 | ACOMS #: 166227 |
|---|---|---|---|---|

To: SUPERINTENDENT McCLOUD

Request: I WOULD RESPECTFULLY REQUEST THAT YOU INSTRUCT YOUR SECURITY STAFF TO UNBLOCK MY MOM'S PHONE NUMBER (770-549-8027) BEFORE THE POOR WOMEN WORRIES TO DEATH THINKING THE COPS FINALLY KILLED ME. APPARENTLY IT WAS BLOCKED FOR ANOTHER ALLEGED VIOLATION OF A NON-EXISTENT RULE. IN FACT, I BELIEVE THIS OCCURRED ON THE VERY DAY MY LEVEL III APPEAL BECAME OVERDUE UPON OUR LAST DISCUSSION CONCERNING THIS NON-EXISTENT RULE. WHAT A HAPPY COINCIDENCE, HUH ??? AS YOU MAY RECALL, I TECHNICALLY PREVAILED IN GRIEVANCE WN 17.66 BUT, AS IS TYPICAL OF THE STAFF HERE THE FACILITY STANDARDS OFFICE JUST DRAFTED A TEMPORARY RULE EX POST FACTO TO JUSTIFY THEIR UNAUTHORIZED CONDUCT POST VIOLATION ANYWAY — THEN, AS A FOLLOW-UP SEIZED MY COPIES OF THE PAPERWORK IN A SEARCH OF MY CELL TO PREVENT A TIMELY FILING OF MY LEVEL III APPEAL. IN ANY EVENT, THE TEMPORARY RULE

Inmate Signature: SINCERELY & RESPECTFULLY  _Michael + McL ll_    Date: 3·10·18

Action Taken: EXPIRED ON 2/5/18 WHEN THE DIRECTOR FAILED TO RATIFY IT AS OFFICIAL DOC POLICY AND MY PENDING SCREENED GRIEVANCE APPEAL (WP 18.19) PERTAINING TO FSO CLEVELAND'S ROLE IN INTERFERING WITH MY APPELLATE RIGHT IN WN 17.66 (AMONG OTHER SINS) SITS ON YOUR DESK RIGHT NOW. THIS IS TO SAY NOTHING OF THE FACILITY MANAGER GRIEVANCE (WP 18.18) ALLEGING, YOU GUESSED IT, STAFF MISCONDUCT IN THE AREA OF OFFICIAL REGULATION COMPLIANCE WHICH REMAINS PENDING AS WELL. YOU KNOW MR. McCLOUD, I SEEM TO RECALL FROM THE BE-ATTITUDE CHAPTERS OF MATTHEW JESUS SAYING SOMETHING ABOUT A "...SPECK IN YOUR BROTHERS EYE..." MATT 7:4-5. WARDEN McCLOUD, MY DEAR SWEET MOTHER IS A 71 YEAR OLD CIVILLIAN NON-COMBATANT. PLEASE LIFT THE RESTRICTION OFF MY MOTHERS PHONE. YOUR CONSIDERATION IN THIS MATTER WOULD BE APPRECIATED. THANK YOU AND GOD BLESS!  —Dutton  3/a/18

Employee Signature:    Date:

Final Action Taken:

Forward to Sgt. Kemes

COPY

Employee Signature:    Date:

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution:  Original to Case Record
Department of Corrections, Form 808.11A
Rev.04/08

EXHIBIT EE-2

hwc: FILE

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT**

| NAME OF PRISONER: | OB#: | DOB: | CURRENT BLDG: | THIS IR: | 5 | DATE: | 3/13/18 |
|---|---|---|---|---|---|---|---|
| **McLaughlin, Michael** | **166227** | Redacted 1965 | **Wildwood Pretrial Facility** | | | TIME: | **0930** |

MARK COURSE OF ACTION: *(To be determined and entered by the Assistant Superintendent)*

| | ☒ | DISCIPLINARY | | INFORMATION | |
|---|---|---|---|---|---|

INFRACTION CITATION & TITLE: **22 AAC 05.400** **C-19**          F Clause ▣

Refusing to obey a direct order of a staff member

*Narrative:*

On the above date and time I concluded an investigation of a Request for Interview written by Michael McLaughlin on 3/10/18 and forwarded to me by Superintendent McCloud. In this RFI McLaughlin request that Superintendent McCloud instruct her security staff to unblock his mom's phone number (770-549-8027).

Investigation reveals that phone number 770-549-8027 was blocked due to a call made on 2/23/18 by McLaughlin using the Personal Identification Number of prisoner Eli Dickson (515179).

On 1/5/18 a memo was posted by the Facility Standard Sergeant Cleveland to all the prisoner population and read as follows: Effective immediately, a prisoner's Securus PIN number is private and considered confidential. Prisoners are not allowed to sell, trade, barter, give or in any way use their PIN number other than for themselves. This directive is considered a direct order and any violations may result in disciplinary action. If you have any questions, please contact the Facility Standards Sergeant. This directive will be included in the version of the Prisoner Handbook. When this memo was posted ACOMS shows that McLaughlin was residing in room 322 at building 10 and had free access to all prisoner allowed areas.

A SECURUS records search of calls placed to 770-549-8027 from Wildwood Correctional Facility during the time period of 1/6/18 thru 2/23/18 shows 20 calls were attempted with 11 being completed. The records show that 6 calls were completed using the PIN number of Prisoner Christopher Gregory (377214), 4 calls were completed using the PIN number of prisoner Mark Martin (47532), and 1 call was completed using the PIN number of prisoner Eli Dickson (515179).

SECURUS records show that the number 770-549-8027 is registered to a Claire Howland at 804 Old Tucker Rd. Stone Mountain, Ga. 30087. ACOMS records show that Claire Howland is the emergency contact and mother of McLaughlin. A review of SECURUS recordings of the completed calls clearly establishes McLaughlin talking to his mother by using other prisoner's PIN numbers.

On 3/8/18 I received an RFI from McLaughlin addressing the block on his mother's number of 770-549-8027. My denial of this request prompted the RFI I am currently investigating.

This evidence clearly establishes that McLaughlin knowingly and willingly refused to obey a direct order of a staff member on a minimum of 11 times. Since the blockage of this number there have been 4 attempts to complete calls using other prisoners PIN's than McLaughlin's. It appears by SECURUS records that McLaughlin is continuing to refuse to obey a direct order of a staff member.

| Copy of Report to Prisoner: | Reporting Staff:          SSgt. Kimes |
|---|---|
| DATE:                    TIME: | Signature:                    Date:3/13/18 |
| Disposition: | Chair Person or Resolution Officer: |
| | Member: |
| | Member: |

On matters referred to the Disciplinary Committee as a result of this report, see the Written Report of Disciplinary relative to this incident.

FINAL COPY TO PRISONER: DATE:_____ TIME:_____ STAFF SIGNATURE:_____

20-809.03 4/06 MB

EXHIBIT (EE-3)

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| NAME OF PRISONER: | OB#: | DOB: | CURRENT BLDG: | THIS IR: | 5 | DATE: | 7/12/16 |
|---|---|---|---|---|---|---|---|
| *McLaughlin, Michael* | 166227 | Redacted 1965 | Wildwood Pretrial Facility | | | TIME: | 0955 |

| MARK COURSE OF ACTION: *(To be determined and entered by the Assistant Superintendent)* | | | |
|---|---|---|---|
| | DISCIPLINARY | ☒ INFORMATION | |

| INFRACTION CITATION & TITLE: **22 AAC 05.400** **C-19** | F Clause ☐ |
|---|---|
| Refusing to obey a direct order of a staff member | |

*Narrative:*

At about 0955 hours on July 12, 2016, I notarized an affidavit at the request of Offender Aaron Liskey (307335). The handwriting on the majority of the legal document was familiar to me as that of Offender McLaughlin. I compared the handwriting on the affidavit to that of several Request for Interviews located in McLaughlin's file, which confirmed my suspicion that the writing was done by McLaughlin. There is nothing contained in the document indicating McLaughlin is a party to the case in question.

I showed McLaughlin the affidavit and asked if he wrote it. McLaughlin responded that he would "plead the fifth" if I was asking because there is an investigation. McLaughlin was warned by Sergeant Cleveland on November 5, 2007, to not do legal work for other inmates. A copy of the affidavit and observation cumulatives will be attached to this report. A sample of his handwriting can be obtained from his file when necessary. EOR

ORIGINAL

" Exhibit FF-1 "

| Copy of Report to Prisoner: | Reporting Staff: Hames, CO II |
|---|---|
| DATE:          TIME: | Signature: *Hames*          Date: 7/12/16 |
| Disposition: | Chair Person or Resolution Officer: |
| | Member: |
| | Member: |

On matters referred to the Disciplinary Committee as a result of this report, see the Written Report of Disciplinary relative to this incident.

FINAL COPY TO PRISONER: DATE:_____ TIME:_____ STAFF SIGNATURE:_____

20-809.03 4/06 MB

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| NAME OF PRISONER: | OB#: | DOB: | CURRENT BLDG: | THIS IR: | 5 | DATE: | 5/11/16 |
|---|---|---|---|---|---|---|---|
| **McLaughlin, Michael** | 166227 | Redacted 1965 | **Wildwood Pretrial Facility** | | | TIME: | 2330 |

MARK COURSE OF ACTION: *(To be determined and entered by the Assistant Superintendent)*

| | DISCIPLINARY | ☒ INFORMATION |
|---|---|---|

INFRACTION CITATION & TITLE: **22 AAC 05.400** **D-7**

Possession of anything not authorized for retention or receipt by the prisoner, and not issued through regular facility channels                F Clause ☒

*Narrative:*

On the above date and time prisoner McLaughlin submitted a copy request for copies to be made for him. In looking throug his legal work, before making copies, I noticed that he has Christian Rodgers legal work in the middle of his copy packet to also be copied. Prisoner McLaughlin is known to do legal work for other prisoners for favors and comissary and has tried this method before. Coincidently prisoner Rodgers also submiied legal work to be copied on the same day. Prisoner McLaughlins legal work with prisoner Rodgers legal work that was hidden inside the packet was seized as evience and placed in my evidence locker. E.O.R.------------

"Exhibit FF-2"

| Copy of Report to Prisoner: | Reporting Staff: Sgt. B. Kincaid |
|---|---|
| DATE:          TIME: | Signature: _ _ _ _ _ _ _ _ _ _ _ _ Date:5/12/16 |
| Disposition: | Chair Person or Resolution Officer: |
| | Member: |
| | Member: |

On matters referred to the Disciplinary Committee as a result of this report, see the Written Report of Disciplinary relative to this incident.

FINAL COPY TO PRISONER: DATE:_____ TIME:_____ STAFF SIGNATURE:_____

20-809.03 4/06 MB



THE STATE
of ALASKA
GOVERNOR BILL WALKER

**Department of Corrections**

DIVISION OF PROBATION AND PAROLE
Kenai Adult Probation Office

120 Trading Bay Road, Suite 290
Kenai, Alaska 99611
Main: 907.283.3125
Fax: 907.283.4544

August 22, 2017

Michael McLaughlin
c/o WCC
ACOMS: 166227

Subject: Presentence Worksheet

Dear Sir,

Enclosed is a presentence worksheet with a cover letter attached explaining the purpose of the presentence report and the process. Please fill out the worksheet as completely as possible and return to our office. Please call to schedule an interview with the investigator as soon as possible. If you have any questions or need further clarification, please contact our office at 907-283-3125.

Sincerely,

Bill Fenske
Adult Probation / Parole Officer II

wgf/jms

Enclosures

Exhibit "GG"

FILED IN THE TRIAL COURTS
TATE OF ALASKA THIRD DISTRIC
AT KENAI ALASKA

OCT - 0 2017

Clerk of the Trial Courts
PO: Seiffert 8:59 Deputy

Judge: Hugeulet     DA: Fenske     Def. Attny: Lockwood

### IN THE SUPERIOR COURT OF THE STATE OF ALASKA
### THIRD JUDICIAL DISTRICT
### SHORT PRESENTENCE REPORT

| | | |
|---|---|---|
| THE STATE OF ALASKA )<br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>Michael McLaughlin )<br>Defendant ) | **CONFIDENTIAL**<br><br>THIS DOCUMENT IS EXEMPT FROM VRA CERTIFICATION REQUIREMENTS. AS THE PRESENTENCE REPORT IS CONFIDENTIAL UNDER RULE 32.1(B)(1) OF THE RULES OF CRIMINAL PROCEDURE. | Case Number: 3KN-15-1864CR<br><br>Hearing Date: October 23, 2017 |

## LEGAL:

Charged with Crime(s) Of: **Count I**: Second Degree Misconduct Involving a Controlled Substance

**Count II:** Misconduct Involving a Controlled Substance in the Fourth Degree

**Count III:** Violation of Conditions of Release for a Felony

**Count IV:** Second Degree Misconduct Involving a Controlled Substance

Convicted of Crime(s) Of: **Count I**: Second Degree Misconduct Involving a Controlled Substance

**Count II:** Misconduct Involving a Controlled Substance in the Fourth Degree

**Count III:** Violation of Conditions of Release for a Felony

**Count IV:** Second Degree Misconduct Involving a Controlled Substance

| | |
|---|---|
| Arrest Date: December 16, 2015 | Place of Arrest: Kenai, AK |
| Approximate Days in Jail: | 526 (Including statutory good time) as of October 23, 2017 |
| Presumptive: Yes | Term: 13-20 |
| Crime of Domestic Violence: No | |
| Co-defendant (names): | Brent Eckert and Lamar Leroy Miller |

Exhibit HH

Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg., # 5
Kenai, Alaska        99611-7098

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                        )
                                        )
                    Plaintiff;          )
         vs                             )
                                        )
MICHAEL L. McLAUGHLIN,                  )
                                        )
                    Defendant.          )
                                        )
                                        )
_____)     Case No. #  3KN-15-1864  Cr.,

## VRA  CERTIFICATION

I CERTIFY  that this document and its attachments  does not  contain; (1) the
name of a victim of a sexual offense listed in  A.S. 12.61.140, or (2) a residence
or business address or telephone number of a victim of, or a witness to, any other
offense unless it is the  address used to identify  the place of a crime  or it is
an address or telephone number in a transcript of a court proceeding, a disclosure
of which was authorized by the court.

## McLAUGHLIN'S MOTION TO COMPEL DISCOVERY UPON HEARSAY
## AND OTHER UNVERIFIED ALLEGATION WITHIN THE PRE-SENTENCE REPORT

COMES NOW the defendant,  Michael L. McLaughlin,  appearing In Properia

Persona and by authority of  Criminal Rule 42(a),  to now seek an order directing

disclosure concerning certain averments made within the pre-sentence report. (PSR)

Further authority upon which this request may rest can be  derived  from  Criminal

Rule 16(b)(3),  (b)(7) and (d)(2).

This motion comes with  due diligence  and upon receipt of the state's recent

supplemental disclosures to the accused for sentencing on January 28, 2018.

## POINTS AND AUTHORITIES UPON THE CAUSE

McLaughlin has come seeking an order compelling disclosure after successfully

challenging teh veracity, relevance and underlying factual basis of the historical

allegations contained within the PSR.   He presently has an  evidentary  objection

before the court,  brought under Evidence Rule 103(a)(2),  which  bears with  some

- 1 -

"Exhibit II"

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

STATE OF ALASKA,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
MICHAEL L. MCLAUGHLIN,              )
                                    )
            Defendant.              )          Case No. 3KN-15-1864CR
_____)

## ORDER ON PENDING MOTIONS

The pending motions in this matter are each addressed in turn below.

### 1. Request and Order for Acceptance of Corrected Filing

On February 2, 2018 Defendant filed a *Request and Order for Acceptance of Corrected Filing*. On February 7, 2018 the filing Defendant wished to correct was returned to him as deficient. On February 12, 2018, Defendant filed an amended version of the filing he wished to correct. Therefore, the *Request and Order for Acceptance of Corrected Filing* is **MOOT**.

### 2. Request for Expedited Consideration

On February 2, 2018 Defendant filed a *Request for Expedited Consideration*. The underlying motion was a request for extension of time. This request appears to be the same request made in the amended motion addressed below. For this reason, the request is **MOOT**.

### 3. Amended Request for Motion Seeking Expedited Consideration

On February 12, 2018 Defendant filed an amended motion for expedited consideration. The underlying motion was the motion seeking to enlarge time addressed below. As the underlying motion has been granted, the amended motion for expedited consideration is **MOOT**.

### 4. Motion to Compel Discovery

Exhibit JJ-1

On February 12, 2018 Defendant filed a *Motion to Compel*. This motion was stayed pending Judge Martson's review of the Court's denial of recusal. Judge Marston affirmed the denial on February 16, 2018. The State is now ordered to respond to Defendant's *Motion* - with in 10 day

## 5. Motion Seeking to Enlarge Time

On February 12, 2018 Defendant filed a motion seeking to continue his sentencing out sixty days. The Court **GRANTS IN PART** this motion and continues the sentencing date approximately one month. The sentencing hearing set for March 23, 2018 at 8:30 a.m. is now set for **May 8, 2018 at 2:30 p.m.**

## 6. First Amended for Clarity and Highlite/Originals Defense Written Objections Seeking Reconsideration as to Exclusion of Evidentiary Exhibits from Written Pleadings

On February 12, 2018 Defendant filed the above-named motion. It is unclear to the Court what Defendant wished to convey through this filing. Upon review, this appears to be the same document filed on January 29, 2018 and granted in part on February 1, 2018. Therefore, the motion is **MOOT**.

DATED at Kenai, Alaska this 6th day of March 2018.

Charles T. Huguelet
SUPERIOR COURT JUDGE

I certify that a copy of the foregoing was
mailed to_____
☑place in court box to WWPT-McLaughlin
faxed to_____
☑scanned to DA
HR                                      3-6-18
Clerk                                   Date

" Exhibit JJ-2 "

STATE OF ALASKA
OFFICE OF THE DISTRICT ATTORNEY
THIRD JUDICIAL DISTRICT
120 TRADING BAY RD., SUITE 200
KENAI, ALASKA 99611
PHONE: (907) 283-3131

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI

STATE OF ALASKA,                    )
                                    )
    Plaintiff,              )
                                    )
vs.                                 )
                                    )
MICHAEL MCLAUGHLIN,                 )
                                    )
    Defendant.              )
                                    )

Court No. 3KN-15-1864 CR

## STATE'S REQUEST FOR CLARIFICATION AND RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY "UPON HEARSAY AND OTHER UNVERIFIED ALLEGATIONS WITHIN THE PRE-SENTENCE REPORT"

COMES NOW the State of Alaska, by and through Assistant District Attorney Amy Fenske, and hereby (1) requests clarification as to which motion to compel the Court ordered the State to respond to in the Court's March 6, 2018, Order on Pending Motions, and (2) responds to the motion to compel that the Court appears to be referencing, namely Defendant's motion to compel "discovery upon hearsay and other unverified allegations within the pre-sentence report."

1. Request for Clarification

In the Court's March 6, 2018, Order on Pending Motions, the Court ordered the State to respond to the Defendant's Motion to Compel filed on February 12, 2018. In CourtView, the motion to compel docketed February 12, 2018, is titled "motion to compel discovery upon hearsay and other unverified allegations within the pre-sentence report." The State received via US Mail on February 5, 2018, a similarly titled motion to compel signed by Defendant on February 1, 2018. The State is requesting that the Court clarify whether its March 6, 2018, Order on Pending Motions, is referencing the "motion to compel discovery upon hearsay and

other unverified allegations within the pre-sentence report" signed by Defendant on February 1, 2018.

2. State's Response to Motion to Compel Discovery upon Hearsay and other Unverified Allegations within the Pre-sentence Report

Assuming the Court's March 6, 2018, Order on Pending Motions, is referencing the "motion to compel discovery upon hearsay and other unverified allegations within the pre-sentence report" signed by Defendant on February 1, 2018, then that motion was rendered moot by the Court's ruling at the February 6, 2018, hearing.

In Defendant's motion to compel "discovery upon hearsay and other unverified allegations within the pre-sentence report," Defendant requests discovery relating to previous presentence reports, namely the April 3, 2008, Presentence Letter Update in case 3HO-06-506 CR and the June 20, 2007, Presentence Report in case 3HO-06-506 CR.

At the February 6, 2018, hearing held in 3KN-15-1864 CR, the Court indicated that it would only consider the Presentence Report for 3KN-15-1864 CR, not any presentence report or letter update relating to 3HO-06-506 CR. This February 6, 2018, ruling by the Court rendered moot Defendant's motion to compel "discovery upon hearsay and other unverified allegations within the presentence report." It was the understanding of the undersigned attorney that the Court and the parties acknowledged on record that the motion to compel was moot in light of the Court's ruling. An appropriate order is attached for the Court's convenience.

DATED at Kenai, Alaska, this __8__ day of March, 2018.

JAHNA LINDEMUTH
ATTORNEY GENERAL

by: _____
Amy Fenske, No. 0206023
Assistant District Attorney

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on the ___ day of _____ 2018 the above document was mailed/delivered to the attorney of record/defendant in the above matter.
DISTRICT ATTORNEY OFFICE, Kenai
By: _____

"Exhibit KK-2"

STATE OF ALASKA
OFFICE OF THE DISTRICT ATTORNEY
THIRD JUDICIAL DISTRICT
120 TRADING BAY RD., SUITE 200
KENAI, ALASKA 99611
PHONE: (907) 283-3131

Michael L. McLaughlin, pro per
c/o Wildwood Correctional Center
10 Chugach Ave., Bldg. # 10
Kenai, Alaska        99611-7099

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                     )
                                     )
                 Plaintiff;          )
                                     )
    vs                               )
                                     )
MICHAEL L. McLAUGHLIN,               )
                                     )
                 Defendant.          )
                                     )
_____)    Case No. #  3KN-15-1864  Cr.,

## VRA  CERTIFICATION

I CERTIFY  that this document and its attachments  does not  contain; (1) the
name of a victim of a sexual offense listed in  A.S. 12.61.140, or (2) a residence
or business address or telephone number of a victim of, or a witness to, any other
offense unless it is the  address used to identify  the place of a crime  or it is
an address or telephone number in a transcript of a court proceeding, a disclosure
of which was authorized by the court.

## McLAUGHLIN'S MOTION SEEKING RECONSIDERATION
## PERTAINING TO PROCEDURAL PROTOCOLS WHICH DENY DUE PROCESS OF LAW

COMES NOW the defendant, Michael L. McLaughlin,  appearing In Properia

Persona and by authority of  Criminal Rule 42(k),  to now seek the reconsideration

of this court's decision to grant the state leave permitting  procedural protocols

which allow opposing counsel to by-pass Rules of Criminal Procedure, duly  enacted

by the Alaska Supreme Court, thereby denying McLaughlin due process of law.

This motion comes as timely upon this court's oral order of January 3rd which

granted the state leave to respond to McLaughlin's presentence objections verbally

during the actual sentencing proceeding.

## ARGUMENTS COMPELLING RECONSIDERATION

McLaughlin now comes seeking this court's reconsideration under the provisions

of  Criminal Rule 42(k)(1)(A)  contending this court  has overlooked or misapplied a

principle directly controlling.   Additionally,  that this court has overlooked or

- 1 -

Exhibit LL-1

misconceived several material facts and/or propositions of law as permitted by and through Criminal Rule 42(k)(1)(B).

McLaughlin now comes seeking reconsideration of this court's decision to allow the state to evade its duty to plead pertaining to a colorable allegation of both vindictive prosecution and retaliation for excercising rights and, at the same time, depriving McLaughlin of the procedural due process rights which are afforded through Criminal Rule 42(d) which offense several provisions of constitutional law.

Additionally, this same constitutional error also implicates the court's ruling as to McLaughlin's request pertaining to the enlargement of time based upon showings of clear and convincing evidence of governmental interference with his ability to defend during sentencing in an appropriate and meaningful manner. McLaughlin also contends this constitutes an egregious abuse of discretion, a clear offense to case law upon the subject of sentencing procedure,[1] and may have triggered provisions of Judicial Canon 2A as well.

Initially, the defense would simply point out that the right of procedural due process imposes constriants on governmental decisions which deprive individuals of a liberty or property interest within the meaning of the Fifth or Fourteenth Amendments, Matthews v Eldridge, 424 U.S. 319, 334; 96 S.Ct 893 (1976). That the right to be heard before being condemned to suffer grevious loss of any kind is a principle that is basic to our society, Id., citing; Joint Anti-Fascist Comm'n v McGrath, 341 U.S. 123, 168; 71 S.Ct 624 (1951)(Frankfurter, J., concur). That a fundamental tenant of these principles is the "...opportunity to be heard at a meaningful time and in a meaningful manner..," Eldridge, supra., at 333.

As a matter of state constitutional law, our high court has held that "...the Due Process Clause of the Alaska Constitutional encompasses a right of access to the

----------------------
1) Smith v State, 369 P.3d 555, 558 (App 2016)(Rule 32.1 implicitly requires that objections to the pre-sentence report be resolved before the parties present their sentencing arguments)(emphasis added)

" Exhibit LL-2"

courts..," Bush v Reid, 516 P.2d 1215, 1217-20 (Alaska 1973). In fact, to prisoners the unfettered access to the courts is as fundamental a right as any other he may hold where all other rights are illusory without it, Mathis v Sauser, 942 P.2d 1117, 1120-21 (Alaska 1997). Here, even where colorable deprivation of court access claims are "...ordinarily implicated only when a governmental action creates direct and insurmountable barriers..." in front of the courthouse doors, Sands v Green, 156 P.3d 1130, 1134 (Alaska 2007), this court's baseless deprivation of rights to plead in accordance with applicable court rules, and the trampling of procedural case law governing sentencing specifically (eg; Smith) along the way in doing so, obviously presents an arguable claim, eg; Christopher v Harbury, 536 U.S. 403, 415-16; 112 S.Ct 2179 (2002)(Elements of an interference with court access claim).

Moreover, in the excercise of sound legal discretion, it is incumbent on any court to consider the alternatives available and then choose among them. When the trial court fails to recognize the alternatives from which it may choose, it cannot even be said that the court excercised any discretion at all, Cano v Anchorage, 627 P.2d 660, 662 (App 1981). In this instance as a practical matter, when imposing a lengthy term, time is not such a factor that it should take precedence over the accused's procedural and constitutional rights. That is of course unless, as is the case here, there exists an ulterior governmental motive.

Factually, Mclaughlin now argues that the court's present ruling effectively deprives him of the procedural rights associated with motion practice as afforded by Criminal Rule 42. That given the surrounding facts, governmental interference with procedural rights and a clear attempt to avoid written filings which answer the allegations regarding their underlying misconduct, this court's decision on time is a clear and egregious abuse of discretion which may implicate Judicial Canon regarding appearance of judicial impropriety and bias as well.

Accordingly, McLaughlin's argument first rest upon the premise that when it is

$^{\prime\prime}$ Exihibir LL-3$^{\upsilon}$

clear from the record that the trial court has not only erred as to the scope of its power, but also failed to give McLaughlin's motion the consideration required by law, the court is in error since the accused is entitled to the court's consideration of his pleadings under a correct view of law, Cano, 627 P.2d at 663.

This first means that, at a minimum, the objections to the pre-sentence report be fully litigated before McLaughlin is required to take a position on sentencing, Smith, supra., 369 P.3d at 558. It would also mean that the fresh allegations as to prosecutorial vindictiveness and governmental retaliation be litigated where the state has raised the issue by proffering direct evidence of their true intent when advancing their professed goals[2] at sentencing and as to this litigation as a whole. This becomes a constitutional imparative now where clear and convicning evidence arises not only from this record (eg; Exhibit A) and other closely related cases[3] as

--------------------

2) See; State v McLaughlin, 3KN-17-718 Cr., [Rep hrg., 07/24/17 at 03:00 pm] where local prosecutor Kelly Lawson first cited the fresh July 20, 2017 verdict in the instant case specifically and openly inquired of McLaughlin concerning his quest to represent himself in that case, usaging verbal to the effect of "..Whether Mr. McLaughlin still thought it was a wise idea to represent himself...." after being convicted of several serious charges in this case. Comments which clearly appear to imply that their [mis]conduct in this case was directed at attempting to prevent McLaughlin and others present from excercising their Sixth Amendment rights.

3) In fact there were four previous attempts to wrongfully convict McLaughlin in the year 2015 which appear within the public roles as follows;
     * State v McLaughlin, 3KN-15-147 Cr., (Eleven count MICS indictment that had been leveled at McLaughlin dismissed after evidence revealed that the operator of the vehicle in which McLaughlin was a passenger was responsible for its illicit contents. The driver later plead guilty to reduced charges)
     * State v McLaughlin, 3KN-15-630 Cr., (McLaughlin arrested three weeks after being released and charged for possessing trace amounts of drugs found in a vehicle he was not even in when the operator of that vehicle (conditionally out on another MICS case) told troopers that her "drug kit" belonged to McLaughlin. That case was subsequently dismissed when the driver recanted just prior to trial)
     * State v McLaughlin, 3KN-15-688 Cr., (McLaughlin indicted for forgery in the first degree when former Kenai prosecutor Amanda Browning lied to a grand jury to obtain an indictment. The case was later dismissed when her misconduct was exposed and it was also revealed that McLaughlin had been in custody concerning the above cases when the forgeries are alleged to have occurred)
     * State v McLaughlin, 3KN-15-1066 Cr., (McLaughlin arrested for criminal trespass in his own home when, after a multi-agency raid (AST, JSO, KPD, SPD, KAP and FBI) involving at least fifty officers, evacuation of an entire neighborhood, and use of AST's "tank" resulted in a six hour stand-off and fruitless search of McLaughlin's home. Not one prosecutable case arose from that police action.

"Exhibit LL-4"

well. Invited conflict implicating a clearly defined constitutional interest.

In Alaska there are two ways a litigant may raise allegations of prosecutorial vindictiveness; (1) by presenting direct evidence that the charging decisions were made to punish the accused for excercising legal rights as was done here, or (2) by presenting a prima facie case of "apparent" vindictiveness by offering facts that give rise to "...a realistic likelihood of vindictiveness..," Atchak v State, 640 P.2d 135, 143–45 (App 1981).

It is well established that because the very purpose of the rule is to deter conduct which creates unconstitutional "..apprehensions..," the mere appearance of prosecutorial vindictiveness will suffice to place the burden upon the government to refute the presumption, United States v Jenkins, 504 F.3d 694, 699–700 (9th Cir 2007). This is also tru in part because this prophlactic doctrine is designed to "...prevent chilling the excercise of legal rights by other[s] who must make their choices under similar circumstances in the future..," Id., citing; United States v Demarco, 550 F.2d 1224, 1227 (9th Cir 1977). Decision like whether or not they wish to undertake the weighty task of self-representation.

Claims such as the type McLaughlin brings, where he has demonstrated a clear and convincing connection between the excercise of procedural rights in his past cases and its affects upon the instant action, are a cognizant use of the doctrine, eg; United States v Pobinson, 644 F.2d 1270 (9th Cir 1981). It is upon this premise that McLaughlin now seeks the reconsideration of this court.

SUBMITTED this the 11th of January , 2018.

Michael L. McLaughlin
In Properia Persona

I CERTIFY that a true and correct copy of this pleading and all its attachments was served by mail to KDAO - FELSKE on this the 11th of January , 2018

Michael L. McLaughlin, pro per

" Exhibit LL-5 "

In the Superior Court for the State of Alaska at Kenai

| | | | |
|---|---|---|---|
| **Courtroom:** | KN3 | **Judge:** | Charles T. Huguelet |
| **Date:** | Thursday, July 21, 2016 | **Clerk:** | Pmiller |
| **Plaintiff:** | State of Alaska    vs. | | |

| **Defendant's Name:** | **Case No:** | **DOB:** | **Address:** |
|---|---|---|---|
| Brent W. Eckert | 3KN-15-1863CR | Redacted/1966 | |
| Michael L. McLaughlin | 3KN-15-1864CR | Redacted/1965 | |
| Lamar Miller | 3KN-15-1862CR | Redacted/1971 | |

**Type of Proceedings:** Motion Hearing

**Counsel Present:** 
Plaintiff: District Attorney Amanda Browning
Defendant: Public Defender Lockwood (for Eckert)
Krista Maciolek, filling in for Mr. Parvin (for Miller) – *(telephonic)*
McLaughlin, Self-represented

**Defendant:** McLaughlin & Eckert: Present / In Custody
Miller: Present / Out of Custody

| | |
|---|---|
| **Bail Set/Continues:** Continues as prior set | |
| **Transport Order:** | |
| **Other Court Orders:** Motions deadline extended to July 27th; State's response due by July 29th | |

| **Next Court Date(s) and Time(s):** | **Type of Hearing(s):** | **Location:** |
|---|---|---|
| 8/3/16 @ 2:30pm | TRCA | Kenai (CTH) |
| Aug. 8, 2016 | Trial Week | Kenai (CTH) |

**Summary of Proceedings:**
**Court to issue a written decision**
***See CONFIDENTIAL Envelope for confidential log note

| | |
|---|---|
| 11:21:10 AM | On record |
| | Court<br>What I anticipated, Mr. Eckert has some things he wants confidential<br>Going to excuse everybody except Mr. Eckert and his attorney |
| 11:21:32 AM | McLaughlin<br>Every proceeding we've had, there's this gentleman standing in the vestibule like impending doom – would like to ask if the court would inquire who that man is? |
| 11:21:52 AM | District Attorney<br>He's law enforcement<br>Sgt. Mark Pearson |
| 11:22:03 AM | Court<br>He hangs out there quite often<br>I like to think it's because my courtroom provides the most entertainment |

Eckert, McLaughling, & Miller 3KN-15-1863, 1864, & 1862CR 7-21-16

" Exhibit MM-1

| 11:22:31 AM | *All parties exit courtroom; Ms. Maciolek is placed on hold* |
| 11:23:10 AM | *Clerk locks courtroom door* |
| | |
| 11:23:52 AM | Court |
| | Doors are locked |
| | Going to confidential disc |
| | |
| 11:24:03 AM | **CONFIDENTIAL >>>>>>>>>>** |
| | |
| | See CONFIDENTIAL envelope for Confidential log note |
| | |
| 11:49:38 AM | *All parties are now present* |
| | **END CONFIDENTIAL >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>** |
| | |
| | Maciolek |
| | No – did not join in motion to sever |
| | |
| | McLaughlin |
| | I have a motion to reconsider |
| | The search of the telephones |
| | |
| | Court |
| | Thought you already filed |
| | |
| | McLaughlin |
| | Had to do with procedure on the mail |
| | Coming back to having discussion on merits |
| | Also filed with appeals court |
| | Feel pretty strongly about this |
| | |
| 11:51:04 AM | *JS approaches bench with McLaughlin's documents; clerk files* |
| | |
| | McLaughlin |
| | Want to stay on trial calendar |
| 11:51:45 AM | What happened was, when I went back |
| | I tried to make an appointment, had one on Monday, but some stuff happened that didn't allow us |
| | to do that |
| | I can either talk about it today, or I can put it in writing |
| | Have 3 or 4 issues to be sure I'm ready for the trial |
| | |
| 11:52:29 AM | Court |
| | How much time do you need in the library? |
| | |
| | McLaughlin |
| | Want to talk to the lieutenant about this |
| | So no one is intruding |
| | They schedule me in the morning |
| | Two 2hr slots in the morning |
| 11:53:09 AM | Or in the evening, there's 6-10 in the library |
| | But if need blocked for other people, they put me in at 9 |
| | Until general population is locked down at night |

EXHIBIT MM-2

Is something we've done before, wouldn't interfere
I've been in trial before, up til midnight reading

11:54:01 AM | Court
What would you want me to order?

McLaughlin
If you said 4hrs access a day
He would probably sign off on it
I really want to have his okay on all this
11:54:41 AM | Other 2 issues
Special copy thing, a special rule invented for me
That needs to stop
I need same day, or next day copies
It's getting to be crunch time
Which is something I used to have
11:55:16 AM | Copies: same day, or one day service
Law library up to 4hrs
Need to stop seizing my papers
This morning, discussed with Mr. Graves
Said they've changed their practices at court jail
He put everything in an envelope and handed it to me
So he must have thought about what I was saying
11:56:00 AM | Yesterday, my cell was searched again
Went through all my legal documents
Seized a bunch of stuff
Wrote me up
Ordered it be given back, and they seized it again
Maybe we can just do it like this:
Stop seizing McLaughlin's papers
They can look through them, make sure nothing there, but stop seizing them
11:56:50 AM | Said to Officer Graves, if you have my stuff an hour or two, is long enough for someone to use a fax or a copier
Don't think he's that kind of guy

11:57:23 AM | **Court**
**I'm limited on what I can do with searches/seizures**
11:57:32 AM | **I will Order:**
**4hrs in the library each day**
**Treat all legal paperwork as confidential**
**Make copies as soon as possible, prior to trial, within 24hrs at the most**
**Searches of your cell, I can't do anything about that**

11:59:25 AM | McLaughlin
My subpoenas

Court
Looked at the one you were trying to get other prisoner's calls

McLaughlin
I brought 3 documents

"Exhibit MM-3"

| | |
|---|---|
| 11:59:58 AM | *Reads from document*<br>From security sergeant<br>*Reads from document*<br>Won't do it without a court order |
| 12:00:18 PM | Court<br>Before I order other prisoner's private calls to be turned over, I need more than a blanket statement<br>To show how these calls are involved in organized crime |
| | McLaughlin<br>Department of Corrections was involved in this<br>Trying to keep me out of the library<br>This guy was on the phone every day<br>Those calls should implicate the lawyer in my civil case, Goldstein<br>Already submitted an email |
| 12:01:17 PM | Court remarks |
| | McLaughlin<br>Wasn't his lawyer<br>So they aren't privileged<br>All the notices, and warnings<br>Case law says once you do that, all bets are off with privacy, privilege<br>Can't use privilege to conceal a wrongdoing |
| 12:01:51 PM | Court |
| | McLaughlin<br>Mr. Vandergrift wasn't represented by Ms. Goldstein |
| | Court<br>I need you to spell it out |
| 12:03:17 PM | McLaughlin<br>Working with jail staff<br>Haven't been able<br>Ask you extend 22nd date to the 29th<br>The date on the subpoena |
| 12:03:47 PM | Court<br>If you want to give them til the 29th, we'll give them until th 29th<br>To provide Mr. McLaughlin with his personal DOC records |
| 12:04:16 PM | District Attorney<br>I know Mr. McLaughlin not wanting to waive time<br>I'm fine with that<br>Know Mr. Lockwood has scheduled leave coming up<br>Want to address what we're doing, where we're going<br>Essentially 2 weeks away |

Eckert, McLaughling, & Miller  3KN-15-1863, 1864, & 1862CR  7-21-16
Page 4 of 6

EXHIBIT MM-4"

Case 3:18-cv-00085-SLG   Document 1-2   Filed 03/23/18   Page 30 of 36

| | |
|---|---|
| | If can't do it then, can we address it now |
| 12:04:38 PM | **Public Defender**<br>Easier task to continue our trial if we're severed<br>We are filing another motion in this case<br>Will have filed on 29th of this month<br>Court will need time to respond, and the state<br>Don't know will be ready for slated trial week<br>I am scheduled to leave state, the 7th – 13th |
| 12:05:19 PM | **McLaughlin**<br>If we keep the dates right now, I'm waiting on some rulings<br>Can see where we're at |
| 12:05:32 PM | **Court**<br>Trial scheduled for Aug. 8th<br><br>**Public Defender**<br>I am filing a motion<br><br>Court inquires |
| 12:06:14 PM | **Maciolek**<br>My understanding, Mr. Miller is out of custody<br>I don't believe there will be opposition to that |
| 12:06:46 PM | **Court**<br>Just file your motion<br>Think we have plenty of time regardless<br>Inclined to keep cases un-severed |
| 12:07:03 PM | **Public Defender**<br>I may have further argument<br><br>**District Attorney**<br>If there's something filed in writing –<br>My position is they need to maintain joinder<br><br>**Court**<br>Don't have trouble with extra trials<br>This one just seems would need tried with everyone |
| 12:07:42 PM | Will give you until 27th to file anything more<br>District Attorney response due 29th |
| 12:08:28 PM | **District Attorney inquires**<br>Motion to reconsider that was filed, assume if court wants response, it will request one?<br><br>**Court**<br>I want a response from the State; can you have it by next Wednesday?<br><br>**District Attorney** |

Eckert, McLaughling, & Miller 3KN-15-1863, 1864, & 1862CR 7-21-16
Page 5 of 6

"Exhibit MM-5"

I will try – other motions pending

Court
Mr. McLaughlin is an S.R.L – self-represented litigant

12:09:15 PM   Public Defender
Not expecting a written decision?

Court
You might

Public Defender
Would like to understand why it's being denied

12:09:35 PM   **Court**
**I will do a written decision**

12:09:45 PM   Off record

Eckert, McLaughling, & Miller  3KN-15-1863, 1864, & 1862CR  7-21-16
Page 6 of 6

Exhibit MM-6

Case 3:18-cv-00085-SLG   Document 1-2   Filed 03/23/18   Page 32 of 36

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| NAME OF PRISONER: | OB#: | DOB: | CURRENT BLDG: | THIS IR: | 5 | DATE: | 7/27/16 |
|---|---|---|---|---|---|---|---|
| **McLaughlin, Michael** | 166227 | 3/10/1965 | Wildwood Pretrial Facility | | | TIME: | 0850 |

MARK COURSE OF ACTION: *(To be determined and entered by the Assistant Superintendent)*

| ☑ | DISCIPLINARY | | INFORMATION | |
|---|---|---|---|---|

INFRACTION CITATION & TITLE: **22 AAC 05.400**　　**D-7**　　　　　　　F Clause ☐

Possession of anything not authorized for retention or receipt by the prisoner, and not issued through regular facility channels

*Narrative:*

At the above date and approximate time I was assisting in a routine shakedown of Dorm 2. While searching room 214 occupied by prisoners Martishev and McLaughlin. During the search I came across numerous contraband items which were seized. The items were as follows: two small trash bags tied in a knot, one small trash bag stuck to the wall inside the cell, one small roll of small trash bags, one medium binder clip, several paper clips, two AA batteries, one Sony earbuds, one envelope addressed to McLaughlin containing 2" square gauze, one Performance Multi vitamin bottle that contained different pills (9 white colored round, 7 brown colored tablets that appear to be the Performance Multi), one clear plastic container containing 3 large orange slices, two legal CD's labeled James Cook, one pile of legal paperwork approximately 1 1/2" thick belonging to I/M James Cook #518680. Items were located in McLaughlin's assigned tote with several letters and other documents with McLaughlin's name and also in McLaughlin's approved legal paperwork box. Photo of the seized contraband items taken and attached. Oranges and clear container disposed of. All other items placed into evidence locker. - End of Report -

ORIGINAL

Exhibit NN"

| Copy of Report to Prisoner: | Reporting Staff: Sgt J. Barcus |
|---|---|
| DATE:　　　　TIME: | Signature:　　　　　Date: 7/27/16 |
| Disposition: | Chair Person or Resolution Officer: |
| | Member: |
| | Member: |

On matters referred to the Disciplinary Committee as a result of this report, see the Written Report of Disciplinary relative to this incident.

FINAL COPY TO PRISONER: DATE:_____ TIME:_____ STAFF SIGNATURE:_____

*** E M E R G E N C Y   M O T I O N ***

Filed in the Trial Courts
State of Alaska Third District
at Kenai, Alaska

AUG 19 2016

Clerk of the Trial Courts
By_____
Deputy

Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska    99611-7098

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                    )
                                    )
            Plaintiff;              )
                                    )
    vs                              )
                                    )
MICHAEL L. McLAUGHLIN,              )
                                    )
            Defendant.              )
                                    )
_____)  Case No. #  3KN-15-1864  Cr.,

## VRA   CERTIFICATION

I CERTIFY that this document and its attachments does not contain; (1) the name of a victim of a sexual offense listed in A.S. 12.61.140, or (2) a residence or business address or telephone number of a victim of, or a witness to, any other offense unless it is an address used to identify the place of a crime or it is an address or telephone number that appears in the transcript of a court proceeding and disclosure was authorized by the court.

## DEFENSE EMERGENCY MOTION SEEKING RELIEF FROM ACTS OF CONTEMPT COMMITTED BY RANKING OFFICIALS WITHIN THE DEPARTMENT OF CORRECTIONS

COMES NOW the defendant, Michael L. McLaughlin, appearing In Properia Persona and by the authority of Criminal Rule 42(i), to now seek emergency relief in the form of a judicial Writ of Assistance in obtaining compliance with previous orders issued by this court. This motion comes with all diligence upon an obvious showing of willfulness and a failure to comply.

Relief is sought prior to trial call which has been scheduled by this court to occur on August 24, 2016 at 2:30 pm in Kenai, Alaska.

McLaughlin now comes contending that Department of Corrections (DOC) officials, and counsel of record for both the state and the DOC, are in contempt of the courts previous protective orders and an order to produce records retained by DOC. That such contemptuous conduct comes in the form of willful misbehavior in office by an

Exhibit 00-1"

an attorney(s), A.S. 09.50.010(a)(3), and willful disobedience of a lawful order, judgment, or decree which was issued by this court, A.S. 09.50.010(a)(5).

This motion and it's sibling pleading "MOTION FOR EXPEDITED CONSIDERATION..." come in substantial compliance with the provisions of Criminal Rule 42(i), thus the substantive basis for this request (and the underlying premise of contempt) are more fully set forth therein. It is upon this premise that McLaughlin now seeks expedited emergency relief so that this matter may proceed to trial as currently scheduled by this court.

SUBMITTED this the 15TH of August , 2016.

Michael L. McLaughlin
In Properia Persona
Counsel for the Accused

I CERTIFY that a true and correct copy of this pleading and all its attachments was served by mail to Scot M Leaders KDAO and Nathan Lockwood (PPA) - Folcroft and Gregory S Razuil (OPA) - Miller and John K. Beacle. AS 09.05.010 on - this the 15TH of August , 2016

Michael L. McLaughlin, pro per

VOLUNTARY APPEARANCE
TRIGGERS COURT'S
JURISDICTION —
—m+m
8/15/16

"EXHIBIT OO-2"

Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska          99611-7098

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI ALASKA

Filed in the Trial Courts
State of Alaska Third District
at Kenai, Alaska

AUG 19 2016

Clerk of the Trial Courts
By_____
                  Deputy

STATE OF ALASKA,                    )
                                    )
              Plaintiff;            )
                                    )
vs                                  )
                                    )
MICHAEL L. McLAUGHLIN,              )
                                    )
              Defendant.            )
_____)   Case No. #  3KN-15-1864  Cr.,

## A F F I D A V I T

COMES NOW the defendant, Michael L. McLaughlin, appearing In Properia Persona to hereby SWEAR and AFFIRM that;

1) I am the defendant in the above captioned action who now comes seeking emergency expedited relief as it is permitted by provisions of Criminal Rule 42(i).

2) That I seek such relief upon an imminent trial date of August 29, 2016 and having a substantial need for discoverable materials sought by that time.

3) That I seek such relief in the form of a judicial writ of assistance that would require state officials to comply with previous orders issued by this court.

4) That due to your affiant's present circumstance and incarceration he is limited in his ability to notice interested parties other than service by mail.

5) That I certify that both the contents of this pleading, and also all the foregoing averments, are true and correct to the best of my knowledge, recollection, or belief concerning any matter depicted herein.

FURTHER YOUR AFFIANT SAYETH NAUGHT    !!!!!!!

SWORN TO this the ___8ʳᵈ___ of ___August___ , 2016.

_____
Michael L. McLaughlin, pro per
Affiant

SUBSCRIBED and SWORN before me this the ___8___ of ___August___ , 2016 at or near Kenai, Alaska.

(seal)

_____
Notary Public/State of Alaska

w/employment

_____
Commission expiration

"Exhibit 00-3"

Case 3:18-cv-00085-SLG   Document 1-2   Filed 03/23/18   Page 36 of 36