Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska 99611-7098

IN THE DISTRICT COURT FOR THE UNITED STATES

DISTRICT OF ALASKA AT ANCHORAGE ALASKA

MICHAEL L. McLAUGHLIN,

Plaintiff;

vs

SHANNON S. McCLOUD,

Defendant(s).

Docket No. # ____________________

# E X H I B I T S

# C L A I M N U M B E R T H R E E

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

# REQUEST FOR INTERVIEW

| Name: McLAUGHLIN, MICHAEL | Institution: WCC 123 | Room #: 322 | Date: 1.18.18 | Otis #: 166227 |
|---|---|---|---|---|

To: SUPERINTENDANT McCLOUD

Request: I WOULD NOW RESPECTFULLY REQUEST THAT YOU RECONSIDER THE DECISION TO IMPOSE AN UNCONSTITUTIONAL "IDR" (DATED 1.18.18) UPON ME WHICH I AM ASSUMING WAS IMPOSED IN RETALIATION FOR SOME PERCEIVED WRONG ON MY PART. I BELIEVE THIS A SAFE ASSUMPTION FOR TWO REASONS; (1) THAT THE "IDR" NOTICE FAILS TO STATE AN ACTUAL CAUSE FOR ITS IMPOSITION OR EVEN A LAWFUL BASIS FOR THE RESTRICTION WHERE ADMINISTRATIVE FORMS SUCH AS "REQUEST FOR INTERVIEW" FORMS ARE A TYPE OF "LEGAL PLEADING", AND: (2) SGT CLEVELAND HAD PREVIOUSLY GIVEN BOTH MYSELF AND MR GREGORY (WHOM IS DISABLED BY FAS AND MILD RETARDATION) PERMISSION TO ENGAGE IN THE CONDUCT NOW FORBIDDEN MONTHS AGO. IT IS NOT OUR FAULT CLEVELAND OVERSTEPPED HIS BOUNDS ELSEWHERE IN LIFE AND IS NOW LOOKING FOR A PAYBACK, BUT IN THIS INSTANCE IF YOU CHECK MR GREGORY'S FILE YOU WILL FIND THAT THIS CONDUCT (MY PROVIDING ASSISTANCE TO A DISABLED PERSON) HAS BEEN GOING ON FOR MONTHS BECAUSE CLEVELAND PAVED THE

Inmate Signature: SINCERELY & RESPECTFULLY, [signature] Date: 1.18.18

WAY FOR THAT TO HAPPEN. YOU MAY ALSO WISH TO KNOW THAT I HAVE BEEN WORKING

Action Taken: CLOSELY WITH HIS OUTSIDE MENTAL HEALTH CLINICIANS TO SEE TO HIS WELL BEING AND LEGAL AFFAIRS WHILE HE IS HOUSED HERE. APPARENTLY, MR GREGORY IS VERY SPECIAL TO THESE LADIES AND I IMAGINE THEY WILL BE MOST DISTRESSED WHEN THEY LEARN OF THIS CIRCUMSTANCE. OBVIOUSLY, I WOULD BE REMISS IN MY DUTY TO THE TRUST PLACED IN ME WERE I NOT TO APPRAISE THEM OF THE ADMINISTRATIVE OPTIONS AVAILABLE TO THEM IN DOC POLICY SUCH AS CONTACTING THE PROFESSIONAL ETHICS COMMITTEE, THE POLICE STANDARDS COUNSEL, OR SIMPLY FILING A CITIZEN'S COMPLAINT WITH THE COMMISSIONER UNDER POLICY 108.06. HOWEVER, WHERE I KNOW YOU TO BE A FAIR AND IMPARTIAL ADMINISTRATOR, AND I SUSPECT YOU WERE NOT

Employee Signature: Date:

PROVIDED ALL THE FACTS BEFORE ASKED TO SIGN, I THOUGHT IT APPROPRIATE TO FIRST SEEK YOUR RECONSIDERATION UPON FOR WHAT ALL APPEARANCES IS AN ARBITRARY

Final Action Taken: AND CAPRICIOUS ACTION. YOUR CONSIDERATION WOULD BE APPRECIATED. THANK YOU AND GOD BLESS!

without authorization you cannot do others legal work —

Employee Signature: [signature] Date: 1/26/18

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution: Original to Case Record

Department of Corrections, Form 808.11A
Rev. 04/08

* HWC! FILE *

"EXHIBIT AAA"

INMATE COPY

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

# PRISONER GRIEVANCE

## PART ONE

| PRINT NAME | INSTITUTION/MODULE | OBSCIS # | FSO LOG # | DIO LOG # |
|---|---|---|---|---|
| McLaughlin, Michael | WWPT 0114 | 166227 | | WP 18-19 |

| INCIDENT DATE | On or about 1/28/18 | TODAY'S DATE | 2.26.18 |
|---|---|---|---|

**BEFORE YOU COMPLETE THIS FORM:**

| | CIRCLE | |
|---|---|---|
| 1. Is this about an incident that is other than a disciplinary action or classification decision? | (Yes) No | If you said "NO" to any questions, the grievance may be screened and returned. |
| 2. Did you first talk to the right person to informally solve the incident? | (Yes) No | |
| 3. Did you file a Request for Interview form (cop-out) on this incident **and** receive a response? | (Yes) No | |

**INSTRUCTIONS:**

1. Limit this grievance to ONE incident.
2. Attach the completed Request for Interview form copy **OR** describe HOW you attempted to solve it informally:
   a. WHO did you talk to? Have had numerous conversations & written dialogue with staff
   b. WHEN did you talk with him/her? Many times (see attach example) (sometimes daily)
   c. WHAT were you told? See attached complaint (2 pp) and exhibits (26 pages)
3. Attach up to two additional pages of narrative to describe the incident.

**AFFIRMATION and SIGNATURE:**

1. I affirm that this grievance is filed within 30 days of the incident or my knowledge of the incident.
2. I affirm the following statements are true and accurate and that I may be disciplined for providing false information pursuant to 22 AAC 05.400.

**PRISONER'S SIGNATURE:** [signature]

In proffering this grievance I allege that the pervasive unconstitutional and unwritten policies and customs used at this facility to discourage or interfere with the excercise of constitutional rights has finally resulted in a demonstratable harm to criminal litigation in which I am a party. That aside from the unconstitutional nature of the conduct itself, facility staff (either acting singularly or in concert with other corrections officials, state prosecutors, or attorneys with the department of law) have caused actual harm to my legal position in a pending criminal case in which I currently represent myself as is my constitutional right under clearly established federal law, Faretta v Calif, 422 U.S 806, 822 (1975); McCaskle v Wiggins, 465 U.S 168, 174 & 177 n.18 (1984).

The evidence here as to both causation and culpability is clear and convincing where I have been forced to seek protection from the state courts in the past. (Exhibit A) Indeed, the contents of the pleading depicted included evidence of flagrantly intentional misconduct such as Sgt Smith attempting to impersonate a judicial officer so as to interfere with my ability to communicate with defense witnesses (Exhibit B), to being assaulted by four judicial services officers

**I REQUEST THE FOLLOWING RELIEF** (State outcome you are seeking):

Staff needs to be retrained concerning constitutional rights of prisoners and in some cases pyschiatric evaluations may be necessary as well.

I acknowledge receipt of this grievance and have issued the log number above for reference. Please refer to assigned log number with any inquiries about this grievance.

DATE RECEIVED: 2/27/18 STANDARDS OFFICER SIGNATURE: [signature]

"Exhibit BBB-1"

Page 1 of 2

*Department of Corrections, Form 808.03C*
*Rev. 09/06*

INMATE COPY

TO BEING ASSAULTED BY FOUR JUDICIAL SERVICES OFFICERS BECAUSE I WOULD NOT RELINQUISH MY LEGAL PAPERS ON THE WAY TO COURT. IN THAT INSTANCE DOC ACTED NEGLIGENTLY AS WELL WHERE THEY HAD A LEGAL DUTY TO PROTECT ME FROM THE MISCONDUCT OF OTHERS WHILE IN DOC CUSTODY AND THEY FAILED TO TAKE ANY ACTION TO DO SO EVEN AS THE PROBLEM LANGUISHED FOR A FEW MONTHS TIME.

ON THAT OCCASSION THE COURT HEARING MY CRIMINAL CASE MADE THE APPROPRIATE INQUIRIES, AND BECAUSE THE GOVERNMENT REFUSED TO RESPOND IN THE FACE OF OVERWHELMING DOCUMENTARY AND TESTIMONIAL EVIDENCE, (EXHIBIT C) THE COURT FOUND THAT McLAUGHLIN'S SIXTH AMENDMENT RIGHTS OF SELF-REPRESENTATION WERE IN NEED OF PROTECTION AND ISSUED A PROTECTIVE ORDER REGARDING THESE RIGHTS. (EXHIBIT D). ACCORDINGLY, THE GOVERNMENT IS NOW COLLATERALL ESTOPPED FROM ARGUING CERTAIN ASPECTS OF THESE ISSUES WHERE THE JUDICIAL FINDINGS IMPLY A CERTAIN MINIMUM THRESHHOLD OF UNCONSTITUTIONAL BEHAVIOR UNDER ALASKA LAW, AS 09.19.040

THE DENIAL OF ACCESS TO STATUTORY LEGAL MATERIALS (EXHIBIT E & E-2/SRGT ZEEK AND CLEVELAND), THE INTERCEPTION AND DISPOSAL OF MAIL ADDRESSED TO A PROSPECTIVE DEFENSE WITNESS (EXHIBIT F/SRGT BROWN), WITHHOLDING OF LEGAL MAIL PAST FILING DEADLINES (EXHIBIT G/SRGT SMITH)(EXHIBIT H/SRGT CLEVELAND), INTERFERENCE WITH JUDICIALLY PRE-ARRANGED SERVICE OF SUBPOENAS SEEKING THE APPEARANCE OF GOVERNMENT WITNESSES BEFORE THE TRIAL COURT (EXHIBIT I/SRGT SMITH), AND THE UNAUTHORIZED SUSPENSION OF PHONE PRIVILEGES (EXHIBIT(S) J/BROWN, MEDINA, MILEVEW & McCLOUD) ARE JUST A FEW OF THE ILLICIT PLOYS USED BY STAFF AT THIS FACILITY TO WILLFULLY AND INTENTIONALLY INTERFERE WITH MY FIRST AND SIXTH AMENDMENT RIGHTS OF COURT ACCESS AND SELF-REPRESENTATION.

MOST, IF NOT ALL, OF THIS CONDUCT VIOLATES DOC AND STATE LAW, BUT McLAUGHLIN'S STRONGEST ARGUMENT RESTS WITH THE UNITED STATES CONSTITUTION. FIRST, PRISONERS HAVE A FIRST AMENDMENT RIGHT TO COURT ACCESS AND POLICIES (ALLBEIT THEY, UNWRITTEN), PRACTICES OR CUSTOMS WHICH UNJUSTIFIABLY OBSTRUCT THIS ACCESS ARE INVALID, LEEDS v WATSON, 630 F2d 674, 676 (9TH CIR 1980); BOUNDS v SMITH, 430 U.S 817, 828 (1977). PRISONERS ALSO HAVE A RIGHT TO FILE GRIEVANCES AND BE FREE FROM UNNECESSARY ACTS OF RETALIATION FOR DOING SO, BRODHEIM v CRY, 584 F3d 1262, 1269 (9TH CIR 2009)

ADDITIONALLY, "FARETTA DEFENDANTS" SUCH AS MYSELF HAVE ADDITIONAL RIGHTS WHICH INCLUDE, BUT ARE NOT LIMITED TO; (1) PHONE ACCESS SUBJECT TO REASONABLE (eg AS PRESCRIBED BY OFFICIAL DOC POLICY) SECURITY LIMITATIONS, KEENAN v HALL, 83 F3d 1083, 1092 (9TH CIR 1996), (2) THE RIGHT OF ACCESS TO LAW BOOKS, HIS WITNESSES AND THE OTHER TOOLS WHICH ARE TRADITIONALLY NEEDED TO PREPARE A DEFENSE, TAYLOR v LIST, 880 F2d 1040, 1047 (9TH CIR 1989); UNITED STATES v SARNO, 73 F3d 1470, 1491 (9TH CIR 1995); 22 AAC 05.540(a), (3) THE RIGHT TO PREPARE AND PRESENT HIS DEFENSE IN HIS OWN WAY, McCASKLE, SUPRA. THE ALASKA DEPT OF CORRECTIONS AND THOSE WHO IT EMPLOYS HAVE ABSOLUTELY NO LEGITIMATE INTEREST IN IMPEDING, DENYING, OR INTERFERRING WITH THE EXCERCISE OF THESE RIGHTS IN ANY WAY.

IN FACT, OFFICIAL LEGITIMATE DOC POLICY PROVIDES ALL OF THESE RIGHTS AND MORE TO ALASKAN PRISONERS THUS THERE IS NO LEGITIMATE NEED FOR FACILITY ADMINISTRATORS TO AMEND OR DETRACT FROM THEM, MATHIS v SAUSER, 942 F2d 1117, 1121 (ALASKA 1997)(A REGULATION WHICH IMPINGES UPON AN INMATE'S CONSTITUTIONAL RIGHTS IS ONLY VALID IF IT IS REASONABLY RELATED TO A LEGITIMATE PENOLOGICAL INTEREST). HELPING LOCAL PROSECUTOR WIN CASES BY USING SUCH DISPARING TACTICS CLEARLY WOULD NOT QUALIFY. MOREOVER, THE DECISION TO TAMPER WITH CLEARLY ESTABLISH CONSTITUTIONAL LAW REQUIRES SKILLS AND KNOWLEDGE WHICH

"EXHIBIT BBB-2"  [signature] 2.26.18

FSS CLEVELAND CLEARLY DOES NOT HAVE, THIS IS PROBABLY WHY DOC POLICY ALSO REQUIRES THAT NEW POLICIES OR REGULATIONS BE VETTED BY THE DIRECTOR OF INSTITUTIONS (809.01 VII. B.1) AND THAT ONLY THE COMMISSIONER HAS THE POWER TO REPEAL, POLICY 103.01 VI.I.

AS TO THE INSTANT ALLEGATIONS, THE LATEST SCHEME DEVISED TO UNDERMINE MY ABILITY TO EXCERCISE THE RIGHT OF SELF-REPRESENTATION AND ITS FIRST AMENDMENT COROLARIES, IT NOW APPEARS THAT THESE SAME OFFICIALS HAVE IMPLICATED THEIR ATTORNEYS AS WELL. (EXHIBIT K-PICOTTE)(EXHIBIT L-BODIOX). ACCORDINGLY, THIS WOULD ALSO STRIP THEM OF ATTORNEY CLIENT PRIVILEGE, MUNN V BRISTOL BAY HOUSING AUTH., 777 P2d 188, 195 (ALASKA 1989) (A CLAIM OF ATTORNEY CLIENT PRIVILEGE CAN BE DEFEATED BY A PRIMA FACIE SHOWING THAT THE ATTORNEY CLIENT RELATIONSHIP IS BEING USED TO PERPETRATE CRIME, FRAUD, DECEIT, OR OTHER DISHONEST CONDUCT).

NOT ONLY DO THESE ACTS OF OFFICIAL MISCONDUCT ARISING FROM CONSULTATION WITH COUNSEL WORK TO NULLIFY PRIVILEGE, IT ALSO MAKES CORRECTIONS COUNSEL LIABLE AS A CO-CONSPIRATOR IN THE UNDERLYING CONDUCT ALLEGED WHERE THE COMMON LAW CONCEPT OF ABSOLUTE IMMUNITY DOES NOT EXTEND TO NON-PROSECUTORIAL OR ADMINISTRATIVE FUNCTIONS OF GOVERNMENT COUNSEL. IN ANY EVENT, IT WOULD NOW APPEAR THAT UPON THE ADVISE OF COUNSEL FSS CLEVELAND HAS WILLFULLY ENGAGED IN CONDUCT WHICH: (1) PREVENTED ME FROM PURSUING A STAFF MISCONDUCT GRIEVANCE (WN 17-66) AGAINST HIS SUPERIORS CONCERNING THE TELEPHONES ISSUE (EXHIBITS M), AND (2) RESULTED IN A LEAK OF MY CONFIDENTIAL INFORMATION (WORK PRODUCT) TO OTHERS (EXHIBITS N) WHICH RESULTED IN A DIRECT, IMMEDIATE, AND ADVERSE CONSEQUENCE TO THE SIBLING LITIGATION. (EXHIBITS O)(NOTE DATES)

IN THIS INSTANCE, THE LEAKED WORK PRODUCT WAS NOT THE ONLY CONTRIBUTING FACTOR. DOC HAS ALSO RELIED UPON A "...SPIRIT OF THE LAW..." DEFENSE (EXHIBIT E-1) TO JUSTIFY DENYING ACCESS TO PROVISIONS OF STATE STATUTORY LAWS GOVERNING MEDICAL ETHICS (EXHIBIT E-2) WHICH OFFENDS 22 AAC 05.540(a) AND HAS HAD A DIRECT EFFECT ON MY ABILITY TO FILE THE SUPPLEMENTAL BRIEFING MENTIONED IN "EXHIBIT O-1" THEY HAVE USURPED UPON THEIR SUPERIORS AUTHORITY WHEN PURPORTING TO "ENACT" LAW (EXHIBIT J-4) FOR THE PURPOSES OF JUSTIFYING A SUSPENSION OF PHONE PRIVILEGES AT A CRITICAL STAGE WHEN MCLAUGHLIN NEEDED OUTSIDE ASSISTANCE OR TO CONTACT CENTRAL PENINSULA HOSPITAL (CPH) (EXHIBIT J-2) WHO PLAYS A PIVOTAL ROLE IN THE LEGAL MATTERS IN ISSUE (EXHIBIT O-2), AND THE MATTER OF SGT SMITH RETRIEVING MY SUBPOENAS FOR CPH WITNESSES AFTER ANOTHER SHIFT SUPERVISOR (SGT BARCUS) HAD ALREADY SENT THEM ON THEIR WAY AS PER THE TRIAL COURTS ORDER (EXHIBIT I). A SECOND INSTANCE WHERE SGT SMITH BELIEVED HIS AUTHORITY OUTWEIGHED THAT OF A SUPERIOR COURT JUDGE. (CF: EXHIBITS B & I)

TO ESTABLISH A VIOLATION OF THE RIGHT TO COURT ACCESS A PRISONER NEED ONLY ALLEGE SUFFICIENT FACTS TO SHOW THAT: (1) A NON-FRIVOLOUS ATTACK UPON HIS CHARGES, CONVICTION, SENTENCE OR CONDITIONS OF CONFINEMENT HAS BEEN FRUSTRATED OR IMPEDED, AND (2) HE HAS SUFFERRED ACTUAL HARM AS A RESULT, LEWIS V CASEY, 518 U.S 343, 353-54 (1996). IN OTHER WORDS, EVEN IF I AM SUCCESSFUL IN OBTAINING RECONSIDERATION, THE ADDITIONAL TIME I SPENT IN CUSTODY DOING SO WOULD SUFFICE. AS TO THE REPEATED ATTACKS UPON MY SIXTH AMENDMENT RIGHT OF SELF-REPRESENTATION, THE MCCASKLE COURT CONCLUDED THAT HARMLESS ERROR DOCTRINE DID NOT APPLY. THAT THE RIGHT IS EITHER HONORED OR IT IS NOT. ACCORDINGLY, BY CONSPIRING WITH LOCAL PROSECUTORS IN THESE VENTURES THE CRIMINAL CASE ITSELF MAY BE SUBJECT TO REVERSAL BECAUSE THE CONDUCT IS PER SE PREJUDICIAL. IT IS UPON THIS PREMISE THAT I NOW PROFFER THIS GRIEVANCE CONCERNING THE DOC FACILITY STAFFS INTERFERENCE WITH MY FIRST AND SIXTH AMENDMENT RIGHTS TO NAVIGATE WITHIN THE COURTS

"EXHIBIT BBB-3"

RESPECTFULLY SUBMITTED,
[signature]
MICHAEL L. MCLAUGHLIN #166227
2.26.18

INMATE COPY

STATE OF ALASKA DEPARTMENT OF CORRECTIONS

# GRIEVANCE SCREENING FORM

**To:**

| | |
|---|---|
| Prisoner's Name: | **McLaughlin, Michael** |
| Offender Number: | **166227** |
| DIO Grievance #: | **WP 18-19** |
| FSO Grievance #: | - |
| Institution: | **Wildwood Correctional Complex** |

| Your grievance is being returned to you for one or more reasons below: | |
|---|---|
| a. | The action or decision being grieved is not a grievable issue as specified in section VI.E. of DOC Policy #808.03. |
| b. | The grievance is not within the institution's or the Department's jurisdiction. |
| c. | The issued grieved was not first addressed informally. |
| d. | This issue was already grieved by the prisoner or by another prisoner and resolved. |
| e. | The grievance was submitted on behalf of another prisoner who is able to file his or her own grievance. |
| f. | The grievance form is not filled out completely. |
| g. | The grievance was not filed within 30 days of the action or incident. |
| h. | The grievance is grieving on action not yet taken. |
| i. | The grievance contains inappropriate use of obscene or profane words. |
| j. | The grievance is factually incredible or clearly devoid of merit. |
| k. | The specific relief sought is unclear. |
| l. XXXX | The grievance raises unrelated issues that should be presented in separate grievances. |
| m. | The grievance is against the Facility Manager, but is not for action taken directly by the Facility Manager. |
| n. | The grievance is on an issue the prisoner is currently litigating in the court system. |
| o. XXXX | The above noted reason (s) for screening your grievance is not self-explanatory. The following written explanation is provided to clarify the above noted screening decision. This grievance consists of multiple statements regarding infringement on Constitutional rights by numerous staff members. No specific incident is addressed which can be satisfactorily answered in a single investigation. Some of the same matters have been brought up in a grievance against the Facility Manager which has been forwarded to the Director of Institutions (WP 18-18). Requested relief is not specific to a complaint and may be taken as flippant and inappropriate for a formal procedure. |

You have two options in response to a screened grievance. (See Policy 808.03.)

1. You can correct the deficiency that caused a grievance to be screened and resubmit the grievance within two working days of receipt of the screening form; or
2. You may appeal the Screened Grievance if you believe the screening decision is incorrect. You must state in writing on the Request for Interview Form (Form 808.11A) why the screening is incorrect, attach it to the grievance and the screening form, and return it to the Facility Standards Officer within two working days after receiving the screening decision.

"EXHIBIT BBB-4"

03/06/2018
Date

J. Howland
Signature of Facility Standards Officer

Distribution: Original to Prisoner Case File
Facility Standards Officer
Prisoner

STATE OF ALASKA

INMATE COPY

DEPARTMENT OF CORRECTIONS

REQUEST FOR INTERVIEW

| Name: | Institution: | Room #: | Date: | ACOMS #: |
|---|---|---|---|---|
| McLaughlin, Michael | WPT 128 | 114 | 3.8.18 | 166227 |

To: FSO Howland

Re: Appeal on Screening Grievance WP18.19

Request: I wish to appeal the attached grievance screening. In doing so I would simply contend that dialogue used by the screening authority demonstrates a clear lack of understanding pertaining to clearly established law surrounding denial/interference with court access claims. This is in fact the sole subject of grievance # WP 18.19 and any confluence between this filing and WP 18.18 (the facility manager grievance) only exists because the rights violations I allege in both are: (1) primarily associated with the subject of court access or rights of self representation, and (2) largely the product of unwritten or unofficial facility policies many of which apply only to me. However, to establish an actionable violation of court access claim specifically a prisoner must show both cause and effect. He must demonstrate (1) that a non-frivolous attack on his charges, conviction, sentence or conditions of confinement was impeded or otherwise frustrated, and (2) that he suffered

Inmate Signature: Sincerely & Respectfully [signature] Date: 3.8.18

harm as a result, Lewis v Casey, 518 U.S. 343, 353-55 (1996). That is a whole separate and distinct allegation

Action Taken: from one which avers that the facility manager routinely permits, promotes and provocates the violation of fundamental constitutional rights of prisoners at this facility (through the application of illicit policies, customs and pratice) where rights of court access and freedom of association in the furtherance of those same fundamental rights are concerned. The fact that the former has components, and those components are being used as evidence to support the latter thus leaving the facility manager, her ranking staff, and her attorneys as co-conspirators in the former, is merely the fortuitous by-product of similar subject matter and a carefully researched set of allegations. As to the relief requested I do concur that the suggestion that staff may be mentally infirm

Employee Signature: Date:

is inappropriate and I, in any event, am unqualified to venture such an assessment, however, where the root cause of this grievance stems from decades long application of unofficial and unwritten

Final Action Taken: facility policies, practices and customs medicine a little stronger than a "memo" is probably approriate thereby making my request for staff retraining approriate. Thank you for receiving my appeal, thank you and God bless — M.J.M. 3/8/18

Employee Signature: Date:

Instructions: Requests must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to by staff in a timely manner.

Distribution: Original to Case Record

Department of Corrections, Form 808.11A
Rev. 4/08




