# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL L. MCLAUGHLIN,

    Plaintiff,

v.

SHANNON S. MCCLOUD, *et al.*,

    Defendants.

Case No. 3:18-cv-00085-SLG

## ORDER RE PENDING MOTIONS

This case was recently assigned to the undersigned judge.[1] Before the Court are three pending motions: Plaintiff's Motion Seeking Entry of a Final Judgment, at Docket 19; Supplemental Prisoner's Application to Waive Prepayment of the Filing Fee, at Docket 36; and Plaintiff's Motion Seeking Clarification Upon the Procedural Ramifications of Opting to Stand as Plead, at Docket 38.

Mr. McLaughlin initiated this case by filing a complaint in March 2018, alleging violations of his civil rights. In September 2018, the Court issued a Screening Order that dismissed Mr. McLaughlin's complaint for failure to state a claim and prosecutorial immunity.[2] On January 9, 2019, Mr. McLaughlin filed a

---

[1] *See* Docket 43.

[2] Docket 7.

First Amended Complaint.³  The Court issued a Second Screening Order with respect to the First Amended Complaint on March 8, 2019, which dismissed the First Amended Compliant for failure to state a claim, "because it fails to provide a short plain description of his allegations," among other reasons.⁴  However, Mr. McLaughlin was given another opportunity to file an amended complaint.  Rather than file an amended complaint, however, on April 9, 2019, Mr. McLaughlin filed a 17-page document entitled "Notice of His Intent to Stand as Pled Within Plaintiff's First Amended Complaint."⁵  In the notice, Mr. McLaughlin takes issue with the district court's Second Screening Order that dismissed without prejudice his Second Amended Complaint, indicating that he "simply does not see any benefit in amending his complaint a third time."⁶  Instead, Mr. McLaughlin indicated it was his intention to pursue an appeal.

In an order filed on May 16, 2019, the district court acknowledged Mr. McLaughlin's notice.  The Court gave Mr. McLaughlin additional time to file an amended complaint, and indicated if Mr. McLaughlin were to still seek a final judgment in lieu of amendment, he could so inform the Court.⁷  After receiving extensions of time until September 30, 2019, on October 3, 2019, Mr. McLaughlin

---

³ Docket 13.

⁴ Docket 15 at 6.

⁵ Docket 16.

⁶ Docket 16 at 14.

⁷ Docket 20.

filed a "Motion Seeking Clarification Upon the Procedural Ramifications of Opting to Stand as Plead," along with a new motion to waive prepayment of the filing fee.[8]

In his "motion to clarify," Mr. McLaughlin again takes issue with the screening orders. He also seeks clarification of three issues: "(1) clarification upon the specific grounds for dismissal as to each of the enumerated counts . . . ," (2) clarification upon dismissal of the state law tort claims . . . ," and "(3) clarification upon this court's apparent refusal and/or non-compliance with Federal Rule of Appellate Procedure 3(d)(1)."[9] In particular, if the state law claims he has attempted to plead are dismissed, Mr. McLaughlin seeks for that dismissal to be without prejudice.

Based on the foregoing, the Court rules as follows:

1. The Motion for Clarification at Docket 38 is DENIED. The Court has already ruled on these questions and provided Mr. McLaughlin its reasoning in multiple orders.[10]

2. The motion seeking entry of a final judgment at Docket 19 is GRANTED. This action is DISMISSED. All of the federal law claims are dismissed with prejudice, for failure to state a claim.[11] All of the state law claims are

---

[8] Dockets 36 & 38.

[9] Docket 38.

[10] *See* Dockets 7, 10, 15, 20, 24, 27, 30, 33, & 42.

[11] Unlike the claims plead in *Hearns v San Bernardino Police Dept.*, 530 F.3d 1124, 1130 (9th Cir. 2008), the claims listed in Mr. McLaughlin's First Amended Complaint do not "clearly identify[] each claim and each Defendant named in a particular claim," despite the explicit instruction from

dismissed without prejudice, as the Court declines to exercise jurisdiction over these claims. The Clerk of Court is directed to enter a final judgment accordingly.

3. The Supplemental Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 36 is GRANTED in order for Mr. McLaughlin to proceed on appeal.

4. Whether the dismissal of this action should count as a "strike" pursuant to 28 U.S.C. § 1915(g) may be determined in the event Mr. McLaughlin files another federal civil court case. *See generally Andrews v. King*, 398 F. 3d 1113, 1121 (9th Cir. 2005).

DATED this 7th day of January, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

the Court that a complaint must do so. The Second Screening order stated, "Each claim should identify (1) the specific harm that Mr. McLaughlin is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim." Docket 15 at 5.